**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | | |
|---|---|---|
| LINDA FAIRSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:20-cv-180 |
| | ) | |
| v. | ) | |
| | ) | |
| NETFLIX, INC., AVA DUVERNAY, | ) | |
| and ATTICA LOCKE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PRETRIAL DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), M.D. Fla. R. 3.05(c), and subparagraph (B) of the Case Management Report filed simultaneously herewith, the parties have agreed on the following pretrial discovery plan:

**A.  FILING AND SERVING DISCOVERY**

The parties agree not to electronically file discovery materials unless provided for in the Local Rules. The parties agree to timely serve discovery requests so that the other side may respond before the discovery deadline. The parties understand the Court may deny as untimely motions to compel filed after the discovery deadline.

**B.  LIMITS ON DISCOVERY**

Without the Court's permission, the parties may take no more than ten (10) depositions per side (not per party) and may serve no more than 25 interrogatories including subparts. The parties may also to stipulate other discovery limits:

√        No additional limits on discovery are needed at this time.

☐        Agree to limit discovery:

- Depositions:
- Interrogatories:
- Document Requests:
- Requests for Admission:
- Supplementation to discovery:

## C.  ELECTRONIC DISCOVERY

The parties have discussed the disclosure in discovery in an electronically stored information ("ESI") and agree that:

☐　　No party anticipates the disclosure or discovery of ESI

√　　One or more parties anticipate the disclosure or discovery of ESI.

### i.　　**The form or forms in which ESI should be produced**

1.　　The parties agree to cooperate with each other in good faith in requesting and producing ESI in the format requested by the requesting party; to the extent it is reasonable and feasible for the producing party to produce the information in such format. To the extent the parties disagree as to the reasonableness or feasibility of producing ESI in the format requested, and the parties are unable to resolve such disagreement despite good faith efforts to do so, the producing party may produce the information requested in the reasonably usable format it deems most cost effective unless ordered by the Court, for good cause shown, to produce the requested information in some other manner or form.

2.　　The parties will work cooperatively and in good faith to avoid the production of duplicative ESI.

ii. **Nature and extent of the contemplated ESI disclosure and discovery, including specifications of the topics for such discovery in the time period for which discovery will be sought.**

1.    The parties anticipate that email and other ESI will likely be responsive to various topics within the scope of discovery.

2.    The parties anticipate that other ESI in the forms of videos and electronic documents in various formats and forms will also likely be responsive to many topics within the scope of discovery.

iii. **Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.**

1.    The production of electronic correspondence (e.g., emails) will include all available header fields (e.g., sender and all recipients whether by blind carbon copy or otherwise, date and time sent, and subject line) and all files attached to each email.

iv. **Sources of ESI within a party's control that should be searched for ESI, and whether either party has ESI that it contends is reasonably accessible under Rule 26(b)(II)(B), and if so the estimated burden or costs of retreating and reviewing that information.**

1.    The parties agree to make a reasonably diligent search of appropriate repositories and custodians of information.

2.    The parties agree to work cooperatively and in good faith to identify proper search terms and proper timeframes for each request for ESI.

3.    Each party will bear their own costs of identifying and producing responsive ESI, subject to unexpected events that may give rise to undue expense.

> **v.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, where the identity of individuals with special knowledge of a party's computer systems.**

1. While undetermined at this time, the parties shall work cooperatively and in good faith to identify any individuals with special knowledge of their respective systems and make them available for conferences to the extent reasonably necessary to facilitate the efficient identification and production of discoverable ESI.

> **vi.  Issues about reserving discoverable ESI.**

1. None are known to the parties at this time.

> **vii.  Assertions of privilege or protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed they must attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order must comply with Local Rules.**

1. The parties agree to negotiate in good faith and enter into a mutually acceptable confidentiality agreement.

2. The parties agree that the inadvertent disclosure of privileged material does not constitute a waiver of any privileges or confidentiality. The parties further agree to promptly surrender any documents or data they receive from another party if a privilege claim is asserted in a reasonably timely manner.  After the producing party learns of any inadvertent disclosure. If there is a disagreement, the producing party to whom inadvertently produced material has been returned will place the documents or data on a privilege log for review by the Court by proper motion. The parties also agree that the receiving party will notify the producing party in a reasonably timely manner if the

receiving party reasonably suspects or believes that the producing party has disclosed or produced privileged information.

> ### viii.   **Whether ESI discovery should be conducted in phases, limited, or focused on certain issues.**

1.   No issues are contemplated by the parties at this time.

### D.  DISCLOSURE OF EXPERT TESTIMONY

The parties understand that expert testimony under direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert reports. Failure to disclose this information may cause the Court to exclude all or part of the expert witnesses' testimony. Further, on or before the date set forth in the Case Management Report for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). The parties further agree that the disclosure of each expert report will be accompanied by the disclosure of at least three dates of availability for the expert to be deposed.

### E.  MOTIONS TO FILE UNDER SEAL AND CONFIDENTIALITY AGREEMENTS

The parties understand whether documents may be filed under seal is a separate issue from whether the parties agree to produce confidential documents. The Court is a public forum and strongly disfavors motions to file under seal. A Court will permit the parties to file under seal only on a finding of extraordinary circumstances and particularized need. A motion to file under seal must comply with the Local Rules. And any such motion, whether granted or denied, will remain in the public record.

The parties may designate materials as confidential without the Court endorsing any confidentiality agreement. A Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality

agreements per the Local Rules. Each confidentiality agreement must provide (or will be deemed to provide) that no party may file a document under seal without a Court Order.

Date:  July 27, 2020

Signature of Counsel (per Local Rule 1.05) and Unrepresented Parties:

By: /s/  KIMBERLY D. SWANSON

**CHEFFY PASSIDOMO, P.A.**
Edward K. Cheffy
Florida Bar No. 393649
Rachael S. Loukonen
Florida Bar No. 668435
Kimberly D. Swanson
Florida Bar No. 1018219
821 Fifth Avenue South
Naples, FL 34102
(239) 261-9300
ekcheffy@napleslaw.com
rloukonen@napleslaw.com
kdswanson@napleslaw.com

*Attorneys for Linda Fairstein*

and,

**NESENOFF & MILTENBERG, LLP363**
Andrew T. Miltenberg
Kara L. Gorycki
Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com
*Admitted Pro Hac Vice*

*Attorneys for Linda Fairstein*

By: /s/ KELLEY GERAGHTY PRICE

**DENTONS COHEN & GRIGSBY P.C.**
Kelley Geraghty Price
Florida Bar No. 889539
Mercato – Suite 6200
9110 Strada Place
Naples, FL 34108
(239)390-1913
kelley.price@dentons.com
eric.olson@dentons.com

*Attorneys for Netflix, Inc., Ava Duvernay and Attica Locke*

and,

**DENTONS US LLP**
Natalie J. Spears
Gregory R. Naron
Jacqueline A. Giannini
233 South Wacker Dr., Suite 5900
Chicago, IL 60606
(312)876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com
jacqui.giannini@dentons.com
*Admitted Pro Hac Vice*

*Attorneys for Netflix, Inc., Ava Duvernay and Attica Locke*

and,

**DENTONS US LLP**
Kiran Patel
1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700
kiran.patel@dentons.com
*Admitted Pro Hac Vice*

*Attorneys for Netflix, Inc., Ava Duvernay and Attica Locke*