UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA FAIRSTEIN,

        Plaintiff,

v.                                      Case No.:  2:20-cv-180-FtM-66MRM

NETFLIX, INC., AVA DUVERNAY
and ATTICA LOCKE,

        Defendants.

_____/

**CASE MANAGEMENT AND SCHEDULING ORDER**

Having considered the parties' agreed dates and discovery plan, the Court enters this Case Management and Scheduling Order, **which modifies the Middle District of Florida Local Rules**:

| DEADLINE | DATE |
|---|---|
| **Corporate Disclosure Statements** | Plaintiff filed on N/A <br> Defendant filed on 5/7/2020 |
| **Rule 26(a)(1) Initial Disclosures** | ☐ Exchanged <br> ☒ To be exchanged within 14 days after the court rules on the currently pending dispositive motions. |
| **Motions to Add Parties or Amend Pleadings** | 9/24/2020 |
| **Disclosure of Expert Reports** | Plaintiff:  10/15/2021 <br> Defendant (includes rebuttal):  11/15/2021 <br> Plaintiff Rebuttal: 12/15/2021 |
| **Discovery** | 1/14/2022 |
| **Dispositive and *Daubert* Motions** | 2/15/2022 |

1

| DEADLINE | DATE |
|---|---|
| **Meeting in Person to Prepare Joint Final Pretrial Statement** | 5/16/2022 |
| **Motions in Limine** | 6/11/2022 |
| **Joint Final Pretrial Statement and Trial Briefs** | 6/14/2022 |
| **Final Pretrial Conference** | 6/24/2022<br>1:30 PM<br>Judge John L. Badalamenti |
| **Monthly Trial Term** | 7/5/022 |
| **Estimated Length of Trial** | 10         days |
| **Jury or Non-Jury** | Jury |
| **Mediation** | Deadline:  1/31/2022<br>Mediator: ***The parties must file an appropriate notice selecting a mediator within fourteen (14) days of the date of this Order.*** |

### A.  Compliance

Counsel and all parties (represented and *pro se*) must comply fully with this Scheduling Order.  Motions to extend the above deadlines are **disfavored**.  Deadlines may be modified only for good cause and with the judge's consent.  Also, filing a motion to extend a deadline does not toll the time to comply with other deadlines set by rule or court order.

All counsel and parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, except as modified herein, the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, the United States District Court for the Middle District Florida's Administrative Procedures for Electronic Filing, the Florida Bar Professionalism Expectations, and the Florida Bar Trial Lawyers Section's Guidelines for Professional Conduct.

### B.  Consent to Magistrate Judge

At any time during this case, the parties may consent to proceed before the assigned Magistrate Judge to conduct some or all proceedings (including specified

motions and trial) and enter final judgment by filing the appropriate form.  A party may withhold consent without adverse consequences.  In consent cases, a party may appeal the Magistrate Judge's final judgment to the Eleventh Circuit just like an appeal from the district court.

**C. Motions**

1. *Certification Under Local Rule 3.01(g):*  The parties are reminded of Local Rule 3.01(g)'s certification requirement to confer with the opposing party in a good-faith effort to resolve issue(s) before filing most motions.  Failure to comply with the rule may cause the Court to deny or strike the motion.

   The term "confer" requires a substantive conversation in person, by telephone, or via videoconference.  It does not envision an exchange of ultimatums by email or letter.  Counsel who merely tries to confer has not "conferred."  And telling the Court that opposing counsel was unavailable for a conference does not satisfy the obligation to confer.

   Although Local Rule 3.01(g) does not require a certificate for a **motion to dismiss** for failure to state a claim upon which relief can be granted or a **motion for more definite statement**, the Court expects the parties to confer in an attempt to resolve the pleading issues by stipulated leave to amend or otherwise, and, if relevant, to explain in the motion the extent of the opposition.

2. *Motions for Summary Judgment*

   a. <u>Number of Motions</u>: Only **one** motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court.

   b. <u>Required Materials</u>*:* A motion for summary judgment must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed **25 pages** in length.  The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs.  Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact.  **Failure to submit a statement of material facts constitutes grounds to deny the motion.**

   An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed **25 pages** in length.  The opposing party's response to statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs.  Each denial must set forth a **pinpoint** citation to

3

the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**

The movant may file a reply brief not to exceed **7 pages** in length with **pinpoint** citations to the record within **7 days** after service of the response unless the Court directs otherwise. Given the restriction on the context of a reply, any motion for a sur-reply is disfavored and should be requested only in exceptional circumstances.

When citing to the record, the parties should first use any CM/ECF designated document number and page number throughout the briefs. Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief. Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included. For example, a general reference to "Deposition of Jones" is insufficient.

   c. <u>Deposition Transcripts as Exhibits</u>*:* If depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (condensed version is fine) with exhibits.

   d. <u>Exhibit Index</u>*:* A motion for summary judgment or a response with exhibits totaling over 10 pages must include an index to the exhibits that lists the exhibit number and title of the exhibit. Counsel must file the index as the **last** attachment to the parent document. *See* "Exhibit Index" below for a sample exhibit index.

   e. <u>Oral Argument</u>*:* Unless specifically ordered, the Court will not hold a hearing on any motion for summary judgment.

3. *Exhibit Index **(required only for cases assigned to Judge Chappell)***

   a. For **all motions** before Judge Chappell, counsel filing any motion with exhibits totaling over 10 pages must create an index to the exhibits, including the exhibit number and title of the exhibit. File the index as the **last** attachment to the parent document. Below is a sample exhibit index:

| Number | Title |
|---|---|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Contract Between XYZ Company and ABC Company (Part 1, Pages 1-15) |
| 3-B | Contract Between XYZ Company and ABC Company (Part 2, Pages 16-24) |
| 4 | XYZ Company General Ledgers |

**D. Mediation**

1. *Referral:* The assigned District Judge refers this case to mandatory mediation. All parties must attend mediation **in a good faith effort** to resolve this suit. Participants must be prepared to spend as much time as needed at mediation. Only the mediator may declare an impasse or end the mediation.

2. *Deadline*: The parties must complete mediation on or before the deadline in the above table. Despite Local Rule 9.05(d), neither the mediator nor the parties can continue the mediation conference beyond the deadline.

3. *Settlement and Report of Mediator*: Within **5 days** of the mediation conference ending, the mediator must file a mediation report stating whether all required parties were present, whether the case settled or impasse was declared, and, if applicable, whether any party or attorney did not act in good faith at the conference.

**E. Final Pretrial Procedures**

1. *Meeting in Person*: By the above deadline, lead trial counsel and any unrepresented party must meet in person in a good-faith effort to:

   a. discuss the possibility of settlement. The parties must exhaustively discuss settling before completing this Order's final trial preparations;

   b. stipulate to as many facts and issues as possible. The parties must make a meaningful effort to stipulate to facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested. Parties who have complied with this requirement in good-faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

   c. examine all individual and joint exhibits and Local Rule 5.04 exhibit

      substitutes or documents and other items of tangible evidence to be offered by the parties at trial.  The parties should also prepare and exchange a final exhibit list bearing a description identifying each exhibit and sponsoring witness.  Without good cause, the Court will not receive in evidence over objection any exhibits, including charts, diagrams, and demonstrative evidence, not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting, or not listed in the joint final pretrial statement;

    d. exchange the names and addresses of all witnesses, and state whether they will likely be called; and

    e. prepare a Joint Final Pretrial Statement.

2. *Joint Final Pretrial Statement*:  By the above deadline, each lead trial counsel and any unrepresented party must jointly file a "Joint Final Pretrial Statement" that conforms to this Order and Local Rule 3.06(c).  The Final Pretrial Statement must include joint-proposed jury instructions and verdict form, case-specific voir dire questions, witness lists, exhibit lists, electronic exhibits binders, and deposition designations.

   The Court will strike pretrial statements that are unilateral, partly executed, or otherwise incomplete. Inadequate stipulations of fact and law may also be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings.  At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial.  *See* M.D. Fla. R. 3.06(e); Fed. R. Civ. P. 16(e).

3. *Joint-Proposed Jury Instructions and Verdict Form:*  For jury trials, the parties must electronically file and email to the assigned District Judge's Chambers inbox (in Microsoft Word® format) a single set of proposed jury instructions and a verdict form based on the Eleventh Circuit's pattern Jury Instructions.  If a pattern instruction is unavailable, the parties must submit a joint-proposed instruction and supporting case law for that instruction.  A party may include a contested charge at an appropriate place in the joint-proposed jury instructions.  Any contested charge must designate the requesting party, cite authority for its inclusion, and summarize the opposing party's objection.  The Court will deny slanted proposed instructions.

4. *Depositions*:  At the meeting in person to prepare the final pretrial statement, the parties must agree on and specify in the Joint Final Pretrial Statement the pages and lines of each deposition (unless used solely for impeachment) to be published at trial.  The parties must include a page-and-line description of any testimony that remains in dispute with argument and authority for each party's position.  The parties must also submit edited and marked electronic copies (for the portion offered by each party) of any depositions or deposition excerpts to be

offered in evidence. Edited and marked electronic copies must also be emailed to assigned District Judge's Chambers inbox before the final pretrial conference.

5. *Case-Specific Proposed Voir Dire Questions*: For jury trials, the parties must jointly file proposed voir dire questions **specific** to the case for the Court's consideration. Proposed questions must also be emailed in Microsoft Word® format to the assigned District Judge's Chambers inbox.

6. *Witness Lists:* Each party must electronically file and email (in Microsoft Word® format) to the assigned District Judge's Chambers inbox a list of all witnesses who may be called at trial by the Joint Final Pretrial Statement deadline listed above. And on the morning of trial before jury selection, each party must give the Courtroom Deputy Clerk 3 copies of their final witness lists.

   Each party must use the Civil Witness List form found on the Court's website. When filling out the form, counsel may ignore the column titled, "Date(s) Testified," which is for the Court's use only. Unlisted witnesses may not testify at trial absent good cause. This restriction does not apply to true rebuttal witnesses, i.e., witnesses whose testimony could not have been reasonably foreseen as necessary. Records custodians may be listed, but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. Finally, the Court encourages stipulations of fact to avoid calling unnecessary witnesses.

7. *Exhibit Lists and Exhibits:* Each party must electronically file and email (in Microsoft Word® format) to the assigned District Judge's Chambers inbox a list of exhibits that may be introduced at trial by the Joint Final Pretrial Statement deadline listed above. And on the morning of trial before jury selection, each party must give the Courtroom Deputy Clerk 3 copies of their final exhibit lists.

   Each party must use the Exhibit List form on the Court's website. When filling out the form, counsel must provide a descriptive notation that identifies each exhibit. The Court will not receive unlisted exhibits into evidence at trial unless needed to further justice.

   Counsel must submit all stipulated exhibits as joint exhibits to avoid duplicate exhibits and confusion in the record. Counsel must identify joint exhibits on a single exhibit list rather than separately list the joint exhibits on their individual exhibit lists. For example, if a photograph is being stipulated into evidence, it should be marked as a joint exhibit and not listed separately on each party's witness lists. Each party's individual exhibit list should include only exhibits to which objections have been asserted.

   When offering into evidence a document larger or smaller than 8.5"x11", counsel must also offer an 8.5"x11" reduction or enlargement of the exhibit. Counsel will be deemed to have stipulated to the substitution of the photographs or

8.5"x11" reduction/enlargement of exhibits in the record on appeal, unless otherwise ordered by the Court. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement.

8. *Marking Exhibits*:  **Before trial**, counsel for each party must mark exhibits using the exhibit tags found on the Court's website.  Counsel must staple the appropriate colored, party-specific exhibit tag to the upper right corner of the first page and use consecutive numbers to mark exhibits.  Direct questions about the exhibit lists and tags to the Courtroom Deputy Clerk.

9. *Electronic Exhibit Binder* **(required only for cases assigned to Judge Chappell)**:  By the final pretrial conference, counsel for each party must email Judge Chappell an electronic exhibit binder that contains all individual and joint exhibits to be introduced at trial.  The electronic exhibit binder is for Judge Chappell's use and replaces a hardcopy exhibit binder traditionally submitted.  Because the electronic exhibit binder is for Judge Chappell to use during trial, counsel must still bring paper copies of all exhibits that may be introduced at trial.

    To make the electronic exhibit binder, each separate exhibit must be saved as a PDF document and then combined with the other exhibits into a single PDF file.  The single PDF file is the electronic exhibit binder.  Within the single PDF file, counsel must identify each exhibit separately using PDF bookmarks.  If an exhibit is physical evidence, counsel should insert a placeholder exhibit that states, "Exhibit [Number] is [description of exhibit]."  When possible, counsel should text recognize any exhibit for the electronic exhibit binder.

    The electronic exhibit binder must be emailed to the Judge Chappell's Chambers inbox.  If the file is too large to email, counsel should provide the Court with a single CD or DVD of the binder.  Any party unable to comply with this requirement must immediately contact the Courtroom Deputy Clerk.

10. *Trial Briefs*:  For bench trials only, each party must file and serve a trial brief with proposed findings of fact and conclusions of law by the date set above.

11. *Courtroom Technology:*  The Court requires counsel to use the courtroom technology and expects them to use the equipment before any trial or hearing.  Parties should contact the Courtroom Deputy Clerk to test and learn the equipment well in advance of proceedings.

## F. Final Pretrial Conference

1. *Attendance*:  Lead trial counsel and local counsel for each party and any unrepresented party must attend the final pretrial conference **in person** unless excused by the Court.

   2. *Substance of Final Pretrial Conference:*  Counsel and unrepresented parties must be prepared and authorized to accomplish the purposes in Federal Rule of Civil Procedure 16 and Local Rule 3.06, including simplifying the issues, eliminating baseless claims or defenses, admitting facts and documents to avoid unnecessary proof, stipulating to the authenticity of documents, obtaining advance rulings on the admissibility of evidence, settlement, and use of special procedures to help resolve the dispute, disposing of pending motions, establishing a reasonable limit on the time allowed for presenting evidence, and other matters to facilitate the just, speedy, and inexpensive disposition of the case.

**G. Trial**

   1. *Monthly Trial Term and Trial Calendar:*  This case is set for a monthly trial term. A date certain for trial will not be granted absent exceptional circumstances. During the assigned trial term, counsel, parties, and witnesses must be prepared to proceed to trial within twenty-four hours of notice. **In consent cases, trials before the magistrate judge will be set for a date certain.**

      A trial calendar will be distributed about one week before the trial term starts. Cases will be listed in the order in which they will be tried, although cases may be called out of order.  Generally, criminal cases are tried first, followed by civil jury trials, and then civil non-jury trials. Cases not reached during the trial term will be rolled to the next month's trial term after all criminal cases.

   2. *Reassigning Trial to Another District Judge*:  The presiding District Judge may reassign this case to any other consenting district judge to try the case.

   3. *Resting at Trial:*  Absent showing good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, that party has no further evidence or witnesses available.

   4. *Settlement*:  Counsel must **immediately** notify the Court if the case settles. After the Court issues the trial calendar, the parties must **immediately** tell the Court of any development that may affect trial.  The Court will assess jury costs to the parties if they fail to inform it of settlement before the jury is called. Regardless of the status of settlement negotiations, the parties must appear for all scheduled hearings, the final pretrial conference, and trial.

**H. Sanctions**

   A party who does not comply with the preceding paragraphs may be subject to sanctions including reasonable attorneys' fees and costs, striking of pleadings, entry of default, dismissal, and a finding of contempt of court.  *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; M.D. Fla. R. 9.05(c), (e).

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of August 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies to:  All Parties of Record