**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINDA FAIRSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-8042 (PKC) |
| v. | ) |
| | ) Judge P. Kevin Castel |
| NETFLIX, INC., AVA DUVERNAY, and | ) |
| ATTICA LOCKE, | ) |
| | ) |
| Defendants. | ) |

**APPENDIX OF ADDITIONAL EXHIBITS**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I.       PUBLIC RECORDS FROM NYC-CPJ WEBSITE[1]

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 1 | Linda Fairstein, Stmt. for Pub. Safety Comm. of N.Y.C. Council (Jan. 30. 2003), NYCLD_039826. | • Motion at 7-8: Fairstein's statements of her view that the Five were involved in the attack on the jogger and guilty of rape (NYCLD_039829, 0398430, 039832) and her use of the term "wilding" (NYCLD_039832).<br>• Motion at 17: Fairstein's statement of her view that the police work on the 1989 investigation was "brilliant" (NYCLD_039832) and her statement defending the prosecution's "timeline" as supporting the guilt of the Five as participating in the rape of the Jogger (NYCLD_039830, 039835).<br>• Motion at 26: Fairstein's use of the term "wilding" (NYCLD_039827, 039832, 039835-36). | (1) Admissions by Plaintiff in record from official repository of public records incorporated in Complaint and relied upon by Plaintiff in bringing suit (*see, e.g., Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000)); (2) public records subject to judicial notice for contents — *i.e.*, for what Plaintiff has publicly stated about her views of the investigation, prosecution and evidence, and for language used by Plaintiff to describe the Five (*see, e.g., Marom v. Pierot*, 2020 WL 6572509, *10 (S.D.N.Y. Aug. 30, 2020); *Barbash v. STX Finan.*, 2020 WL 6586155, *2 (S.D.N.Y. Nov. 10, 2020); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio,* 364 F. Supp. 3d 253, 262-64  (S.D.N.Y. 2019)). |

---

[1] Highlights (in yellow and red outline) added to documents for reference to matters cited therein.

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 2 | July 15, 2002 letter from L. Fairstein to J. Kindler, NYCLD_039818. | • Motion at 5 and 23, n. 20: Fairstein's statements regarding her role in the 1989 investigation (NYCLD_039818). | See #1. |
| 3 | Jan. 4, 2010 letter from L. Fairstein to R. Morgenthau, NYCLD_039803. | • Motion at 5: Fairstein's statement that she spent 32 hours at the stationhouse during the initial investigation (NYCLD_039803). | See #1. |
| 4 | Excerpts from Deposition of Linda Fairstein, NYCLD_038925 - 039242. | • Motion at 5: Fairstein's testimony regarding her role in the prosecution (NYCLD_038925-28). | (1) Public record specifically referenced and relied upon in Complaint (fns. 24, 26, 34, 49, 55, 67, 77, and 91) and taken from official repository of public records incorporated in Complaint and relied upon by Plaintiff in bringing suit (*see, e.g., Rothman v. Gregor*); (2) admission and statements of Plaintiff from public record subject to judicial notice (*see Marom v. Pierot*, 2020 WL 6572509, *10 (S.D.N.Y. Aug. 30, 2020)). |

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 5 | N. Ryan, Affirmation in Response to Motion to Vacate Judgment of Conviction, NYCLD_030681 - 030714. | • Motion at 6-7: Notice of public record stating D.A.'s finding that Matias Reyes was solely responsible for the rape and that evidence was inconsistent with the Five's involvement in the attack. (NYCLD_030706 - 030714.) | (1) Public record specifically referenced and relied upon in Complaint (¶ 93 & fn. 56) and taken from official repository of public records incorporated in Complaint and relied upon by Plaintiff in bringing suit (*see, e.g., Rothman v. Gregor*); (2) public record subject to judicial notice for its contents — *i.e.*, for what the Manhattan D.A.'s Office publicly stated to the Court in requesting the Five's convictions be vacated. |
| 6 | People's Summation in *McCray, et al*. Trial, NYCLD_014818 - 014820. | • Motion at 6: Notice of public record of prosecution's "sixth rapist" theory of the case. | (1) Public record taken from official repository of public records incorporated in Complaint and relied upon by Plaintiff in bringing suit (*see, e.g., Rothman v. Gregor*); (2) public record subject to judicial notice for its contents — *i.e.*, for what prosecutors in Plaintiff's Unit publicly stated in prosecution of Five at trial. |

## II.      PUBLICATIONS AUTHORED BY PLAINTIFF

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 7 | Linda Fairstein, *Netflix's False Story of the Central Park Five*, WALL ST. JOUR. (June 10, 2019). | • Motion at 9 and 26: Fairstein's 2019 statement that the Five were properly charged "as accomplices, as persons 'acting in concert'" with "the then-unknown man who raped the jogger," Matias Reyes (Pg. 3). | (1) Document specifically referenced and relied upon in Complaint (fn. 131 citing this article) and (2) subject to judicial notice for its contents — *i.e.,* for Plaintiff's publicly stated views as to the 1989-90 investigation/prosecution and of the guilt of the Five for rape, including language she used to describe the Five (*see, e.g., Christa McAuliffe Intermediate Sch.*, 364 F. Supp. 3d at 262-64 (judicial notice of fact that parties "made the statements attributed to them" in press release, article, and interview); *Barbash*, 2020 WL 6586155 at *2 (judicial notice of plaintiff's "published memoir")). |
| 8 | Linda Fairstein, In defense of The Central Park 5 Prosecution, New York Law Jour. /Law.com (July 31, 2018). | • Motion at 9, n. 6: Fairstein's 2018 statement that the Five's "confessions were not coerced" and that the Five were "convicted on the theory that the missing attacker, who had run with the crowd of 32 young men who rioted in the park, had not yet been caught." | Subject to judicial notice for its contents, *i.e.,* for Plaintiff's publicly stated views as to the 1989-90 investigation/prosecution and of the guilt of the Five for rape, including language she used to describe them.  See #7. |

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 9 | Linda Fairstein, *It is a season to be fearful*, DAILY NEWS (Apr. 19, 1994). | • Motion at 8 and 26: Fairstein's use of the phrase "'wilding' teens" to describe the Five. | See #8. |
| 10 | Linda Fairstein, *Sexual Violence:  Our War Against Rape* (New York:  Wm. Morrow & Co. 1993) (excerpts). | • Motion at 8: Plaintiff's statement that she has "personally tried or been involved in" the Central Park Jogger case (book jacket).<br>• Motion at 26: Plaintiff's reference to the Five as "a series of vicious marauders" (Pg. 203). | (1) Document specifically referenced and relied upon in Complaint (Compl. ¶ 35 citing book) and (2) subject to judicial notice for its contents, including Plaintiff's language used to describe the Five.  See #7. |

### III.   STATEMENTS BY PLAINTIFF IN PUBLICATIONS AND BROADCASTS

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 11 | "Linda Fairstein discusses her book and the New York Jogger muggings," Imus in the Morning, June 20, 2014.[2] | • Motion at 9, n. 7: Fairstein's 2014 statement that "I think that these men were participants in the attack on the jogger as charged." | Subject to judicial notice not for the truth (that the Five are guilty) but for contents — *i.e.*, for Plaintiff's publicly stated views regarding the 1989-90 investigation/ prosecution and guilt of the Five for rape. *See also Muhlhahn v. Goldman*, 93 A.D.3d 418, 419 (1st Dep't 2012) (admission in taped interview). |
| 12 | Sean Piccoli and Michael Gold, *After Furor, Literary Group Withdraws Honor for 'Central Park Five' Prosecutor,* N.Y. TIMES (Nov. 28. 2018). | • Motion at 9, n. 6: Reference to Fairstein's New York Law Journal op-ed and her statement that "[t]he confessions were not coerced." | (1) Document specifically referenced and relied upon in Complaint (fn. 109, citing this article) and (2) subject to judicial notice not for the truth (that the Five are guilty) but for contents — *i.e.*, for Plaintiff's publicly stated views regarding the 1989-90 investigation/prosecution and guilt of the Five for rape (*see, e.g., Barbash*, 2020 WL 6586155 at *2 ). |

---

[2] Available at https://video.foxbusiness.com/v/3633082806001/#sp=show-clips.

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 13 | Jeffrey Toobin, *A Prosecutor Speaks Up*, THE NEW YORKER (Nov. 25, 2002). | • Motion at 8, n. 5: Fairstein's statement in interview to The New Yorker that she "'was there to be the eight-hundred-pound gorilla, to help Elizabeth and the cops get the resources they needed'" during the investigation and her view that "'Reyes ran with that pack of kids. He stayed longer when the others moved on. He completed the assault. I don't think there is a question in the minds of anyone present during the interrogation process that these five men were participants, not only in the other attacks that night but in the attack on the jogger.'" | Subject to judicial notice as "news articles discussing the conduct raised in the complaint," *Nguyen v. New Link Genetics Corp.*, 297 F. Supp. 3d 472, 482 (S.D.N.Y. 2018), and as attributing statements to Plaintiff that are consistent with her views expressed in her publicly available Statement for Pub. Safety Comm. of N.Y.C. Council (Appx. Ex. 1) made around the same time. |
| 14 | Jim Dwyer and Kevin Flynn, *New Light on Jogger's Rape Calls Evidence Into Question*, N.Y. TIMES (Dec. 1, 2002). | • Motion at 8, n. 5: "Linda Fairstein, the chief of the Sex Crimes Unit -- who oversaw the prosecution when she was a member of the district attorney's office -- continue[s] to hold that the teenagers managed to have some contact with the jogger, and perhaps ran the jogger off the path, starting the assault that Mr. Reyes finished." | See #13. |

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 15 | *Key prosecutor: No regrets in Central Park attack convictions*, ASSOCIATED PRESS (Nov. 24, 2002). | • Motion at 8, n. 5: Quoting Fairstein's statement to The New Yorker that "'I don't think there's a question in the minds of anyone present during the interrogation process that these five men were participants' in the rape and beating[.]" | See #13. |
| 16 | Dave Goldiner, *5 'Absolutely' Guilty: Prosecutor has no regrets in jogger rape convictions,* DAILY NEWS (Nov. 25, 2002). | • Motion at 8, n. 5: Fairstein's statements to the Daily News that the Five "were part of 'the pack that saw the jogger, attacked her with a pipe and began to physically assault her as well as sexually assault her,'" and that "she still counts the jogger case as one of the high points of her distinguished career." | See #13. |

## IV.   OTHER PUBLICATIONS ABOUT  PLAINTIFF AND THE CENTRAL PARK JOGGER CASE

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 17 | Benjamin Smith, *The Practitioner*, LEGAL AFFAIRS (Sept.-Oct. 2003) | • Motion at 28, n. 24: Notice of Fairstein's use of the term "thug" to describe a white defendant (pg. 6) and her views on the Five's involvement in the rape (pg. 7). | News articles about Plaintiff part of the "public record" subject to judicial notice  for contents — *i.e.*, Plaintiff's use of harsh language and stated views of the Five's guilt were common knowledge before Series was published (*see, e.g., Barbash*, 2020 WL 6586155 at *2; *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 351, 354 & n. 3 (S.D.N.Y. 1998)). |
| 18 | Timothy Sullivan, *Unequal Verdicts:  The Central Park Jogger Trials* (New York: Am. Lawyer Books 1992) (excerpts) | • Motion at 15, n. 15: Describing "turf war" between Fairstein and Ryan over assignment of jogger case (pg. 21). | News article about Plaintiff part of the "public record" subject to judicial notice not for the truth (that there was a "turf war") but for contents — *i.e.*, consistent with Plaintiff's own written statement (see #2 above), and was publicly reported that there was a "turf war" over case before Series was published (*e.g., Barbash*, 2020 WL 6586155 at *2). |

| Exhibit No. | Title of Document | Material to Be Considered | Grounds for Consideration on Motion to Dismiss |
|---|---|---|---|
| 19 | Statements of Mayor de Blasio and Zachary W. Carter (Corporation counsel) on Central Park Five Settlement (Sept. 5, 2014). | • Motion at 7, n. 4: Notice of City's view of the vacation of the Five's convictions for rape. | (1) Document specifically referenced and relied upon in Complaint (fn. 1) and (2) subject to judicial notice for contents — *i.e.,* for what City publicly stated in press release about decision to vacate convictions of the Five (see *Christa McAuliffe Intermediate Sch.*, 364 F. Supp. 3d at 262-64). |