IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA FAIRSTEIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-8042 (PKC) |
| | ) |
| v. | ) Judge P. Kevin Castel |
| | ) |
| NETFLIX, INC., AVA DUVERNAY, and ATTICA LOCKE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Linda Fairstein ("Plaintiff") and Defendants Netflix, Inc., Ava DuVernay and Attica Locke (collectively "Defendants"), by and through their respective counsel of record in the above-captioned matter, hereby stipulate to the entry of this Stipulated Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1):

1. **PURPOSES AND LIMITATIONS**

The Parties acknowledge and agree that all documents and information produced and received in this action shall be used solely for purposes of the above-captioned litigation. The Parties acknowledge that disclosure and discovery activity in this litigation is likely to include production of confidential, proprietary, or private information for which special protection from public disclosure during discovery and from use for any purpose other than prosecuting this litigation may be warranted. Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that have been and may be exchanged and/or produced in this case during discovery. The Parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles during the discovery process.

**2.** **DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**2.1** **Party.** Any party to this action, including that party's counsel, employees, agents, consultants, and retained experts.

**2.2** **Non-Party.** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.3** **Discovery Material.** All items or information regardless of the medium or manner generated, stored or maintained (including, among other things, statements, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party subpoenas) or other requests for documentation in this matter.

**2.4** **"CONFIDENTIAL Information".** "Confidential Information" shall mean any non-public information, produced during the Discovery Process, deserving protection under Federal Rule of Civil Procedure 26(c) because the Producing Party in good faith reasonably believes that the documents or information so designated constitute: (a) non-public information that reveals trade secrets or that is proprietary or commercially sensitive business or financial information; (b) private or medical information concerning any individual; (c) personal income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and (d) information prohibited from disclosure by statute. "Confidential Information" does not include any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication

not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

      **2.5**      **Receiving Party.** A Party or Non-Party that receives Discovery Material from a Producing Party.

      **2.6**      **Producing Party.** A Party or Non-Party that produces Discovery Material in this case.

      **2.7**      **Designating Party.** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" Information.

      **2.8**      **Protected Material.** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" Information.

      **2.9**      **Expert or Consultant.** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or her/its counsel to serve as an expert witness or as a consultant in this action.

**3.**      <u>**SCOPE**</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in this litigation or in other settings that might reveal Protected Material. The protections conferred by this Order apply with equal force to those responding to third-party discovery.  To the extent that any party wishes to maintain the Confidentiality of any documents or information that it intends to utilize, or present, at trial, said party shall make a motion to the Court fourteen (14) days prior to the Final Pretrial Submission Date. The Parties shall meet and

confer on this issue twenty-one (21) days prior to the Final Pretrial Submission Date. To the extent the Parties can reach an agreement on this issue they will submit a joint motion to the Court.

Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege or the attorney work-product doctrine, any other applicable privilege, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

Nothing in this Order shall restrict or prevent any Party from disclosing or otherwise using its own documents and information.

**4.     DURATION**

This Order shall apply from the time it is entered, and shall survive the termination of this litigation. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of

material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not placed unjustifiably within the scope of this Order.

**5.2** **Manner and Timing of Designations.** The designation of Protected Material shall be performed in the following manner:

(a) For information in written form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.

(b) For testimony given in deposition or in other pre-trial proceedings, testimony transcripts, testimony exhibits, and video recordings shall be treated as CONFIDENTIAL for thirty (30) days after receipt of the final transcript to allow time for designation of Protected Material. The Designating Party shall designate and specify any portions of the testimony that qualify as "CONFIDENTIAL" in writing to all parties. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements.

(c) For information produced in some form other than in writing, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

**5.3** **Inadvertent Failure to Designate or Disclosure.** Pursuant to Fed. R. Evid. 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Additionally, the parties recognize the possibility of inadvertent production of materials to which a Party or Non-Party may make a claim of privilege or of protection from discovery as trial preparation material. The inadvertent production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection. The Receiving Party, on timely notification of the inadvertent production, shall make reasonable efforts to assure that the material is destroyed or returned to the Producing Party.

**6. CHALLENGING OTHER PARTY'S DESIGNATION**

**6.1** **Timing of Challenges.** Any Party may challenge a designation of confidentiality at any time through the conclusion of expert discovery. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** **Meet and Confer.** If a Party contends that any material is not entitled to "CONFIDENTIAL" treatment, such Party shall give written notice to the Party or Non-Party who designated the material as "CONFIDENTIAL". The parties shall first try to resolve such dispute

in good faith on an informal basis within fourteen (14) days of service of the written notice described above.

6.3     **Judicial Intervention.** If the dispute cannot be resolved within fourteen (14) days of the written notice described above, the Party or Non-Party who challenges the designation of "CONFIDENTIAL" shall have twenty-eight (28) days from the Producing Party's receipt of such written notice to move the Court for an order removing the "CONFIDENTIAL" designation from the material. Each such motion should include a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion within 28 days shall automatically waive its right at a later time to challenge the confidentiality designation for each challenged designation. The material shall continue to be treated as "CONFIDENTIAL" until that motion is decided by the Court.

6.4     **Burden.** In all cases in which judicial intervention is sought for an order removing the "CONFIDENTIAL" designation from any material so designated, the Designating Party shall have the burden of persuasion to demonstrate that the material designated as "CONFIDENTIAL" is deserving of that designation under this Protective Order, the Federal Rules of Civil Procedure, or other applicable law. The designation of particular material as "CONFIDENTIAL" does not create any presumption that the material so designated is in fact deserving of such protection, nor does it limit the Challenging Party's ability to argue that any confidentiality protections have been forfeited by waiver or for any other reason.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     **Basic Principles.** A Receiving Party may only use Protected Material that is disclosed or produced by a Party or Non-Party in connection with this case for prosecuting or

defending this litigation. Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Section 11 below. Counsel for a Receiving Party which provides Protected Material to a permitted person specified below shall maintain a copy of the signed Exhibit A ("Acknowledgment and Agreement to Be Bound").

**7.2    Persons to Whom "CONFIDENTIAL" Information May Be Disclosed.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Material designated as "CONFIDENTIAL" by a Designating Party may be disclosed only to the following persons:

(a)    "Outside Counsel," which shall specifically be defined as attorneys, paralegals, and their staff who are employed by or members of the law firms currently retained by the parties to this action and all independent persons, companies or agencies that are directly engaged by Outside Counsel to perform litigation support services under the supervision of such counsel whose duties and responsibilities require access to the CONFIDENTIAL Information or Items.

(b)    "In-House Counsel," which shall be defined as attorneys who are employees of a Party and all independent companies or agencies that are directly engaged by inside counsel to perform litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of such counsel and managers and others charged with making strategic decisions, including regarding settlement, whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items, and only after execution of Exhibit A hereto by that person;

(c) The Receiving Party (where the party is a natural person), or officers, directors, employees and agents of the Receiving Party to whom disclosure is reasonably necessary for this litigation (where the party is a business entity);

(d) Experts (as defined above) who have been retained to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by that person;

(e) Any person whose testimony is taken by deposition or affidavit in this litigation, and their respective attorneys, provided that such person and their attorneys may only be shown copies of "CONFIDENTIAL" Information or Items during or in connection with his or her testimony, and may not retain any "CONFIDENTIAL" Information or Items. Counsel for a party or nonparty witness shall have the right to exclude from a deposition any person who is not authorized to receive "CONFIDENTIAL" Information pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which "CONFIDENTIAL" Information is being used or discussed;

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person;

(h) The Court and its personnel;

(i) Court reporters, recorders, stenographers or videographers employed in connection with this Litigation;

(j) Contractors/Service Vendors. Those persons specifically engaged for the limited purpose of making copies of documents, organizing or processing documents, or

providing litigation support or information technology services, including outside vendors hired to process electronically stored documents.

**7.3** **Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

**7.4** **Presentation of Protected Material To Court.** Before seeking to file any Protected Material under seal with the Court, the filing Party shall consult with the Designating Party to determine whether, with the consent of the Designating Party, the document or a redacted version of the document may be filed on the public docket rather than under seal. Prior to filing any document on the public docket, the filing party shall redact personal contact information contained within the document including a person's home address, phone number and email address. The parties need not redact this information for all documents produced during discovery.

Pursuant to the Court's individual practices, notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file a Designating Party's Protected Material shall so advise the Designating Party fourteen (14) days in advance specifying the precise portion of the Protected Material the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within seven (7) days thereafter, the Designating

Party may make an application to seal in accordance with this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" by a Designating Party, the Receiving Party must so notify the Designating Party in writing within a reasonable time period and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. This Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.

This provision shall in no way be construed as in any way limiting a Party's disclosure of its own "CONFIDENTIAL" information in response to a subpoena or order in another litigation.

9. **NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Designating Party reserves all rights against the Receiving Party for its violations. In the event any Party or Non-Party violates or threatens to violate any term of this Order, any Party may seek immediate injunctive relief against any such Party or Non-Party violating or threatening to violate any term of this Order.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (45) calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or certify in writing that all Protected Material has been destroyed. As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence or attorney work-product, even if such materials contain Protected Material, Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**12.     MISCELLANEOUS**

    **12.1     Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Each Party expressly acknowledges that such modifications may be necessary. Further, each Party expressly acknowledges that written modifications to this Order approved by the parties may be necessary as the case goes forward.

    **12.2     Use for Litigation Purposes Only.** Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that all documents and information produced or received in discovery shall be used solely for purposes of the above-captioned litigation, and shall not be used for any other purpose without prior consent of the Producing Party. This limitation shall not apply to any material that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

**12.3** **Enforcement.** Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded. The United States District Court for the Southern District of New York shall retain jurisdiction over all parties and persons who have received Protected Material for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine. Should a dispute materialize concerning whether a person was improperly provided Protected Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) business days written notice.

**12.4** **Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any Party waived its objections to produce any particular documents or information.

This Order does not limit or waive the right of any Party to object to the admissibility at trial of any proffered evidence, documentary or otherwise.

This Order does not constitute a finding or evidence that any of the information disclosed or contained in any produced or designated materials is or is not "CONFIDENTIAL."

**12.5** **Effective Without Court Order.** The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the

Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

By: /s/ *Andrew T. Miltenberg*

Andrew T. Miltenberg (AM7006)
Kara L. Gorycki (KG3519)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Phone: (212) 736-4500
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com

*Attorneys for Plaintiff Linda Fairstein*

By: *Natalie J. Spears*

Natalie J. Spears (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
natalie.spears@dentons.com
jacqui.giannini@dentons.com

Sandra Hauser
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6802
sandra.hauser@dentons.com

*Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

11/22/2021

*[signature]*

Hon. P. Kevin Castel

United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA FAIRSTEIN, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>NETFLIX, INC., AVA DUVERNAY, and )<br>ATTICA LOCKE, )<br>)<br>      Defendants. )<br>) | Case No. 20-cv-8042 (PKC)<br><br>Judge P. Kevin Castel |

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2021, in the above-captioned action and attached hereto, and understands the terms thereof, and agrees to be bound. The undersign submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands the terms of the Protective Order obligate him/her to use materials designated as "CONFIDENTIAL" in accordance with the Order solely for purposes of the above-captioned action, and not disclose any such Protected Material to any other person or firm.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____ _____
                                                                                                                  Signature