大成 DENTONS

**Natalie J. Spears**

natalie.spears@dentons.com
D   +1 312-876-2556

Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6361
United States

dentons.com

April 11, 2022

**BY ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11 D
New York, NY 10007

Re:     *Fairstein v. Netflix, Inc. et al*, No. 20-cv-8042 (PKC)
        Defendants' Letter Seeking Protective Order on Location of Defendants' Depositions

Dear Judge Castel:

The next Case Management Conference with the Court is set for July 19, 2022 at 2:00 p.m.

Defendants Netflix, Inc. ("Netflix"), Ava DuVernay ("Ms. DuVernay"), and Attica Locke ("Ms. Locke"; collectively "Defendants") request that the Court issue a protective order and order that Defendants' depositions occur in the city of their residence and principal place of business, Los Angeles, California.  Contrary to the prevailing law, Plaintiff has noticed depositions for each of the Defendants in New York.  Defendants respectfully submit that Plaintiff provides no peculiar or special circumstances that warrant a departure from the presumption that Defendants' depositions occur in their place of residence.

**Background.**  The parties held a telephonic meet and confer on March 15, 2022 during which Plaintiff's counsel raised for the first time her intent to take Defendants' depositions in New York.  Counsel for Defendants reminded Plaintiff's counsel that the two individual defendants and the corporate representatives for Netflix all live and work in Los Angeles and are entitled to the presumption that their depositions occur there.  On March 22, counsel for Plaintiff sent a letter stating her position that Defendants' depositions should occur in New York.   (Exhibit 1.) Defendants responded on March 25 citing extensive case law setting forth the presumption that a defendant's deposition occur in the city of its principal place of business.  (Exhibit 2.)  On March 29, Plaintiff noticed the depositions for Ms. DuVernay, Ms. Locke and a Netflix 30(b)(6) deposition with 24 different topics for New York.  (Exhibit 3.)

***Presumption is that Depositions Occur Where Defendants Live and Work.*** The law is well-established that irrespective of the litigation forum, Defendants are ordinarily entitled to the presumption that they shall be deposed where they reside or have their principal place of business. *See, e.g., Six W. Retail Acquis. v. Sony Theatre Mgmt. Corp*., 203 F.R.D. 98, 107 (S.D.N.Y. 2001) (ordering depositions of Defendants in Japan); *Devlin v. Transp. Commc'ns Int'l Union*, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000) (granting protective order designating Maryland as deposition location at defendant's headquarters); *Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *3 (S.D.N.Y. June 10, 2010) (ordering defendants' depositions occur in Florida). It is undisputed that Ms. DuVernay and Ms. Locke reside in Los Angeles and that Netflix is headquartered in Los Angeles and the 3-4 corporate witnesses who will be designated for the 24 different 30(b)(6) deposition topics requested reside in Los Angeles.[1]

A plaintiff may only overcome the presumption that a defendant's deposition will be taken where the defendant resides or works by showing "peculiar circumstances" favoring depositions at a different location. *Alpha Cap. Anstalt v. Real Goods Solar, Inc*., 323 F.R.D. 177 (S.D.N.Y. 2017), citing *Six W. Retail,* 203 F.R.D. at 105. It is Plaintiff's burden to demonstrate that Los Angeles is an improper location for the deposition. *Dagen v. CFC Grp. Holdings Ltd*., 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003). As set forth below, Plaintiff has not met this burden.

Plaintiff's argument for overcoming this presumption is that she was effectively "constrained" in her choice of forum because this case was transferred from the Middle District of Florida to the Southern District of New York. That's a rich argument to make. Plaintiff inappropriately chose to file this case in Florida—where venue was improper and there was no jurisdiction over the individual defendants—because Plaintiff claimed to have recently moved to Florida though she still owned a penthouse condo in New York City and operated her businesses in New York. (*See* ECF No. 26-3, Giannini Decl. at ¶¶ 4-7.) Plaintiff could have, and should have, brought her claims in either New York, where the Series was filmed and where she lived when the Series aired and for the prior 30 years as a high-ranking public official; or she could have filed in California, where the Series was written and where *all* Defendants are domiciled. *See e.g. Glatt v. Fox Searchlight Pictures Inc.*, No. 11 CIV. 6784 WHP, 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012) (finding plaintiffs were not "constrained" in their decision to litigate in this district because they could have brought the action in California, an alternate forum).[2]

---

[1] Given that Plaintiff's 30(b)(6) Notice to Netflix contains 24 topics, Netflix will need to designate multiple witnesses who live in Los Angeles and work at Netflix's headquarters there, as they are the most appropriate for the topics. Netflix is considering designating one New York-based witness for a handful of topics; and of course, to the extent that person is designated, that deposition will occur in New York. The remainder of the 30(b)(6) designees are located in Los Angeles.

[2] *See* Exhibit 2, Defendants' Letter at n. 3, distinguishing Plaintiff's cases on this point – all of which involved some kind of actual constraint on bringing a case in a proper forum, and none a situation where a

Defendants did not choose the forum; rather Plaintiff wants the Court to ignore that Ms. DuVernay and Ms. Locke were not subject to personal jurisdiction in Florida and that all Defendants moved to dismiss on the grounds that the Middle District of Florida was an improper venue under the Federal Rules. (ECF No. 26.) The Florida Court granted Defendants' alternative 28 U.S.C. § 1404 motion to transfer as a matter of expedience without reaching their arguments on personal jurisdiction and improper venue (ECF No. 63), but not before commenting on the obvious fact that the Middle District of Florida had no connection to this litigation. Responding to its own rhetorical question as to what the facts before it "have to do with the jurisdiction in which this lawsuit was brought: Florida," the court found "[t]he answer, for the most part, is nothing." (*Id.* at 7.)

Defendants' alternative motion to transfer was based primarily on the location of the many **non-parties** in New York who would not be subject to compulsory process in Florida (or California), not because Defendants could conveniently sit for depositions here. (ECF No. 26 at 17-20 (noting ability to compel testimony from third-parties if a case were tried is the "most significant factor" under section 1404).) Defendants argued that New York would be more convenient for them **than Florida**, and in the event of a trial given the third-party witnesses who could not be compelled to travel to California, Florida or elsewhere outside 100 miles, not that it was the most convenient location for Defendants. (*Id*. at 24.)

The bottom line is this: Had this case been properly filed in New York in the first instance each of the Defendants would be entitled to the ordinary presumption that they should be deposed in California, the district where they reside and have their principal place of business. Defendants should not be deprived of the ordinary presumption and protections afforded to defendants simply because Plaintiff chose to file in a Court which had no jurisdiction over Ms. DuVernay and Ms. Locke, and which was an improper forum, forcing Defendants to move to dismiss or transfer.[3]

***Convenience, Undue Burden and Litigation Efficiencies also Weigh In Favor of Deposing the Individual Defendants and Multiple 30(b)(6) Witnesses Where They Live in California.*** None of the other factors weigh against the presumption that the Defendants' depositions should occur in Los Angeles. Plaintiff has not shown that "factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition somewhere other than the district of the deponent's residence or place of business." *Devlin,* 2000 WL 28173, at *3. This Court has routinely granted

---

plaintiff argued constraint due to having herself first filed in an improper forum. *See also Ambac Assur. Corp. v. Adelanto Pub. Util. Auth*., 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012) (even where a forum selection clause designating S.D.N.Y. constrained plaintiff's choice of forum, considerations of cost, convenience and efficiency still favored taking defendant's deposition in California where they lived).

[3] Nor does the fact that Defendants are subject to personal jurisdiction, or have travelled to New York for work, or would travel to New York in the event of a trial mean they forgo the ordinary protections and presumptions for depositions. If personal jurisdiction were the test, there would be no presumption.

requests to take defendants' depositions in their place of residence in foreign jurisdictions. *See, e.g., Six W. Retail Acquisition,* 203 F.R.D. at 107 (ordering depositions of defendants occur in Japan); *Dagen,* 2003 WL 21910861, at *4 (ordering deposition of defendant take place in Hong Kong); *see also Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.,* 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012) (finding that although forum selection clause designating S.D.N.Y. constrained plaintiff's choice of forum, considerations of cost, convenience and efficiency favored taking defendant's deposition in California).[4]  In comparison, Plaintiff's counsel traveling to Los Angeles for Defendants' depositions is not overly burdensome, and is typical and expected when suing California-based Defendants in multi-party federal litigation.

The cost of conducting the depositions in New York would be much higher than in Los Angeles. If the depositions were held in New York, Ms. DuVernay, Ms. Locke, the Netflix 30(b)(6) witnesses (which we anticipate there will be at least 3) and Netflix's primary in-house counsel on this case would all have to travel from Los Angeles.[5]  In contrast, if the depositions were held in Los Angeles, only Plaintiff's counsel would need to travel.  "[T]he convenience of counsel is less compelling than any hardship to the witnesses." *Six W. Retail Acquisition*, 203 F.R.D. at 108, quoting *Devlin*, 2000 WL 28173, at *4.  And Plaintiff (if she chooses to attend) would need to travel in any event, as she claims to reside in Florida.  (ECF No. 35, Fairstein Declaration).[6]

Relatedly, the convenience and burden factors weigh strongly in favor of Los Angeles, particularly for the Defendants.  It would impose significant burdens on them as individuals, and with their work and family obligations, for their depositions to be in New York.  Both Ms. DuVernay and Ms. Locke operate their writing and film businesses out of Los Angeles and are involved with current projects that require physical presence and availability there working with teams of other people.  (*See* Exhibit 4, Declaration of Natalie Spears ("Spears Decl.") at ¶¶ 4-5, 8.)  In addition to operating her Array businesses at Array's headquarters in California, Ms. DuVernay is currently working on several writing and directing projects in Los Angeles and will be in pre-production in California on a new series at the time of her deposition.  (*Id*. at ¶¶ 4-5.)  Ms. Locke is currently serving as the Executive Producer on a new series and will be in post-production in Los Angeles

---

[4] Plaintiff's cited cases are all readily distinguishable.  In *Yan v. Zhou*, *Mill-Run Tours, Inc. v. Khashoggi*, 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021), "clear evidence" showed the defendants were actually domiciled in New York and the court only ordered defendants to appear in New York after they repeatedly failed to appear for their depositions and then went back to China.  And in *Sugarhill Recs. Ltd. v. Motown Rec. Corp*., 105 F.R.D. 166, 171 (S.D.N.Y. 1985), the court held it was more efficient for one witness to travel to New York rather than have all three attorneys travel to California.  That is not the case here.

[5] The undersigned counsel for Defendants, who are based in Chicago, would travel to either location.

[6] Ability to pay also does not favor Plaintiff as she has conceded, when confronted with evidence in the transfer motion briefing, that she has considerable independent wealth such that cost of litigation does not favor either party.  (ECF No. 41 at 10 n. 17.)

at the time of her deposition.  The new series is scheduled to be released in the fall, and Ms. Locke will be on tight deadlines for the coming months in order to finalize the project.  (*See id.* at ¶¶ 8). Ms. Locke and Ms. DuVernay both also have personal and family obligations in Los Angeles as well, making consecutive days of travel difficult.  (*See id.* at ¶¶ 5, 9-10.)[7]

With respect to the corporate Netflix witnesses, the presumption applies with particular force where the witnesses are "high-ranking ... officers and employees whose absence from their workplace would have an adverse impact on the functioning of the [business]."  *Glatt v. Fox Searchlight Pictures Inc*., 2012 WL 2108220 (S.D.N.Y. June 11, 2012) (rejecting plaintiff's request to conduct depositions of two high-level employees at defendant film studio in New York instead of Los Angeles – where defendant maintained its principal place of business and where its designees worked – despite the cost and convenience of conducting depositions in New York where plaintiff's counsel worked).  *See also Devlin*, 2000 WL 28173, at *4 (ordering defendant's corporate representatives be deposed in Maryland at the defendant's headquarters where the high-ranking officers and employees worked even though defendants maintained offices in New York). As set forth in the attached declaration, Netflix's two main corporate witnesses—creative executive Alison Engel and marketing manager Denise Martin—also both have professional and personal obligations and circumstances, respectively, that would make travel unduly burdensome and disruptive.  (*See* Exhibit 4, Spears Decl. at ¶¶ 13-14, 16-17.)

Lastly, conducting the depositions in Los Angeles would be more efficient.  Each of the Defendants would need to carve-out at least three consecutive days for their depositions in New York (one day for deposition and one day for travel on each end), as opposed to the single-day in Los Angeles.  That's a significant burden for the individuals and for multiple corporate witnesses, which also impacts others in the business.  *Ambac Assur. Corp..*, 2012 WL 1589597, at *6 (three days lost work is compelling burden); *see also Dingelday v. VMI-EPE-Holland B.V*., 2018 WL 2119618, at *2 (W.D.N.Y. May 8, 2018) (finding witness's "absence from his senior managerial responsibilities to Defendant in Epe for probably at least three days or more for his deposition in New York is likely to create greater inconvenience, if not serious disruption, to [defendant's] operations than would such an absence cause to Plaintiff's counsel's practice here[.]").

---

[7] That the Defendants may travel for work in general or to New York in the past for other work obligations does not make it more convenient to travel across the country for depositions.  That is a fallacy.  As this court pointed out in another case, regular other business travel "may make it all the more important that he or she be available at her principal place of business at other times".  *Devlin*, 2000 WL 28173, at *4.

大成 DENTONS                                                                  dentons.com

April 11, 2022
Page 6

Based on the foregoing, Defendants respectfully request that the Court entered a protective order requiring that the Defendants' depositions occur in Los Angeles.[8]

Respectfully Submitted,

By:     */s/ Natalie J. Spears*

Natalie J. Spears (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
natalie.spears@dentons.com
jacqui.giannini@dentons.com

Sandra Hauser
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6802
sandra.hauser@dentons.com

*Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke*

---

[8] Plaintiff of course may choose to take Defendants' depositions remotely if she is concerned about the cost of travel to Los Angeles.  The past two years have proven that video-conference platforms are a suitable substitute for in-person depositions.