May 4, 2022

*Fact discovery is extended to August 29, 2022. The July 19 conference is adjourned to September 19 at 2pm in Courtroom 11D. Letter motion (Doc 115) is terminated. SO ORDERED.*

*[signature] P. Kevin Castel, USDJ*
*7-13-22*

**BY ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11 D
New York, NY 10007

Re:     *Fairstein v. Netflix, Inc. et al*, No. 20-cv-8042 (PKC) – Joint Letter from Parties

Dear Judge Castel:

Plaintiff Linda Fairstein and Defendants Netflix, Inc., Ava DuVernay, and Attica Locke (collectively, the "Parties") have conferred regarding the discovery conducted to date and remaining in this action, and respectfully submit this joint letter to request a modification of the discovery schedule. The next Case Management Conference in this action is set for July 19, 2022.

The Parties have made substantial progress in discovery, including significant document production from both Plaintiff and Defendants, issuance of subpoenas and receipt of documents from relevant third parties, and scheduling of upcoming fact depositions. Throughout this process, the Parties have worked diligently and collaboratively not only to gather relevant evidence, but also to find appropriate ways to narrow and focus discovery, and to confer and where possible to resolve disagreements regarding discovery issues.

Notwithstanding these efforts and the considerable progress made to date, Plaintiff believes that the remaining discovery period does not provide sufficient time to complete all remaining fact discovery. For the reasons discussed below, Plaintiff requests that the fact discovery deadline be extended by 60 days from June 30 to August 29, 2022. Defendants do not think that an additional 60 days are needed, but do not oppose a short extension of up to 30 days to accommodate the third party deponents that still need to be scheduled.

I.      **Background**

On November 9, 2020, the Parties submitted to the Court a proposed Case Management Plan and Scheduling Order which contemplated that discovery would be completed eighteen months after Defendants' motion to dismiss was decided. The Court's Order dated August 20, 2021, set April 17, 2022, as the deadline for the completion of fact discovery. ECF No. 99. On September 20, 2021, the Parties filed a joint letter requesting an extension of the discovery deadline to August 9, 2022. ECF No. 100. A conference was held on October 13, 2021, after which the Court issued the current Case Management Plan and Scheduling Order, which requires the Parties to complete fact discovery and depositions by June 30, 2022.

The Parties have been engaged in document discovery since making their first productions in December 2021. They have met and conferred numerous times to work out document discovery issues. To date, Plaintiff has made seven document productions, comprising nearly 51,000 pages of documents, social media posts, emails, videos and a collection of text messages and other mobile data. Defendants have made eight document productions, comprising over 175,000 pages, including emails, documents, videos, audio files and books. Defendants' most recent production was made on April 25, 2022. Plaintiff's most recent production was made April 19, 2022. The Parties have also served a number of nonparty subpoenas, pursuant to which approximately 5,000 pages of documents and communications were produced.

The Parties began discussing depositions on a meet and confer call on March 15, 2022. As the Court is aware, there was subsequent disagreement about the location of Defendants' depositions, resulting in the Court's order dated April 20, 2022, which requires Netflix's 30(b)(6) witnesses to appear for depositions in New York and Plaintiff's counsel to take the depositions of Ms. DuVernay and Ms. Locke in Los Angeles. The Parties' counsel conferred by phone on April 26, 2022, April 28, 2022 and May 2, 2022 to continue discussions related to deposition planning and other issues, including the need for a request to the Court to modify the discovery schedule.

## II.   Plaintiff's Request to Extend the Discovery Deadline

Plaintiff respectfully requests that the Court extend the deadline for the completion of fact discovery by sixty (60) days. A proposed, revised Case Management Plan and Scheduling Order is annexed hereto as Exhibit 1.

As noted above, the Parties have discussed depositions and scheduled several during recent meet and confer calls. Netflix intends to designate at least three (3) individuals as 30(b)(6) witnesses. The Parties agreed that two (2) of the 30(b)(6) witnesses can go forward the week of May 23–27, 2022. Depending on Defendants' availability, Plaintiff's deposition will take place either the week of June 6–10 or 13–17, 2022. The depositions of Ms. Locke and Ms. DuVernay, as well as Alison Engel (one of Netflix's 30(b)(6) witnesses),[1] will be scheduled for completion prior to June 24, 2022. The parties are in agreement that party depositions will be completed prior to the June 30, 2022 discovery deadline set by the Court. However, Plaintiff would like the opportunity to serve any contention interrogatories and requests to admit after party depositions are completed.[2]

Counsel also conferred about nonparty depositions on the aforementioned calls. Due to the volume of document discovery produced in this action, Plaintiff's counsel only recently narrowed down the list of nonparties that will need to be deposed. Defendants' counsel also shared their list of

---

[1] Due to Ms. Engel's health issues (which were previously raised with the Court) Plaintiff's counsel agreed to take Ms. Engel's deposition while in Los Angeles. This would take up at least one week of counsel's time, perhaps a few days more. Given Ms. Locke's and Ms. DuVernay's schedules, it is also likely that Plaintiff's counsel will have to make two trips to Los Angeles.

[2] Pursuant to the Court's rules, the current deadline for serving requests to admit is May 16, 2022 and contention interrogatories are due to be served no later than May 31, 2022. The Parties have agreed to further meet and confer in regard to the necessity of using these discovery devices.

*Fairstein v. Netflix, Inc., et al.*; Case No.: 20-cv-8042 (PKC)
Letter to Hon. P. Kevin Castel
Page 3

nonparty witnesses on the two meet and confer calls that took place last week. Defendants intend to depose nine (9) nonparty witnesses (in addition to Plaintiff), while Plaintiff intends to take seven (7) nonparty depositions (in addition to the two individual Defendants and three Netflix 30(b)(6) witnesses). These sixteen (16) nonparties include witnesses on both liability and damages issues.

Two (2) of the nonparty witnesses identified by Plaintiff will be deposed in May. Due to the fact that Plaintiff's counsel will likely be traveling to Los Angeles on two occasions—before and after Plaintiff's deposition—counsel is working on obtaining dates for at least two (2) additional nonparty witnesses for late June. This would leave three (3) nonparty witnesses to potentially be scheduled after June 30, 2022, (if the Court grants the extension). Plaintiff's counsel would endeavor to get these depositions done as quickly as possible.

One (1) nonparty witness named by Defendants—who resides in Rhode Island and is represented by Plaintiff's counsel—is available in New York during the week of June 4–7. Two (2) nonparties named by Defendants have said that they are available in May or June. Defendants have indicated that they plan to conduct six (6) additional depositions of nonparty witnesses (two of whom are on Plaintiff's deposition list).

Plaintiff respectfully submits that an extension of time is warranted to complete the twenty-two (22) fact depositions: Plaintiff, the two (2) Individual Defendants, the three (3) 30(b)(6) witnesses and sixteen (16) nonparty fact witnesses. Defendants state that they believe that the Parties could complete all of the fact depositions within the current schedule and that an additional 60 days is not warranted. As set forth below, Defendants would not oppose an extension of up to 30 days.[3]

Plaintiff does not believe that a shorter extension is feasible. Defendants' counsel, a large law firm, is far better equipped with extensive resources to prepare for and cover numerous, sequential depositions, some of which are bound to occur on the same day. This would cause undue hardship for Plaintiff's counsel as lead counsel would have to be prepare, and be present for, nearly all of the depositions. In addition, as noted above, Plaintiff's counsel will be traveling back and forth to Los Angeles and clearly cannot be in two places at the same time. While Defendants contend that both sides should dedicate the necessary resources towards discovery, there is a stark contrast between a firm which touts 1,100 lawyers and professionals on its website and a small, local firm with 14 litigators.

For these reasons, Plaintiff respectfully requests that the Court grant the requested extension of the discovery deadline to August 29, 2022, in order to complete nonparty discovery and the service of, and response to, any contention interrogatories or requests to admit.

---

[3] Notably, Defendants are aware that Plaintiff has requested a sixty-day extension not only to accommodate the schedules of the nonparties but because there is a non-overlapping period of three weeks at the end of July and beginning of August when party attorneys are not available.

*Fairstein v. Netflix, Inc., et al.*; Case No.: 20-cv-8042 (PKC)
Letter to Hon. P. Kevin Castel
Page 4

## V.      Defendants Oppose a 60-Day Extension, But Do Not Oppose a Shorter Extension.

Defendants believe that the Parties can complete the fact depositions by June 30, 2022 or shortly thereafter if required by the Court. While the size of the parties' respective firms are different, *both* Parties should be expected to dedicate the necessary staff and resources to complete discovery. As reflected in her 119-page Complaint, extensive discovery requests and scores of witnesses (over 60 in total) she identified, Plaintiff filed a substantial piece of litigation, requiring Defendants to devote significant resources to defending it through discovery. Plaintiff should be expected to do the same.

Nonetheless, given the number of third parties whose schedules must be considered, Defendants do not oppose a short extension of up to 30 days in order to allow more flexibility in scheduling nonparty depositions.

*        *        *

The parties have jointly prepared this submission, and appreciate the Court's consideration.

Respectfully Submitted,

By:     /s/ *Kara L. Gorycki*

Andrew T. Miltenberg (AM7006)
Kara L. Gorycki (KG3519)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Phone: (212) 736-4500
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com

*Attorneys for Plaintiff Linda Fairstein*

By:  /s/ *Natalie J. Spears*

Natalie J. Spears (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
natalie.spears@dentons.com
jacqui.giannini@dentons.com

Sandra Hauser
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6802
sandra.hauser@dentons.com

*Attorneys for Defendants Netflix, Inc., Ava
DuVernay and Attica Locke*