IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA FAIRSTEIN,<br><br>        Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., AVA DUVERNAY, and<br>ATTICA LOCKE,<br><br>        Defendants. | Case No. 20-cv-8042 (PKC) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO FILE CONFIDENTIAL INFORMATION UNDER SEAL
OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER OR
ORDER STRIKING CERTAIN MATERIALS FROM THE RECORD**

Kara L. Gorycki
Andrew T. Miltenberg
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

**INTRODUCTION**

Pursuant to Section 7.4 of the Stipulated Protective Order (ECF No. 105), and in accordance with Rule 5 of the Court's Individual Practices, Plaintiff Linda Fairstein ("Plaintiff") respectfully submits this memorandum law in support of her motion to file certain excerpts of deposition testimony, deposition exhibits and personal email communications under seal (the "Confidential Information"),[1] as detailed below. In the alternative, Plaintiff seeks (i) a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which directs the filing of portions of the Confidential Information under seal or (ii) an order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, striking certain materials from the summary judgment record on the grounds it is "immaterial, impertinent or scandalous."

Defendants Netflix, Inc., Ava DuVernay and Attica Locke (collectively "Defendants") intend to submit the Confidential Information as part of their summary judgment motion which will be filed on September 30. As plainly stated in Defendants' Pre-Motion Letter to the Court, they intend to move solely on the issues of actual malice and subsidiary meaning (ECF No. 120). As the Court is aware, and as set forth in Plaintiff's response to Defendants' Pre-Motion letter (ECF No. 122), the analysis of whether or not Defendants acted with actual malice concerns their subjective intent during the timeframe *prior to* the release of *When They See Us* (the "Series"). Yet the Confidential Information is comprised of Plaintiff's *June 2022* deposition testimony, and *private* email communications which post-date the 1989 Central Park Jogger case by decades (ranging from 2012-2019). *None* of these materials could have been relied on by Defendants when creating the Series.

---

[1] The information in question was designated as Confidential pursuant to the Stipulated Protective Order (ECF No. 105). However, Plaintiff recognizes that pursuant to the well settled law of this Circuit such designation is not dispositive as to whether the information should be sealed. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125-126 (2d Cir. 2006).

Defendants intend to cite the Confidential Information in their summary judgment motion as purported "admissions from Plaintiff" regarding: "the scope of her involvement in the Central Park Jogger case;" the "type of language used by" Plaintiff; and "her actions to push the narrative of the case and the guilt of the five young teenagers who were wrongfully convicted of the rape (the 'Five')." Declaration of Kara L. Gorycki, dated September 20, 2022 ("Gorycki Decl."), Ex. 1, 9/16/22 Letter from N. Spears to K. Gorycki, at 1. An additional reason given by Defendants is to "establish the truth of certain aspects of the prosecution's handling of the DNA evidence in the Central Park Jogger case." *Id.* at 3. But Defendants have not asserted that their summary judgment motion will argue that any of the scenes in question are true or substantially true. (ECF No. 120). Moreover, as detailed in Plaintiff's response to Defendants' Pre-Motion Letter (ECF No. 122 at 5), Defendants have referred to the scene at issue in this lawsuit concerning the sock DNA as an "invented" scene. Information concerning the general handling of DNA in the Central Park Jogger case (by persons other than Plaintiff no less) has no bearing on a scene that depicts Plaintiff "concealing evidence from defense counsel—a likely violation of the law and professional responsibility—and manipulating the timing of a DNA test with the goal of advantaging the prosecution." *Fairstein v. Netflix, Inc.*, 553 F. Supp. 3d 48, 74 (2021).

Putting aside that Defendants completely mischaracterize the Confidential Information in question, (Gorycki Decl., Ex. 1), it is readily apparent that Defendants are trying to publicly file information that is wholly irrelevant to their Motion—and which will likely be inadmissible at trial—because they believe that the public disclosure of said information will harm, or at the very least embarrass, Plaintiff and nonparties who were involved in the Central Park Jogger case. Given that Plaintiff was subjected to death threats and threats of violence after the Series' premiere (*See*

Fairstein Aff., ECF No. 35, at ¶ 19), Defendants' effort to publicly disclose wholly irrelevant, private communications in order to cause further harm is a matter of grave concern.

## THERE ARE COMPELLING REASONS TO FILE THE CONFIDENTIAL INFORMATION UNDER SEAL

There are compelling reasons to file the Confidential Information submitted with this motion under seal. In *Lugosch*, the Second Circuit held that:

> documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment. Because the First Amendment presumption gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption, the presumption of access…can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing.

435 F.3d at 126. *See Hanks v. Voya Retirement Ins. & Annuity Co.*, 2021 WL 2451981, at *1 (S.D.N.Y. June 16, 2021); *Hanks*, Case No. 16-cv-6399, Opinion and Order dated September 29, 2020 (ECF No. 175) ("*Hanks* Sealing Order").

As the Court set forth in *Hanks*, "though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular document." *Hanks* Sealing Order, at 2. "Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed." *Id.* Established factors and values that weigh more heavily against access are business secrecy, privacy interests, and embarrassing conduct with no public ramifications and similar matters. *Id.* at 2-3. *See Lexington Furniture Indus. v. The Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. March 24, 2021). If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed. *Id.* An additional factor that may be considered when determining whether a document should be filed

under seal is the privacy interests of innocent third parties. *Vellali v. Yale Univ.*, 2021 WL 4520159, at *1 (S.D.N.Y. Sept. 30, 2021).

In *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), a defamation action, the Second Circuit addressed the potential harm that accompanies public access to judicial documents, noting that "[u]nscrupulous litigants can weaponize the discovery process to humiliate and embarrass their adversaries." *Id.* at 47. "Unfortunately, the presumption of public access to court documents has the potential to exacerbate these harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record." *Id.* The Second Circuit further cautioned the public to "critically assess allegations contained in judicial proceedings." *Id.*

Quoting the Supreme Court, the Second Circuit explained that "'[e]very court has supervisory power over its own records and files' to ensure they 'are not used to gratify private spite or promote public scandal.'" *Id.* at 51 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)) (alteration in original). *See Lohnn v. Int'l Business Machines Corp.*, 2022 WL 36420, at *15-16 (S.D.N.Y. Jan. 4, 2022) (discussing *Brown*). The Court further described the methods "courts can employ to protect the judicial process from being coopted for such purposes" including the use of protective orders, the striking of immaterial or scandalous information from filings and the imposition of sanctions under Federal Rule of Civil Procedure 11(c).

The documents and testimony that Defendants file in support of their summary judgment motion are bound to be the subject of press attention given the reporting that has already occurred about this case, including with respect to the Court's decision regarding Plaintiff's motion to dismiss. *See. e.g.*, G. Maddus, "Linda Fairstein Can Sue Netflix over 'When They See Us' Portrayal," https://variety.com/2021/tv/news/linda-fairstein-sue-netflix-ava-duvernay-when-they-see-us-1235037717/ (last visited on September 18, 2022). It is apparent that Defendants aim to

draw attention to information about Ms. Fairstein that they believe will cause controversy because they intend to file documents unrelated to the legal issues raised in their summary judgment motion. For this reason, and the reasons set forth below, the Confidential Information should be filed under seal.

**A.  Countervailing Factors And Higher Values Warrant Sealing**

Below, Plaintiff sets forth the specific reasons why the testimony and documents comprising the Confidential Information should be filed under seal:[2]

| Description | Reasons Why Sealing Warranted |
|---|---|
| **Gorycki Decl., Exhibits 2 and 3**:<br><br>Fairstein Dep. Tr. 109:6-8, 109:15-20, 109:24 and 110:2-8, 110:10-12 **and** Fairstein Dep. Ex. 67[3] | The deposition testimony concerns a private email communication between Plaintiff and Elizabeth Lederer, written 22 years after the Central Park Jogger case, ███████████████████████ ████████████ Exhibit 67 is that email. The email came from Plaintiff's production and is not part of the research Defendants conducted for the Series. This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence.<br><br>As one can see from the question asked of Plaintiff about Exhibit 67, Defendants mischaracterize the contents of that email ███████████████ █████. The testimony and email have no bearing on the Defendants' subjective intent at the time they were creating the Series. Nor does the testimony, or exhibit, fall within ██████████████████ █████████.<br><br>This Confidential Information raises the privacy interests of Plaintiff and Ms. Lederer, and has the potential to ████████████████████ ██████████████████████. |

---

[2] Plaintiff has also submitted a declaration the ("Fairstein Decl.") with this motion that provides details relating to topics discussed in the Confidential Information.

[3] Please note that the yellow highlighting that appears on the deposition exhibits referenced in this motion was applied by Defendants' counsel prior to depositions. Witnesses were provided exhibits containing the yellow highlighting. Any proposed redactions relating to this motion have been made in purple.

| | |
|---|---|
| | The testimony and exhibit further identify ███████████ ████████████████████████ ████████████████████████ ████████████. The parties are in agreement that the name of the ███████ can be redacted to protect his privacy interests. |
| **Gorycki Decl., Exhibit 4**<br><br>Fairstein Dep. Tr. 323:2, 323:6-11, 323:22-23, 324:3-16, 324:20-25, 325:2-21, 325:24-25, 326:2-22, 327:3-11, 16, 18, 22, 328:9-14, 328:24-25, 329:2-5, 329:14, 329:16-25 | This deposition testimony concerns a ████████████ ██. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ██████████ Defendants have not asserted that they relied on ██████████ when creating the Series. *See* Gorycki Decl., Ex. 1.<br><br>The only possible reason for Defendants' attempt to publicly disclose testimony ████████████ ████████████ is to cause ████████ Plaintiff because they disagree with the ████████████ ████. The ████████ has nothing to do with the issue of actual malice ████████████ ████████████████████████ ████████████████████████ ██████. This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence.<br><br>Should the Court deny Plaintiff's motion to seal this testimony in its entirety, Plaintiff urges the Court to redact the names of ████████████████ ████ ████████████ and ██████████, all of whom are nonparties with heightened privacy interests. In a show of callousness, Defendants have objected to the redaction of ██████████████ though the testimony has absolutely nothing to do with the Central Park Jogger case. *See* Gorycki Decl., Ex. 1, at 2. |

| | |
|---|---|
| **Gorycki Decl., Exhibit 5:**<br><br>Fairstein Deposition Exhibit 92 | This is the email chain between Plaintiff, Elizabeth Lederer and Eric Reynolds that was discussed in the testimony summarized above (Gorycki Decl., Exhibit 5). Plaintiff incorporates herein the arguments set forth above concerning Plaintiff's ██████████.<br><br>The email communications in this chain also concern the privacy interests of innocent third parties—Reynolds and Lederer—and, at the very least, ████████████████ ████████ should be redacted in the event that the Court elects not to file this exhibit under seal. *See Gosmile, Inc. v. Dr. Jonathan Levine, D.M.D.P.C.*, 2012 WL 1382557, at \*1 (S.D.N.Y. Apr. 20, 2012). |
| **Gorycki Decl., Exhibit 6:**<br><br>Fairstein Deposition Exhibit 93 | This exhibit is an email exchange between Plaintiff and a radio show host which post-dates the release of the Series by 12 days and the Central Park Jogger case by over 30 years. The email was sent to Plaintiff by the host in his personal capacity, as indicated by the use of his personal email address, thus raising the privacy interests of an innocent third party. Plaintiff's private email communications bear no relevance to the issue of actual malice. This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence.<br><br>Plaintiff further refers the Court to the arguments above relating to ██████████████████████. While this email chain ██████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████████ |
| **Gorycki Decl. Exhibit 7:**<br><br>Fairstein Deposition Exhibit 94 | This is a printout of the ██████ discussed above. While it is a ████████, ████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████ Plaintiff incorporates herein the points raised above with respect to Exhibit 5 of the Gorycki Declaration. |

| **Gorycki Decl., Exhibit 8:**<br><br>Fairstein Deposition Exhibit 95 | This exhibit is comprised of private email communications from Eric Reynolds to Elizabeth Lederer and Plaintiff concerning ███████ ████████████████████. Defendants have not stated that they were in possession of these emails at the time they were developing the Series and, accordingly, they have no bearing on the issue of actual malice. The emails do not concern Plaintiff's role in the Central Park Jogger case nor are they relevant to the five scenes at issue in this lawsuit. This exhibit predominantly raises the privacy interests of third parties. This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence. |
| :--- | :--- |
| **Gorycki Decl., Exhibits 9 and 10:**<br><br>Fairstein Dep. Tr. at 349:10, 349:18-19 349:22, 349:25-350:9, 350:12-18, 350:21-350:25, 351:1-16, 351:19-25 **and** Fairstein Deposition Exhibit 98 | The testimony and exhibit addressed here concern a private email exchange between Plaintiff and a television and film producer that took place in 2018 concerning the ████████████████████ ████████████████████████████ ████████████████ None of the information contained in the email exchange is relevant to the issue of actual malice nor does it concern Plaintiff's role in the Central Park Jogger case. The testimony discloses the names of a number of individuals ████████████████████ ████████████████████. Overall, the testimony and exhibit concern Plaintiff's confidential business information and raise the privacy interests of third parties.<br><br>In the event that the Court determines that the testimony and exhibit should not be filed under seal, then Plaintiff respectfully submits that the names of individuals other than Ms. Fairstein ██████████ ████████████████████ should be redacted prior to any public filing. Defendants have only consented to the redaction of ████. Gorycki Decl., Ex. 1, at 2.<br><br>This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence. |

| | |
|---|---|
| **Gorycki Decl., Exs. 11, 12 and 13**<br><br>Fairstein Dep. Tr. at 128:2 **and**<br>Fairstein Dep. Tr. at 194:2-3 **and**<br>Fairstein Deposition Exhibit 22 | This testimony identifies an innocent third party who was a ███████████████ ███████   The parties are in agreement that this person's name should be redacted. The public disclosure of this person's name and private communications with Plaintiff could draw unnecessary attention to ██ and cause unwarranted controversy. Plaintiff has submitted proposed redactions to Exhibit 22 (in purple), which is the email communication discussed in Plaintiff's testimony. |
| **Gorycki Decl. Ex. 14**<br><br>Fairstein Deposition Exhibit 37 | The parties are in agreement with respect to Plaintiff's proposed redactions (submitted to the Court in purple). The proposed redactions concern private communications between Plaintiff and Elizabeth Lederer which bear no relevance to actual malice or any issue in this lawsuit. The email concerns the privacy interests of both Plaintiff and Ms. Lederer. While the unredacted portion of the email communication is also irrelevant to the issue of actual malice, Plaintiff does not maintain that sealing is warranted with respect thereto. |
| **Gorycki Decl., Ex. 15**<br><br>LF00000033 | This is a private email communication between Plaintiff and ██████████████████ which was written in 2012 at the time that Plaintiff was a defendant in the Five's civil action. ████████████<br>███████████████████████████<br><br>██████████████ *See* Fairstein Decl.<br><br>Nothing stated in the email is relevant to the issue of actual malice or the claims and defenses in this lawsuit. ██████████████████████<br>███████████████████████████<br>████████████████. This private communication should be sealed to avoid ███████████████████████████<br>███████████████ to Plaintiff. Particularly since Defendants intend to mischaracterize portions of this communication ██████████████████████<br>██████████. *See* Gorycki Decl., Ex. 1. |

| | |
|---|---|
| | This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence.<br><br>Defendants have agreed to the redaction of the third party's name and contact information should this email exchange be publicly filed. Gorycki Decl., Ex. 1, at 3. |
| **Gorycki Decl., Ex. 16**<br><br>LF00036016 | This document consists of private email communications, from March 2019 (nearly 30 years after the Central Park Jogger case) between Plaintiff and a friend and ███████████████████████████████████████████████████████████████████████████████████████████████████████████████<br><br>This communication has absolutely no bearing on the issue of actual malice. Nor can anything written therein be relied upon as ███████████████ ████████████. The email is not relevant to any of the claims or defenses in this lawsuit. Not only does the email raise concerns about the privacy interests of an innocent third party, it also raises concerns about Plaintiff's privacy interests and should be sealed to avoid ██████████ ██████████████████████ to Plaintiff.<br><br>This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence.<br><br>Defendants have agreed to the redaction of the third party's name and contact information[4] should this email exchange be publicly filed. Gorycki Decl., Ex. 1, at 3. |

---

[4] The Stipulated Protective Order already permits the redaction of a person's contact information. ECF No. 105 at 7.4.

| **Gorycki Decl., Ex. 17**<br><br>LF00048001 | This is a private email exchange between Plaintiff and a friend and ███, from November 2018, which concerns ███████████████████████████████████████████████████████████. This email, like the others, has no bearing on Defendants' subjective intent at the time they developed the Series. Nor does it in any way pertain to the Central Park Jogger case. The email is not relevant to any of the claims or defenses in this lawsuit.<br><br>Not only does the email raise concerns about the privacy interests of an innocent third party, it also raises concerns about Plaintiff's privacy interests and should be sealed to ███████████████████████████████ to Plaintiff. Particularly since Defendants intend to mischaracterize portions of this communication as ███████████████████.<br><br>This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence. |
|---|---|
| **Gorycki Decl., Ex. 18**<br><br>Fairstein Deposition Exhibit 69 | This is yet another private email communication between Plaintiff and her friend (██████████████████████████), from November 2018, ████████████████████████████████████████.<br><br>This email, like the others, has no bearing on Defendants' subjective intent at the time they developed the Series. Nor does it in any way pertain to the Central Park Jogger case or evidence ███████████████. The email is not relevant to any of the claims or defenses in this action.<br><br>Not only does the email raise concerns about the privacy interests of an innocent third party, it also |

| | |
|---|---|
| | raises concerns about Plaintiff's privacy interests and should be sealed to avoid ████████ ████████████████████ to Plaintiff. Particularly since Defendants intend to mischaracterize portions of this communication as ██████████████████. <br><br> This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence. |
| **Gorycki Decl., Ex. 19** <br><br> Fairstein Deposition Exhibit 87 | The parties are in agreement as to the proposed redactions to this exhibit (provided to the Court in purple) in order to protect the privacy interests of third parties. |
| **Gorycki Decl., Ex. 20** <br><br> Lederer Deposition Exhibit 14 | This deposition exhibit is an email exchange that Plaintiff participated in with nonparties on May 30, 2019 and ██████████████████ ██████ Defendants wish to publicly file the top email, dated May 30, 2019 but have agreed to redact the remainder of the exchange. Plaintiff does not object to this approach. However, Plaintiff has filed the entire exhibit under seal for purposes of this motion in the event that any objection is raised by Ms. Lederer's counsel. <br><br> It is Plaintiff's position that the entire email exchange is irrelevant to the issue of actual malice because Defendants could not have possessed this information at the time they developed the Series. In addition, the information contained in the top email relates to ██████████████████████ ████████████████████████████ <br><br> Accordingly, it bears no relevance to the scene at issue in this lawsuit concerning ████████████ ████████. Because this email exchange concerns the privacy interests of third parties it should be filed under seal in its entirety or—absent any objection from Ms. Lederer's counsel—only the top email should be publicly filed. |

| | |
|---|---|
| **<u>Gorycki Decl., Ex. 21</u>**<br><br>Lederer Deposition Exhibit 21 | This is an email exchange between Plaintiff and Ms. Lederer from August 2018. This email, like the others, has no bearing on Defendants' subjective intent at the time they developed the Series. Nor does it in any way pertain to the Central Park Jogger case or ███████████████████████████. The email is not relevant to any of the claims or defenses in this action.<br><br>Not only does the email raise concerns about the privacy interests of an innocent third party, it also raises concerns about Plaintiff's privacy interests ████████████████████████████ ████████. Particularly since Defendants intend to mischaracterize portions of this communication as ████████████████████████████.<br><br>This evidence should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence. |
| **<u>Gorycki Decl., Ex. 22</u>**<br><br>Lederer Deposition Exhibit 23 | This is an email exchange between Plaintiff and a number of nonparties from December 2018. This email, like the others, has no bearing on Defendants' subjective intent at the time they developed the Series. Nor does it ████████████████████████ ████████. The email is not relevant to any of the claims or defenses in this action.<br><br>Not only does the email raise concerns about the privacy interests of innocent third parties, it also raises concerns about Plaintiff's privacy interests and should be sealed to ████████████████ ████████████████████████████ to Plaintiff. Particularly since Defendants intend to mischaracterize portions of this communication as ████████████████████████████.<br><br>At the very least, the email communications between Plaintiff and Ms. Lederer at LEDERER01274 should be sealed and the names of the other nonparties redacted from the email communication on LEDERER01275. |

|   | The email communications at LEDERER01274 should also be deemed inadmissible per Rules 402 and 403 of the Federal Rules of Evidence. |
| --- | --- |

### B.  The Entry Of A Protective Order Is Warranted

In accordance with *Brown*, 929 F.3d at 51-52, Plaintiff alternatively moves for a protective order with respect to Exhibits 2-7, 15-18, and 21-22 of the Gorycki Declaration which prevents the public filing of this Confidential Information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, where good cause exists the Court may enter a protective order directing the sealing of documents in order to "protect a party or person from annoyance [or] embarrassment." *See Brown*, 929 F.3d at 51-52.

As fully set forth above, Defendants seek to publicly file Exhibits 2-7, 15-18, and 21-22 of the Gorycki Declaration even though the information contained therein has absolutely no relevance to the issues that will be raised in their summary judgment motion (actual malice and subsidiary meaning). Defendants' reasons for objecting to the filing of these exhibits under seal are tenuous at best, (Gorycki Decl., Ex. 1), and belie their true strategy—to use the public docket to "gratify private spite" or "promote public scandal" against Plaintiff. At the very least, Defendants are seeking to annoy or embarrass Plaintiff. For this reason, there is good cause for the Court to enter a protective order which prevents the public filing of the Exhibits.

### C.  Certain Exhibits Should Be Stricken From the Record

In accordance with *Brown*, 929 F.3d at 51-52 and Rule 12(c) of the Federal Rules of Civil Procedure, the Court may also strike "immaterial, impertinent or scandalous" materials from the record. As detailed above Exhibits 2-7, 15-18, and 21-22 of the Gorycki Declaration fall within the categories of immaterial, impertinent and scandalous.

**CONCLUSION**

For the reasons set forth above, the Court should grant Plaintiff's motion to file the Confidential Information under seal. In the alternative, the Court should enter a Protective Order which prevents the public filing of Exhibits 2-7, 15-18 and 21-22 of the Gorycki Declaration or strikes these exhibits from the summary judgment record.

Respectfully Submitted,


By:   /s/ *Kara L. Gorycki*
        Kara L. Gorycki
Andrew T. Miltenberg
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com


*Attorneys for Plaintiff Linda Fairstein*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, a true and correct copy of the foregoing was served by CM/ECF on all counsel of record.

/s/ *Kara L. Gorycki*