IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA FAIRSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-8042 (PKC) |
| v. | ) |
| | ) |
| NETFLIX, INC., AVA DUVERNAY, and ATTICA LOCKE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law; Local Rule 56.1 Statement of Undisputed Material Facts; supporting Declarations with Appendix of Exhibits thereto, and all the pleadings and proceedings herein, Defendants Netflix, Inc., Ava DuVernay, and Attica Locke (collectively, "Defendants"), by and through their undersigned counsel, will move this Court before the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, Courtroom 11D, for an order, pursuant to Federal Rule of Civil Procedure 56, against Plaintiff Linda Fairstein, granting summary judgment in favor of Defendants and against Plaintiff on all claims asserted against Defendants in the Complaint, and granting such further relief as the Court deems proper and just.  In brief summary:

    a. Summary judgment is order in favor of all Defendants on Plaintiff's defamation claims involving the limited series *When They See Us* ("Series") because she is a public official who cannot meet her burden of proving actual malice by clear and convincing evidence.  Plaintiff has adduced no evidence that Defendants subjectively

doubted that the portrayal of Plaintiff in the five scenes from the Series that remain at issue reflected the essence of truth based on their sources and research for the Series.

b. Plaintiff also has the burden of establishing the falsity of the defamatory statements, and certain aspects of Plaintiff's portrayal in the five remaining scenes are subject to summary judgment because they are substantially true as a matter of law and undisputed fact.

c. Summary judgment in favor of Defendant Netflix is in order for these reasons and also because with respect to actual malice, Netflix, as a film distributor and publisher, was entitled as a matter of law to rely on the expertise, experience and track record of the writers and veteran co-producers for the Series.

d. Summary judgment should be granted dismissing Defendant Locke from this action for the independent reasons that Ms. Locke only contributed to the writing of Episode 2 of the Series; the specific dialogue Plaintiff complains of in the Episode 2 scene at issue was not written by Ms. Locke; and Ms. Locke did not write any of the other complained-of scenes (*see* Stmt. of Undisp. Material Facts ¶¶ 199-200), and therefore cannot be held liable, much less charged with actual malice, for any of the complained-of dialogue.

e. Summary judgment is in order on Plaintiff's "conspiracy" claim in favor of all Defendants because there is no actionable underlying tort against any of the Defendants, and Plaintiff's allegation that Defendants agreed to defame Plaintiff is baseless (*see* Stmt. of Undisp. Material Facts ¶¶ 228-231).

Defendants respectfully request oral argument on this motion.

Dated: September 30, 2022

Respectfully submitted,

/s/ Natalie J. Spears

Natalie J. Spears (*pro hac vice*)
Gregory R. Naron (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
*natalie.spears@dentons.com*
*gregory.naron@dentons.com*
*jacqui.giannini@dentons.com*

Sandra D. Hauser
Justin N. Kattan
DENTONS US LLP
1221 Avenue of the Americas
New York, New York  10020
Phone: (212) 768-6700
*sandra.hauser@dentons.com*
*justin.kattan@dentons.com*

*Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2022, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record on the service list.

/s/ Natalie J. Spears