

| | Ira S. Nesenoff<br>Andrew T. Miltenberg | Barbara H. Trapasso<br>Gabrielle M. Vinci<br>Cindy A. Singh<br>Nicholas E. Lewis<br>Adrienne D. Levy<br>Regina M. Federico<br>Amy Zamir<br>Kristen E. Mohr<br>Suzanne Dooley | Philip A. Byler<br>Diana R. Warshow<br>Kara L. Gorycki<br>Susan E. Stark<br>Janine L. Peress<br>*Senior Litigation Counsel*<br><br>Jeffrey S. Berkowitz<br>Rebecca C. Nunberg<br>*Counsel*<br><br>Marybeth Sydor<br>*Title IX Consultant* |
|---|---|---|---|
| | Stuart Bernstein<br>Tara J. Davis | | |

ATTORNEYS AT LAW

**nmllplaw.com**

November 17, 2022

**BY ECF**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

   **Re**: Fairstein v. Netflix, Inc., et al., 1:20-CV-8042 (PKC)
      Plaintiff's Pre-Motion Letter to Strike Berry Welsh's Declaration and Preclude

Dear Judge Castel:

  The undersigned represents Plaintiff Linda Fairstein ("Plaintiff" or "Ms. Fairstein"), in the above-referenced action. In accordance with Paragraph 8 of the Case Management Plan (ECF 103), and Paragraph 3.A.i of Your Honor's Individual Practices, Plaintiff respectfully submits this pre-motion letter to strike the non-party witness Declaration of Berry Welsh, included in Defendants' summary judgment motion, and preclude his testimony as an expert witness. As set forth below, Berry Welsh's Declaration should be stricken for Defendants' failure to designate Mr. Welsh as an expert witness in accordance with the Case Management Plan, and because the Declaration is immaterial and irrelevant to Defendants' motion for summary judgment or to the issue of actual malice.

  There are no conferences currently scheduled before the Court.

### I.  Background

  Plaintiff suffered tremendous financial losses because of the false and defamatory manner in which Defendants chose to portray Ms. Fairstein in the 2019 Netflix limited series *When They See Us*. Defendants acted with actual malice when they falsely portrayed Ms. Fairstein, using her real name, as the official in charge of directing the police and prosecutorial investigations of the Central Park Jogger case and developing the prosecutions' theory of the case.



This Court held early in this action that there are five scenes where the "average viewer could conclude that these scenes have a basis in fact and do not merely reflect the creators' opinions about controversial historical events." *Fairstein v. Netflix*, 553 F. Supp. 3d 48, 58 (2021).

Discovery as to the five scenes at issue was governed by the Case Management Plan and Scheduling Order (ECF 103), which set an August 13, 2022 deadline for expert discovery. On July 14, 2022, an Order was issued granting extensions of fact discovery to August 29, 2022. (ECF 116). Consequently, the deadline for the completion of expert discovery was extended to October 13, 2022. While Defendants disclosed Berry Welsh as a fact witness in their supplemental disclosures, he was never disclosed as an expert witness, nor was the subject of his industry knowledge or experience proffered, prior to the deadlines for disclosure of expert witnesses. See, Defendants' Supplemental Initial Disclosures, attached as *Exhibit "1."*

Defendants moved for summary judgment on September 30, 2022 (ECF 146), and the motion is currently pending before this Court. Plaintiff's opposition is currently due November 30, 2022, and Defendants' reply by January 16, 2023.

In support of their motion, Defendants offer the Declaration of Berry Welsh (ECF 153), to advance their theory that the docudrama genre somehow excuses, or places a heightened standard of proving, actual malice. Mr. Welsh's Declaration provides opinions about custom and practice in the film industry, particularly the docudrama genre, based on his experience and knowledge in the industry, and compares *When They See Us* to other docudramas.

Plaintiff intends to show that "common practice" in the docudrama genre has no relevance to disprove or excuse actual malice and the Declaration is therefore immaterial and irrelevant to the issues on summary judgment. Accordingly, Mr. Welsh's Declaration should be stricken and disregarded.

### II.     Defendants' failure to disclose Mr. Welsh as an expert witness precludes his participation in this suit.

Mr. Welsh's Declaration provides opinions based not only on his personal knowledge, but more so on his experience and specialized knowledge from his years in the industry. His opinions of industry standards based on his experience and specialized knowledge are not facts that would be known to an average person and thus, fall within the scope of Rule 702. *See, Irish v. Tropical Emerald LLC*, 2022 WL 2716182 at *7 (E.D.N.Y. 2022) (*relying on Edelman v. Keuka College*, 2019 WL 3816563, at *8 (W.D.N.Y. Aug 14, 2019), "Testimony regarding …terminology constitutes specialized knowledge falling within the scope of Rule 702 if it is grounded in one's general knowledge of or experience in the industry." (collecting cases)).

The Declaration of a non-party witness that solely relies on opinions based on industry experience requires a timely expert disclosure. *See, Irish*, 2022 WL 2716182 at *7-8. A party

Case 1:20-cv-08042-PKC   Document 160   Filed 11/17/22   Page 3 of 4



must comply with the requirements of Rule 702 and proffer such testimony in accordance with Rule 26(a)(2)(A), before offering such testimony in support of a motion or at trial. *See, Irish*, 2022 WL 2716182 at *7; *Bank of China v. NBM, LLC*, 359 F. 3d 171, 180-182 (2nd Cir. 2004) (While a witness may provide lay and expert testimony in a single case, before such testimony can be proffered, a party must satisfy the reliability requirements of Rule 702 and disclose the witness as an expert pursuant to Rule 26(a)(2)(A)). The failure to timely disclose the witness as an expert warrants the preclusion of the non-conforming Declaration. *See, Irish*, 2022 WL 2716182 at *9.

Here, Defendants use Berry Welsh as an expert in the industry to explain "common practices" with respect to the docudrama genre. Notably, while Berry Welsh was the Executive Producer of *When They See Us*, his Declaration does not rely on his knowledge of the facts in this case. Rather, the opinion Mr. Welsh provided in his Declaration is based on his general knowledge and experience in the industry and a comparison of *When They See Us* to other docudramas.

Defendants have not designated Mr. Welsh as an expert in this action. Nor have Defendants disclosed in their Supplemental Initial Disclosures that Mr. Welsh would be offering testimony about his purported knowledge of the film making industry, including "customary" research for productions based on true stories, dramatizations as a form of "artistic expression," the creation and scripting of dramatizations, or "standard storytelling techniques." (See ECF 153 ¶¶ 12-21).

This is precisely the circumstance that arose in *Irish*, which resulted in the expert declaration being stricken and disregarded. Plaintiff will request the same relief in her motion.

### III. The subject of Mr. Welsh's Declaration is not probative on the issue of actual malice.

Defendants offer Mr. Welsh's opinion on industry practice as a means of circumventing the vast direct and circumstantial evidence establishing the falsity of Defendants' portrayal of Ms. Fairstein in *When They See Us*. However, Mr. Welsh's Declaration, which sets out a generalized custom and practice for the production of docudramas and compares the production of *When They See Us* to other films based on true stories, is not probative of actual malice and does not weigh on the issue of whether the Defendants had a "subjective awareness of either falsity or probable falsity of the defamatory statement or acted with reckless disregard of its truth or falsity" *See Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 182-183 (2d Cir. 2000) (emphasis added). Courts have held that common industry practice or standards are irrelevant to the issue of actual malice. *See, Levesque v. Doocy*, 560 F.3d 82, 90 (1st Cir. 2009); *Diaz v. Gazmey Santiago*, 2020 WL 1042041, at *2 (D.P.R. Mar 3. 2020).

Moreover, *When They See Us* was marketed by Defendants as a true story and this Court held that there are five scenes in which the "average viewer could conclude that these scenes have a basis in fact and do not merely reflect the creators' opinions about controversial historical

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400



events." *Fairstein*, 553 F. Supp. 3d at 58.  Recent case law rejects the application of a docudrama standard, as set forth in the Welsh Declaration, in the evaluation of actual malice, particularly in cases where, as here, the Defendants market the film as a true story.  *See, Reid v. Viacom Int'l*, 2016 WL 11746046, at *4 n. 7 (N.D. Ga. 2016).

For these reasons, Plaintiff will establish that Mr. Welsh's Declaration should be stricken and/or disregarded.

**IV.    Proposed Briefing Schedule**:

Plaintiff proposes the following briefing schedule: (1) motion to be filed by 11/30/22; (2) opposition by 1/6/23; and (3) reply by 1/16/23.

<div style="text-align:right;">

Respectfully submitted,
By:  /s/ *Kara L. Gorycki*
Kara L. Gorycki (KG 3519)
Andrew T. Miltenberg (AM 7006)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Phone: (212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

</div>