**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LINDA FAIRSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-cv-8042 (PKC) |
| v. | ) | |
| | ) | |
| NETFLIX, INC., AVA DUVERNAY, and | ) | |
| ATTICA LOCKE, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**</u>
<u>**TO FILE CONFIDENTIAL INFORMATION UNDER SEAL**</u>

Pursuant to Section 7.4 of the Stipulated Protective Order (ECF No. 105), and in accordance with Rule 5 of the Court's Individual Practices, Defendant Netflix, Inc. ("Netflix"), and the individual Defendants Ava DuVernay ("DuVernay") and Attica Locke ("Locke", collectively "Defendants"), respectfully request that certain excerpts of their deposition testimony, deposition exhibits and personal communications be redacted or filed under seal by Plaintiff in connection with her opposition to Defendants' Motion for Summary Judgment.  The documents and testimony fall into three categories: (1) materials revealing private information about the Five men who are the subject of the Series—Raymond Santana, Korey Wise, Kevin Richardson, Antron McCray and Yusef Salaam (the "Five"); (2) personal communications between Defendants and third-parties or referencing third-parties; and (3) confidential and proprietary Netflix business documents.

As set forth below, and in the accompanying supporting declarations, Defendants' requests are limited in nature and narrowly tailored to protect confidential information.

## BACKGROUND

### A.      Plaintiff's and Third-Party's Prior Motions to Seal

Prior to the filing of Defendants' Motion for Summary Judgment, Plaintiff filed a Motion to Seal certain of her documents and testimony that would be used in Defendants' Summary Judgment Motion.  (ECF No. 124.)  Plaintiff's Motion sought to seal a number of her communications in their entirety and her deposition testimony regarding those communications. Defendants agreed to redact the portion of the communications from third-parties to Ms. Fairstein, but opposed Plaintiff's request to seal her own portions of those communications given Plaintiff's position as a public official and the nature of her statements about the underlying criminal case and people involved in the case.  (ECF No. 140.)  Third-party Elizabeth Lederer also filed a Motion

to Seal excerpts of her deposition testimony and documents produced in this matter.  (ECF No. 132.)  Defendants agreed to Ms. Lederer's request to seal certain testimony and her portions of communications.   (ECF No. 140.)   Pending ruling on Plaintiff's motion to seal her communications, Defendants filed the requested materials under seal or in redacted form and also filed redacted versions of their motion papers.

## B.    Meet and Confer with Plaintiff

On November 2, 2022, pursuant to the Parties' agreement, Defendants sent Plaintiff a letter identifying the portions of their deposition testimony and exhibits that they believe should be filed in redacted form or under seal as confidential.  (Declaration of Natalie J. Spears ("Spears Decl.") at ¶ 2; Exhibit 1.)  On November 16, in accordance with the Protective Order in this case, Plaintiff sent Defendants a list of the designated deposition testimony and exhibits and other confidential documents produced by Defendants that Plaintiff intends to submit with her Opposition to Defendants' Motion for Summary Judgment.  (*Id.* at ¶ 3; Exhibit 2.)[1]  Plaintiff's Opposition brief is due November 30, 2022.

## LEGAL STANDARD

It is well-established that documents filed in connection with "a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  These documents "'should not remain under seal absent the most compelling reasons.'"  *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir.1982)).  Even if a document is considered a judicial document, the Court must determine "if any countervailing factors or higher values outweigh the right of public access to that judicial document."  *Hanks v.*

---

[1] Pursuant to Section 7.4 of the Protective Order entered in this matter (ECF No. 105), Defendants have redacted emails addresses and contact information from all documents.

*Voya Ret. Ins. & Annuity Co*., 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020) (Castel, J.). Factors that support sealing include privacy interests in certain information such as "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters[.]" *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Additionally, the "demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Hanks*, 2020 WL 5813448, at *2.

## ARGUMENT

Defendants request limited redactions and sealing for certain materials Plaintiff seeks to submit in connection with her summary judgment opposition, subject to the standards and principles outlined above. Defendants' requests are made to protect privacy interests and prevent competitive harm, as supported by the declarations submitted herewith, and to provide for consistency for impacted third-parties in consideration of Plaintiff's sealing requests for third-party communications.

**A.      Materials Reflecting Private Information of the Five**

Defendants seek to seal or redact certain personal information regarding the Five men and their families. This Court has recognized that "non-party privacy interests are a legitimate countervailing factor to be considered against the public's right of access." *Sec. & Exch. Comm'n v. Telegram Grp. Inc*., 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) (Castel, J.); *Amodeo*, 71 F.3d at 1051 (holding that "family affairs . . . will weigh more heavily against access than conduct affecting a substantial portion of the public."). The documents at issue in this category are:

| Exhibit No. to Spears Decl. | Description | Defendants' Request |
|---|---|---|
| Ex. 3<br>DEFS035246-263 | This is a copy of Ms. Locke's[2] handwritten notes of the November 7, 2017 writers' room interview with Antron McCray.  In these interviews, the men shared deeply personal stories regarding their experiences as children and life after prison.  (Locke Decl. at ¶ 4.)  They also shared intimate details of their family relationships.  (*Id.* at ¶ 3.)  Many of these details were not included in the Series.  (*Id.*) | To protect Mr. McCray's privacy, Defendants request that this document be filed under seal. |
| Ex. 4<br>DEFS035268-288 | This is a copy of Ms. Locke's handwritten notes of the November 8, 2017 writers' room interview with Kevin Richardson.[3] (Locke Decl. at ¶ 4.) | To protect Mr. Richardson's privacy, Defendants request that this document be filed under seal. |
| Ex. 5<br>DEFS035308, DEFS035322-323 | This is an excerpt of Ms. Locke's handwritten notes of the November 13, 2017 writers' room interview with Korey Wise. (Locke Decl. at ¶ 4.) | To protect Mr. Wise's privacy, Defendants request that this document be filed under seal. |
| Ex. 6<br>DEFS035348-372 | This is a copy of Ms. Locke's handwritten notes of the November 6, 2017 writers' room interview with Raymond Santana. (Locke Decl. at ¶ 4.) | To protect Mr. Santana's privacy, Defendants request that this document be filed under seal. |
| Ex. 7<br>DEFS035404-405, DEFS035418-19 | This is an excerpt of Ms. Locke's handwritten notes of the November 9, 2017 writers' room interview with Yusef Salaam. (Locke Decl. at ¶ 4.) | To protect Mr. Salaam's privacy, Defendants request that this document be filed under seal. |

[2] Plaintiff's November 16, 2022 Appendix mistakenly refers to this as Ms. Swicord's notes.
[3] Plaintiff's November 16, 2022 Appendix mistakenly refers to this as notes of the interview with Mr. McCray.

| | | |
|---|---|---|
| Ex. 8<br>DEFS082915-916 | This is a copy of a communication between Ms. Locke and Ms. Swicord discussing personal details of one of the Five's family members.  (Locke Decl. at ¶ 7.) | To protect the privacy of the Five's family, Defendants request that certain information be redacted from this document.  A proposed redacted version is submitted herewith.<br><br>Plaintiff does not object to this request.[4] |
| Ex. 9<br>DEFS036189-313 | These are Ms. Locke's notes of her review of the Five's interviews with Sarah Burns.  (Locke Decl. at ¶ 9.)  These interviews were very personal and included intimate details of the men's lives and their families' lives.  (DuVernay Decl. at ¶ 4.)  Many of these details were not included in the Series.  (Id.) | To protect the privacy of the men, Defendants request that this exhibit be filed under seal.<br><br>Plaintiff does not object to this request. |
| Ex. 10 | This is a copy of Ms. Swicord's writers' room binder containing her research, the daily writers' room notes and her notes on the interviews with the Five.  (Swicord Decl. at ¶ 5.)  Like Ms. Locke's notes, these contain very personal details shared by the men during their interviews.  (Id. at ¶¶ 4-5.) | Defendant requested that Plaintiff remove portions of this binder relating to the writers' personal interviews with the Five.  Plaintiff requested that she be allowed to file a few pages of one of the interviews, but agreed to file the document under seal.<br><br>Defendants agree to this request.  The excerpted version of the binder is filed under seal herewith. |
| Ex. 11<br>DEFS009145-228 | This is a communication between the writers attaching a copy of the transcript of Korey Wise's first "confession" video statement.  The communication and transcript include Ms. Swicord's handwritten notes.  (Swicord Decl. at ¶ 11.) | Defendants request that this document be filed with redactions to mirror the redactions on the publicly available transcript on the NYC website.  (Spears Decl. at ¶ 13.) |
| Ex. 12<br>DEFS037809-811 | This is an excerpt of the transcript of Antron McCray's "confession" video statement. | Defendants request that this document be filed with redactions to mirror the redactions on the publicly available transcript on the NYC website.  (Spears Decl. at ¶ 14.) |

---

[4] Defendants set forth Plaintiff's position on the documents that were exhibits to depositions as identified in Plaintiff's November 16 letter.  Plaintiff did not identify her position with respect to the confidentiality of the documents on Appendix A to her letter (Exhibit 1).

| | | |
|---|---|---|
| Ex. 13<br>DEFS045841-844 | This is an excerpt of the transcript of Kevin Richardson's "confession" video statement. | Defendants request that this document be filed with redactions to mirror the redactions on the publicly available transcript on the NYC website. (Spears Decl. at ¶ 15.) |
| Ex. 14<br>DEFS0091735,<br>DEFS91739-811 | This is a communication among the writers and writers' room assistant and an excerpt of an attached timeline document. The timeline document includes information from the writers' interviews of the Five.  (Locke Decl. at ¶ 8.) | To protect the privacy of the Five men, Defendants request that this document be sealed. |
| DEFS0145479, at 5:24-31:51 | Plaintiff also seeks to file an excerpt of Angela Black's (Kevin Richardson's sister) videotaped interview with Sarah Burns. (DuVernay Decl. at ¶ 4.) | Defendants request that this lengthy except of Ms. Black's interview be filed under seal to protect the privacy of Ms. Black, a third-party to this action, and her family. |

## B.     Certain Communications with Third-Parties or About Third-Parties Should Be Sealed to Protect the Third-Parties' Privacy Interests

Defendants seek to seal limited, confidential communications between Defendants and third-parties, and certain communications about third-parties who have no connection to the Series. As set forth above, this Court has recognized that "non-party privacy interests are a legitimate countervailing factor to be considered against the public's right of access." *Telegram Grp. Inc*., 2020 WL 3264264, at *6; *In re IBM Arb. Agreement Litig*., 2022 WL 3043220, at *3 (S.D.N.Y. Aug. 2, 2022) (granting motion to redact names of third-parties from public filings, finding that "the 'privacy interests' of third parties outweigh the presumption of public access afforded to these portions of the filings.").

These third-parties should not be unnecessarily dragged into this litigation simply because they corresponded with an individual who was later sued.  In particular, two of the Defendants, Ms. DuVernay and Ms. Locke, are individuals with personal relationships outside of the Series,

and have had communications with such third-parties including family, friends and professional colleagues.  Based on the privacy principles articulated above, the third-parties' portions of these communications should be sealed.  Although certain of the individuals with whom defendants communicated did have some role in the Series, they are still third-parties to this litigation and their personal privacy interests should be weighed significantly and protected.  *See e.g. Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) (Castel, J.) ("The privacy interests of innocent third parties also 'should weigh heavily in a court's balancing equation.'").

Further, for consistency and to ensure fairness and equity before the Court for parties and third-parties, Defendants also seek to seal their portion of these communications to the extent that the Court grants Plaintiff's similar request to seal her portions of communications with third-parties.  As set forth in Defendants' response to Plaintiff's prior Motion to Seal (ECF No. 140 at 7), it is Defendants' position that only the name and content of the third-parties' side of the communications should be redacted, and the party's portion of the communication may be made public.  However, given that Plaintiff did not agree to publicly file her own portions of third-party communications and they are presently under seal, Defendants seek to seal their communications pending the Court's review of Plaintiff's sealing requests; and Defendants request the parties' respective communications be treated similarly once the Court considers the requested relief sought by both parties.

The documents at issue in this category are:

| Exhibit No. to Spears Decl. | Description | Parties' Positions |
|---|---|---|
| Ex. 15 DEFS093406 | This is a communication from Hannah Baker to Ava DuVernay referencing unrelated third-parties. (DuVernay Decl. at ¶ 6.) | To protect the privacy these third-parties, Defendants propose that this document be filed with redactions.  A proposed redacted version is submitted herewith.<br><br>Plaintiff does not object to this request. |
| Ex. 16 | This is a list ███████████ ███████████████ ██████████ (DuVernay Decl. at ¶ 8; Spears Decl. at ¶ 18.) | To protect the privacy of the individuals listed, Defendants request that Plaintiff file this document under seal with redactions for information Plaintiff is not submitting.<br><br>Plaintiff does not object to this request. |
| Ex. 17 DEFS177725<br><br>Ex. 18 DuVernay Deposition | This is a communication from Ms. DuVernay to ███████████ ███████████ had no involvement with the Series.  (DuVernay Decl. at ¶ 9.)<br><br>Ms. DuVernay testified about this communication at her deposition at 129:16-20, 120:24 – 130:6. | To protect the privacy of ███████, Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff objects to Defendants' request to file this document under seal. Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed.<br><br>Defendants accepted Plaintiff's proposed revisions to the scope of the transcript redactions. |
| Ex. 19 DEFS173489-490 | This is a communication from Hannah Baker to Ava DuVernay referencing unrelated third-parties. (DuVernay Decl. at ¶ 7.) | To protect the privacy these third-parties, Defendants propose that this document be filed with redactions.  A proposed redacted version is submitted herewith.<br><br>Plaintiff does not object to this request. |

| Ex. 20 DEFS177317 | This is a communication from Ms. DuVernay to ███████████ ████████ (DuVernay Decl. at ¶ 10.)<br><br>Ms. DuVernay testified about this communication at her deposition at 152:24 – 153:9. | To protect the privacy of ████████ Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff objects to filing this exhibit under seal in its entirety but proposed redactions. Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed.<br><br>Defendants accepted Plaintiff's proposed revisions to the scope of the transcript redactions. |
|---|---|---|
| Ex. 21 DEFS177320-321 | This is a series of communications between Ms. DuVernay and ███████ ████████ (DuVernay Decl. at ¶ 10.) | To protect the privacy of ████████ Defendants request that this document be filed under seal. |
| Ex. 22 DEFS177582-586 | This is a series of communications between Ms. DuVernay and ████ ██████████████ ██████ (DuVernay Decl. at ¶ 11.)<br><br>Ms. DuVernay testified about these communications at her deposition at 154:10 – 155:13, 159:23 – 161:15. | To protect the privacy of ████ ██████ Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff does not object to this request. |
| Ex. 23 DEFS177591-594 | This is a series of communications between Ms. DuVernay and ████ ██████████ ████ (DuVernay Decl. at ¶ 11.) | To protect the privacy of ████ ████████, Defendants request that this document be filed under seal. |
| Ex. 24 DEFS177595-597 | This is a series of communications between Ms. DuVernay and ████ ██████████ ████ (DuVernay Decl. at ¶ 11.) | To protect the privacy of ████ ████████ Defendants request that this document be filed under seal. |

| Ex. 25 DEFS177492-502 | This is a series of communications between Ms. DuVernay and ███████ ████████████████████ ███████████████████████ ████████████████████ (DuVernay Decl. at ¶ 12.) <br><br> Ms. DuVernay testified about these communications at her deposition at 197:2 – 199:13. | To protect the privacy of ███████ ████████████ Defendants request that this document be sealed and that the corresponding testimony be redacted. <br><br> Plaintiff objects to filing this exhibit under seal in its entirety but proposed redactions.  Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed. <br><br> Defendants proposed redactions on the transcript and disagree with Plaintiff's proposed limitation on those redactions. |
|---|---|---|
| Ex. 26 DEFS177390 | This is a communication from Ms. DuVernay to ████████████████ ███████████████████████ ███████████████████████ ████████████████████████ ████████████████████████ ████████████████████  This communication was sent by Ms. DuVernay in a personal capacity. (DuVernay Decl. at ¶ 13.) | To protect the privacy of ███████ ██████████ Defendants request that this document be filed under seal. |
| Ex. 27 DEFS177572 | This is a communication from ████████████ to Ms. DuVernay.  ████ is a casual acquaintance of Ms. DuVernay and had no involvement in the Series.  (DuVernay Decl. at ¶ 14.) | To protect the privacy of ████████ Defendants request that this document be filed under seal. |

| Ex. 28 DEFS177522-523 | This is a series of communications between Ms. DuVernay and ███ ███ These communications were sent in Ms. DuVernay's personal capacity.  (DuVernay Decl. at ¶ 15.)<br><br>Ms. DuVernay also testified about these communications at her deposition at 180:15 – 181:11. | To protect the privacy of ████████ who is a third-party, Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff objects to filing this exhibit under seal.  Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed.<br><br>Defendants proposed redactions on the transcript and disagree with Plaintiff's proposed limitation on those redactions. |
|---|---|---|
| Ex. 29 DEFS177405-407 | This is a series of communications between Ms. DuVernay and ███ ████████ ████████████ These communications were sent in Ms. DuVernay's personal capacity. (DuVernay Decl. at ¶ 16.) | These are communications that were sent between Ms. DuVernay and ███ ████████ in their personal capacities. To the protect the privacy of Mr. Starrbury as a third-party to this litigation, Defendants request that this document be sealed. |
| Ex. 30 DEFS177423-433 | This is a series of communications between Ms. DuVernay and ████ ████████████ These communications were sent in Ms. DuVernay's personal capacity. (DuVernay Decl. at ¶ 17.) | These are communications that were sent between Ms. DuVernay and ████████ To the protect the privacy of the third-parties to this litigation, Defendants request that this document be sealed. |
| Ex. 31 DEFS160371-372 | This is a communication from ████ ████████████ ████████████ ██████████ ████████████ ████████████ ████████ (DuVernay Decl. at ¶ 18.) | To the protect the privacy of the third-parties to this litigation, Defendants request that this document be filed under seal. |

| Ex. 32 DEFS177653 | This is a communication from Ms. DuVernay to ▓▓▓▓▓▓ (DuVernay Decl. at ¶ 19.) | To protect the privacy of third-parties, Defendants request that this document be sealed. Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, this communication should be sealed. |
|---|---|---|
| Ex. 33 DEFS177503-507 | This is a series of communications between Ms. DuVernay, Ms. Locke, ▓▓▓▓▓▓ These communications were sent in Defendants' personal capacities. (DuVernay Decl. at ¶ 20; Locke Decl. at ¶ 14.) | These are communications that were sent by Defendants in their personal capacities. To the protect the privacy of the third-parties to this litigation, Defendants request that this document be sealed. |
| Ex. 34 DEFS176209 Ex. 35 Locke Deposition | This is a communication between Ms. Locke and ▓▓▓▓▓▓ ▓▓▓▓▓▓ is a professional acquaintance of Ms. Locke and had no involvement in the Series. (Locke Decl. at ¶ 9.) Ms. Locke testified about this communication at her deposition at 53:19 – 54:14. | To protect the privacy of ▓▓▓▓▓▓ Defendants request that this document be sealed and that the corresponding testimony be redacted. Plaintiff objects to filing this exhibit under seal in its entirety but proposed redactions. Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed. Defendants proposed redactions on the transcript and disagree with Plaintiff's proposed limitation on those redactions. |
| Ex. 36 DEFS176198 | This is a series of communications between Ms. Locke and various third-parties. The majority of this communication discusses Ms. Locke's book. (Locke Decl. at ¶ 10.) | To the protect the privacy of the third-parties to this litigation, Defendants request that this document be filed under seal. |

| Ex. 37 | This is a list ██████████ ███████████████ ██████ (Locke Decl. at ¶ 11; Spears Decl. at ¶ 39.) | To protect the privacy of the individuals listed,  Defendants request that Plaintiff file this document under seal with redactions for information Plaintiff is not submitting.<br><br>Plaintiff does not object to this request. |
|---|---|---|
| Ex. 38 DEFS176145-146 | This is a series of communications between Attica Locke ██████ ██████████ is an acquaintance of Ms. Locke and had no involvement in the Series.  (Locke Decl. at ¶ 12.)<br><br>Ms. Locke testified about these communications at her deposition at 68:23 – 70:11. | To protect the privacy of ██████ Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff objects to filing this exhibit under seal.  Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed.<br><br>Defendants proposed redactions on the transcript and disagree with Plaintiff's proposed limitation on those redactions. |
| Ex. 39 DEFS176147-152 | This is a series of communications between Ms. Locke and ██ ████████████████ (Locke Decl. at ¶ 13.)<br><br>Ms. Locke testified about these communications at her deposition at 190:1 – 191:16, 192:19 – 194:18. | To protect the privacy of ██████ a third-party, Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff objects to filing this exhibit under seal in its entirety but proposed redactions.  Defendants' position, as set forth above in this Motion, is that to be equitable and consistent with Plaintiff's request to also seal her own portions of personal communications with third-parties, these communications should be sealed.<br><br>Defendants proposed redactions on the transcript and disagree with Plaintiff's proposed limitation on those redactions. |

| | | |
|---|---|---|
| Ex. 40<br>DEFS007786-826 | This is a copy of Ms. Swicord's handwritten notes on her work on the Series. Included in this packet are two pages of unrelated, personal notes by Ms. Swicord. (Swicord Decl. at ¶ 7.) | To the protect the privacy of Ms. Swicord, who is a third-party to this action, Defendants request that the two pages of personal notes be redacted.<br><br>Plaintiff does not object to this request. |
| Ex. 41<br>DEFS163021<br><br>Ex. 42<br>Swicord<br>Deposition | This is a series of communications between Ms. Swicord and ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ is an acquaintance of Ms. Swicord and had no involvement in the Series. (Swicord Decl. at ¶ 8.)<br><br>Ms. Swicord testified about these communications at her deposition at 191:14 – 192:23, 193:8 – 194:6, 194:18-21, 195:4 – 196:6. | To protect the privacy of third-parties Ms. Swicord and ▮▮▮▮ Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff does not object to Defendants' request. |
| Ex. 43<br>DEFS163025-026 | This is a series of communications between Ms. Swicord and ▮▮▮▮ ▮▮▮▮ is an acquaintance of Ms. Swicord and had no involvement in the Series. (Swicord Decl. at ¶ 9.)<br><br>Ms. Swicord testified about these communications at her deposition at 29:5-24, 30:9-13, 30:24 – 32:11, 33:9-21, 34:10-16, 35:6 – 36:9, 199:12 – 200:25, 201:16 – 202:7, 202:17 – 203:15. | To protect the privacy of third-parties Ms. Swicord and ▮▮▮▮ Defendants request that this document be sealed and that the corresponding testimony be redacted.<br><br>Plaintiff does not object to Defendants' request. |
| Ex. 45<br>DEFS094234<br><br>Ex. 44<br>Engel<br>Deposition | This is a communication between Ms. DuVernay, Hannah Baker and Berry Welsh discussing casting for the Series. The communication references third-parties who were ultimately not involved with the Series. (Engel Decl. at ¶ 12.)<br><br>Ms. Engel testified about this communication at her deposition and mentioned the name of the third-parties at 143:20-21, 145:20. | To protect the privacy of third-parties, Defendants request that this document and the corresponding testimony be redacted. A proposed redacted version is submitted herewith.<br><br>Plaintiff does not object to Defendants' request. |

| Ex. 46 DEFS159923 | This is a series of communications among Ms. DuVernay, Mr. Welsh, Jane Rosenthal and third-parties about casting.  The communication copies and references third-parties who were ultimately not involved with the Series.  (Engel Decl. at ¶ 13.) | To protect the privacy of third-parties, Defendants request that this document be redacted.  A proposed redacted version is submitted herewith.  Plaintiff does not object to Defendants' request. |
|---|---|---|
| Ex. 47 DEFS145538-539 | This is a communication between Ms. DuVernay, Mr. Welsh and Netflix employees discussing casting for the Series.  The communication references third-parties who were ultimately not involved with the Series.  (Engel Decl. at ¶ 14.)  Ms. Engel testified about this communication at her deposition and mentioned the name of the third-parties at 149:21, 149:22, 149:24, 150:18-19. | To protect the privacy of third-parties, Defendants request that this document be redacted.  A proposed redacted version is submitted herewith.  Plaintiff does not object to Defendants' request. |
| Ex. 48 DEFS0149003 | This is a communication from Joanna Wolff to Netflix employees regarding an interview Ms. DuVernay gave for the Series.  (Wolff Decl. at ¶ 12.) ███ ████████████████████ ███████████ (*Id.*) | To protect the privacy of ████ █████████ discussed in this document and Ms. Wolff's confidential communications, Defendants request that this document be filed under seal. |
| Ex. 49 DEFS0175523-524 | This is series of communications between Joanna Wolff, other Netflix marketing and PR employees and third-parties ████████████ ███████ (Wolff Decl. at ¶ 13.) ███████████████ █████████████████ ████████████████ ██████████ (*Id.*) | To the protect the privacy of the third-parties to this communication and ███ ████ Defendants request that this document be filed under seal. |

**C.      Netflix's Documents Containing Confidential and Proprietary Information Should Be Sealed**

Of the thousands of documents produced in discovery, Netflix seeks to seal a very limited number of documents reflecting its confidential and proprietary information, which if disclosed would subject Netflix to competitive harm.  These documents fall into three categories: (1) internal documents reflecting confidential and proprietary performance metrics and analyses related to the Series; (2) internal documents reflecting confidential and proprietary publicity and marketing strategies for the Series; and (3) contracts between Netflix and the writers of the Series.  "The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Telegram Grp. Inc*., 2020 WL 3264264, at *3; *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (Castel, J.) (holding that "protecting the parties' sensitive business information, outweighs the public's right to access this information").

**(1) Internal documents reflecting confidential and proprietary metrics and analyses related to the Series**.  Defendants seek to seal Exhibit 50 to the Spears Declaration and redact Alison Engel's testimony at 21:21- 48:13 (Exhibit 44).  Plaintiff does not object to this request.

As set forth in the supporting declaration of Alison Engel, the CP&A Performance Update document ("Performance Update") contains confidential and proprietary metrics concerning performance of the Series on Netflix's streaming platform and financial information regarding the Series.  These metrics were developed by Netflix and are used only internally.  (Engel. Decl. at ¶ 5.)  This Performance Update document is highly confidential and is not shared externally.  (*Id*. at ¶ 10.)  The Performance Update document itself also contains sensitive information and metrics for several Netflix programs other than the Series.  (*Id*. at ¶ 6.)

If the Performance Update document were publicly disclosed it would put Netflix at a severe competitive disadvantage.  Netflix competes in a highly-competitive market with other video streaming services as well as traditional film and television studios for both viewers and content.  If Netflix's competitors were privy to how Netflix measures the performance of its content and Netflix's viewership statistics, competitors may be able to identify strategies to better compete with Netflix for viewers and talent.  (*Id*. at ¶ 7.)  Courts routinely grant motions to seal these types of documents.  *See e.g. PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022)  (holding that confidential and proprietary information about PCC's internal systems are "competitively sensitive" and should be sealed "because, if disclosed, such would give PCC's competitors valuable insight into PCC's business practices."); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015), *on reconsideration in part*, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (sealing documents consisting of "highly confidential sales information, including pricing information"); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (granting sealing of trade secrets and confidential business information, "the disclosure of which would cause competitive harm.").

**(2) Internal documents reflecting confidential and proprietary publicity and marketing strategies for the Series.**  As set forth in the supporting declaration of Joanna Wolff, Netflix seeks to seal certain documents relating to its publicity and marketing strategies for the Series.[5]  Plaintiff does not object to Defendants' request.  The documents at issue in this category are:

_____

[5] In an effort to tailor to the most narrow means necessary to protect its interests, Netflix is not seeking to seal Ms. Wolff's testimony regarding these documents because her testimony is sufficiently limited so as not to disclose the entirety of the contents of the document and the strategies contained therein.

| Exhibit No. to Spears Decl. | Description |
|---|---|
| Exs. 51A and 51B<br>DEFS144759-767 | PR Strategy of Netflix for *When They See Us* |
| Ex. 52<br>DEFS169113-117 | *When They See Us* Communications Plan |
| Ex. 53<br>DEFS0147845-868 | Internal Netflix communication attaching *When They See Us* Social Strategy |
| Ex. 54<br>DEFS0169055 | *When They See Us* Task Force Agenda |
| Ex. 55<br>DEFS0169212-214 | *When They See Us* Guidance |

These documents contain confidential and proprietary information regarding Netflix's marketing and publicity strategies for the Series.  (Wolff Decl. at ¶¶ 4-6, 8-11.)  These documents, if publicly disclosed, would provide competitors an unfair advantage in creating their own marketing and publicity plans for their programming and would allow competitors to compete more successfully with Netflix.  (*Id.* at ¶¶ 4-5.)  These documents provide insight not just into the strategies for the Series at issue, but Netflix's overall marketing and publicity strategies for all of its programming.  (*Id.* at ¶ 6.)  Courts frequently grant motions to seal similar documents so as to avoid competitive harm to the movant.  *See e.g. GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents "concerning the defendants' marketing strategies, product development, costs and budgeting"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal relating to "advertising expenditures and plans" and "merchandising strategies, policies and sales").

**(3) Contracts between Netflix and the writers of the Series.**[6]  Defendants seeks to seal the contracts between Netflix and the writers and related testimony.  Plaintiff does not object to this request.  The documents and testimony at issue in this category are:

| Exhibit No. to Spears Declaration | Document |
|---|---|
| Ex. 42<br>Swicord Deposition | Swicord Testimony at 23:24 – 24:5, 25:18 – 27:23 |
| Ex. 57<br>DEFS144625-27 | Swicord Certificate of Authorship |
| Ex. 58<br>DEFS144464-483 | Swicord Loanout Agreement |
| Ex. 56<br>Dunbar Deposition | Dunbar Testimony at 27:12-14, 28:5-10, 29:25 – 30:2, 30:7-23, 32:1-20, 33:17-18, 34:10-16, 36:18 – 37:8, 37:22-25, 38:13-17, 39:23 – 40:15, 41:8-12, 42:23 – 43:3 |
| Ex. 59<br>DEFS144587-607 | DuVernay Loanout Agreement |
| Ex. 60<br>DEFS144439-45 | Locke Loanout Agreement |
| Ex. 61<br>DEFS144446-52 | Locke Loanout Agreement |
| Ex. 62<br>DEFS144460-63 | Locke Certificate of Authorship |
| Ex. 63<br>DEFS144457-576 | Locke Loanout Agreement |

As set forth in the supporting declaration of Alesa Dunbar, the terms of Netflix's contracts with its writers are confidential and proprietary.  (Dunbar Decl. at ¶¶ 6, 7.)  If Netflix's contracts with its writers were disclosed it would put Netflix at a severe competitive disadvantage.  (*Id*. at ¶ 5.)  Again, Netflix competes in a highly-competitive market with other video streaming services as well as traditional television and film studios for content and talent.  (*Id*.)  If Netflix's

[6] The financial terms of the contracts were redacted upon production and Plaintiff never requested unredacted copies of the contracts.

competitors knew the terms of Netflix's contracts with talent, the competitors could better negotiate deals with talent to make their services more attractive to talent than Netflix's service. (*Id.*.)  For these reasons, sealing the contracts is appropriate.  *See Hanks,* 2020 WL 5813448, at *3 (holding that "[d]isclosure of specific metrics or details of negotiated settlements could result in significant commercial harm to Movants without providing much value in the monitoring of the federal courts."); *Valassis Commc'ns, Inc. v. News Corp*., 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (Castel, J.) (holding that disclosure of "specific contracts terms, and other similar information could result in significant harm to News without providing much value to the monitoring of the federal courts.").

**CONCLUSION**

Based on the foregoing, each of the documents and testimony excerpts attached as exhibits to the Spears Declaration should be filed in redacted form or under seal as detailed above.

Dated: November 23, 2022                                   Respectfully submitted,

                                                          */s/ Natalie J. Spears*
                                                          _____

                                                          Natalie J. Spears (*pro hac vice*)
                                                          Gregory R. Naron (*pro hac vice*)
                                                          Jacqueline A. Giannini (*pro hac vice*)
                                                          DENTONS US LLP
                                                          233 South Wacker Drive, Suite 5900
                                                          Chicago, Illinois 60606
                                                          Phone: (312) 876-8000

                                                          Sandra D. Hauser
                                                          Justin N. Kattan
                                                          DENTONS US LLP
                                                          1221 Avenue of the Americas
                                                          New York, New York  10020
                                                          Phone: (212) 768-6700

                                                          *Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 23, 2022, a true and correct copy of the foregoing

was served by CM/ECF on all counsel or parties of record on the service list.

/s/ *Natalie J. Spears*