大成 **DENTONS**

**Natalie J. Spears**
natalie.spears@dentons.com
D   +1 312-876-2556

Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6361
United States

dentons.com

November 23, 2022

**BY ECF**

Honorable P. Kevin Castel
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11 D
New York, NY 10007

*Plantiff may by file her motion by December 6, 2023, defendants respond by Jan 6, 2023 and plaintiff reply by Jan 16, 2023*

Re:   *Fairstein v. Netflix, Inc. et al*, No. 20-cv-8042 (PKC)
      Defendants' Response to Plaintiff's 11/17/22 Pre-Motion Letter to Strike Berry Welsh's
      Declaration and Preclude

*SO ORDERED
USDJ
11.28.22*

Dear Judge Castel:

We represent Defendants Netflix, Inc., Ava DuVernay and Attica Locke. This letter is submitted in response to Plaintiff's November 17, 2022 Pre-Motion Letter. Defendants oppose Plaintiff's anticipated Motion to Strike the declaration of Berry Welsh submitted in support of Defendants' Motion for Summary Judgment. As Defendants' opposition will detail, Mr. Welsh's declaration is not "expert opinion" under Federal Rule of Evidence 702, nor does the case law cited by Plaintiff support her request to strike his declaration. Plaintiff's Motion to Strike is merely an attempt to strike testimony with which she does not agree from a fact witness, Mr. Welsh, who was disclosed over a year ago, but whose deposition Plaintiff affirmatively chose not to take (after initially telling Defendants she intended to depose Mr. Welsh).

The briefing schedule Plaintiff proposes in her Pre-Motion Letter to the Court is acceptable to Defendants.

Respectfully Submitted,

By:   */s/ Natalie J. Spears*

Sandra D. Hauser
Justin N. Kattan
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6802

Natalie J. Spears (*pro hac vice*)
Gregory R. Naron (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000

*Attorneys for Defendants Netflix, Inc.,
Ava DuVernay and Attica Locke*

*Defendant's letter of November 23 does not comply with the Court's Individual Practices 3.A.(ii) and thus plaintiff cannot respond in compliance with 3.A.(iv).*

*The Conference will be adjourned to December 21, 2022 at 3:30 PM to permit compliance. Letter motion (Doc 10) is Terminated.*

*SO ORDERED*
*[signature]*
*(PKC USDJ)*
*11-28-22*

**SHOOK**
HARDY & BACON

November 23, 2022

*By ECF*
The Honorable P. Kevin Castel
U.S. District Court
Federal Building and United States Courthouse,
500 Pearl St.
New York, NY 10007-1312

William E. Vita

1325 Avenue of the Americas
28th Floor
New York, NY 10019
ext. 77002
t 212.989.8844
dd 212.779.6103
Email: wvita@shb.com

Re: *Michael Lester v. CVS Pharmacy, Inc.*
S.D.N.Y. Case No. 1:22-cv-07334
Initial Status Conference: November 29, 2022

Dear Judge Castel:

Defendant CVS Pharmacy writes on behalf of itself and plaintiff to jointly request that this Court stay all discovery in this matter and adjourn the Initial Status Conference set for November 29, 2022.

The parties conducted a Rule 26(f) conference on November 18, 2022. The parties discussed a responsive pleading date of December 27, 2022. It is Defendant's intention to file a Motion to Dismiss. Defendant's expected motion to dismiss will be based on preemption along with other arguments. As this motion could result in a dismissal of the entire case, the parties agreed to stay discovery until the Court rules on the motion to dismiss. Further, if discovery is stayed, the parties do not feel that the status conference set for November 29, 2022 would be necessary or productive at this time. No previous application for an adjournment has been made.

If some elements of the case remain, the parties suggest exchanging initial disclosures 30 days following the resolution of the pleadings. The parties respectfully request that they be permitted to prepare an initial case management statement 30 days following the resolution of the pleadings. The parties also request that the Court schedule a conference approximately 45 days after the resolution of the pleadings or at any time that is convenient for the Court.

The parties agree that there is no prejudice to either party requesting the stay and since the motion could be dispositive, staying discovery would be efficient for the parties and the Court.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ William E. Vita
William E. Vita