

**Natalie J. Spears**
natalie.spears@dentons.com
D    +1 312-876-2556

Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6361
United States

dentons.com

December 20, 2022

**BY ECF**

Honorable P. Kevin Castel
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11 D
New York, NY 10007

Re:   *Fairstein v. Netflix, Inc. et al*, No. 20-cv-8042 (PKC)
Defendants' Response to Plaintiff's 12/14/22 Pre-Motion Letter Regarding Spoliation of Evidence

Dear Judge Castel:

We represent Defendants Netflix, Inc., Ava DuVernay and Attica Locke.  This letter is submitted in response to Plaintiff's December 14, 2022 Pre-Motion Letter.  Plaintiff's request is a telling last-ditch grasp in the face of the overwhelming and undisputed evidence of Defendants' lack of actual malice which should put an end to Plaintiff's claims as a matter of law.[1]  The request should be denied.

As an initial matter, Defendants object to Plaintiff's Pre-Motion Letter as untimely.  Plaintiff's opposition to Defendants' Motion for Summary Judgment was due on November 30, 2022.  Plaintiff's letter and proposed motion requests relief in further support of her Opposition to Summary Judgment but was not filed with her voluminous Opposition papers (or requested in advance of her deadline as she did with her motion to strike Mr. Welsh's Declaration).  Instead, although Plaintiff had 60 days to respond to Defendants' Motion for Summary Judgment, and noted in her response to Defendants' Rule 56.1 Statement that Ms. DuVernay did not keep her copies of the published books (ECF No. 184 at 37), Plaintiff then waited an additional two weeks after her papers were due to file this letter.  Accordingly, Plaintiff's request should be denied or at minimum not considered in connection with summary judgment.

Setting aside the issue of Plaintiff's delay, her request for sanctions for purported spoliation of evidence is spurious.  Plaintiff's letter is based on unsupported assumptions and speculation that Ms. Duvernay kept notes in the margins of books she read.  This is entirely without merit and if the Court requires briefing on this issue, Ms. DuVernay will submit a declaration under oath that she did not keep notes in the books, as is her general practice.  These books are published books

---

[1] Plaintiff seeks an inference that any notes in Ms. DuVernay's books would have been unfavorable to Ms. DuVernay.  Yet, in her Opposition to Defendants' Motion for Summary Judgment, Plaintiff did not cite a single note from Ms. Swicord's or Ms. Locke's copies of these same books that she believes supports her position on actual malice.



in circulation, multiple copies of which were produced by Defendants. As Defendants will detail for the Court if a motion is permitted, there was no spoliation, nor can Plaintiff meet the required legal showing for sanctions in the form of an adverse inference. *Humphreys v. New York City Health & Hosps. Corp.*, 2022 WL 614677, at *5 (S.D.N.Y. Mar. 2, 2022) (denying sanctions).

Defendants request a modification to the briefing schedule proposed for Plaintiff's motion, which she proposes to file on January 6, 2022. Under the summary judgment briefing schedule set months ago, Defendants will be in the middle of preparing their Reply in Support of their Motion for Summary Judgment, which is due January 16, 2023. Accordingly, given the timing of Plaintiff's proposed motion, Defendants request that if Plaintiff files her motion on January 6, 2023, that Defendants opposition be due February 6, 2023, and Plaintiff's reply be due February 20, 2023.

Respectfully Submitted,

By:    */s/ Natalie J. Spears*

| | |
|---|---|
| Sandra D. Hauser <br> Justin N. Kattan <br> 1221 Avenue of the Americas <br> New York, New York 10020 <br> Phone: (212) 768-6802 | Natalie J. Spears (*pro hac vice*) <br> Gregory R. Naron (*pro hac vice*) <br> Jacqueline A. Giannini (*pro hac vice*) <br> DENTONS US LLP <br> 233 South Wacker Drive, Suite 5900 <br> Chicago, Illinois 60606 <br> Phone: (312) 876-8000 <br><br> *Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke* |