

| | | |
|---|---|---|
| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Gabrielle M. Vinci | Diana R. Warshow |
| ——————— | Nicholas E. Lewis | Kara L. Gorycki |
| Stuart Bernstein | Adrienne D. Levy | Susan E. Stark |
| Tara J. Davis | Regina M. Federico | Janine L. Peress |
| | Amy Zamir | *Senior Litigation Counsel* |

Rebecca C. Nunberg
*Counsel*

Marybeth Sydor
*Title IX Consultant*

ATTORNEYS AT LAW
nmllplaw.com

December 14, 2022

**BY ECF**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

> Without prejudice to plaintiff's argument that defendant's motion is untimely because she had 60 days to respond to Ms. DuVernay's declaration and waited weeks after its filing, plaintiff may file her motion by January 6, 2023 with memorandum of law limited to 15 pages. Response of 15 pages due February 6, 2023 and reply of 10 pages due February 20, 2023.
> SO ORDERED.
>
> *P. Kevin Castel*
> United States District Judge
> 12/21/2022

Re:    *Fairstein v. Netflix, Inc*., **1:20-CV-8042 (PKC)**
       **Pre-Motion Letter Regarding Spoliation of Evidence**

Dear Judge Castel:

The undersigned represents Plaintiff Linda Fairstein ("Plaintiff" or "Ms. Fairstein"), in the above-referenced action. In accordance with Paragraph 8 of the Case Management Plan (ECF 103), and Paragraph 3.A.i of Your Honor's Individual Practices, Plaintiff respectfully submits this pre-motion letter regarding Defendant Ava DuVernay's ("Ms. DuVernay") spoliation of evidence relevant to the issue of whether she acted with actual malice when falsely portraying Plaintiff in a defamatory manner in the five scenes at issue in *When They See Us* (the "Series"). Plaintiff seeks sanctions against Ms. DuVernay in the form of an adverse inference, along with such other and further relief as the Court deems just and proper.

As the Court is aware, the parties are in the process of briefing Defendants' pending summary judgment motion. Defendants moved for summary judgment on September 30, 2022. (ECF Nos. 146-158). Plaintiff opposed Defendants' summary judgment motion on November 30, 2022 (ECF Nos. 178-185). Defendants' reply is due on January 16, 2023. No conferences are currently scheduled with the Court.

Ms. DuVernay is a named defendant in this action. Ms. DuVernay submitted a declaration in support of Defendants' summary judgment motion (ECF No. 149). In her declaration—and for the first time in this case—Ms. DuVernay disclosed (in a footnote) that she "did not keep [her]



copies of the books" she relied on when writing the Series. DuVernay Decl. ¶ 29 n. 7. Instead, Ms. DuVernay submitted copies of another writer's books in support of Defendants' summary judgment motion. *Id.* Ms. DuVernay provided no additional information about her destruction of the books that she cited, and relied on, extensively in her declaration in support of Defendants' meritless assertion that Plaintiff cannot meet her burden of proving actual malice. *See* DuVernay Decl. (ECF No. 149) ¶¶ 29-30, 49, 51, 67-70, 74, 84-85, 90, 97-99, 106, 108-109, 113, 115, 120, 123, 128.[1] The books submitted to the Court in support of Defendants' motion contain handwritten notations made by Series writer Robin Swicord, who is not a party to this action. DuVernay Decl. ¶ 29 n. 7; ECF No. 55-1, Index to Master Appendix, Exhibits 17 and 27. Plaintiff has been prejudiced by Ms. DuVernay's destruction of the books she relied on in writing the Series because it is probable that—like Ms. Swicord—Ms. DuVernay marked pages of the books that she reviewed, including by writing notes about what she read. Any such notations would provide contemporaneous insight into what Ms. DuVernay thought or understood about Ms. Fairstein's role in the Central Park Jogger case. Because Ms. DuVernay intentionally discarded the books, there is a presumption that they contained such evidence. Accordingly, an adverse inference should be drawn against Ms. DuVernay.

"Spoliation is the destruction…of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Good Year Tire & Rubber Co.*, 167 F. 3d 776, 779 (2d Cir. 1999). It is within the Court's discretion to impose sanctions for spoliation of evidence and any sanction imposed should be designed to 1) deter parties from engaging in spoliation; 2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and 3) restore the prejudiced party to the same position she would have been absent the wrongful destruction of evidence by the opposing party. *Id.*

A party may seek an adverse inference for spoliation at the summary judgment stage of an action. *Balestriere PLLC v. CMA Trading, Inc.*, 2014 WL 929813, at * 4 (S.D.N.Y. Mar. 7, 2014) (discussing adverse inference for spoliation at summary judgment stage); *Frank v. Lawrence v. Union Free School Dist.*, 688 F. Supp. 2d 160, 168 (E.D.N.Y. 2010) ("At the summary judgment stage, an 'inference of spoliation, in combination with some (not insubstantial) evidence' can allow a plaintiff to survive summary judgment.'") (citing *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001)).[2] The party seeking an adverse inference must establish: 1) that the party had control over the evidence and had an obligation to preserve it at the time it was destroyed; 2) that the evidence was destroyed with a "culpable state of mind;" and 3) that the destroyed

---

[1] It is presumed that Ms. DuVernay must have relied on Ms. Swicord's copies of the books when putting together her declaration since she does not have copies of her own, raising questions about the accuracy of her recollection about what she read at the time she was writing the Series.

[2] As fully set forth in Plaintiff's summary judgment opposition briefing, there is clear and convincing evidence of actual malice, Defendants Netflix and Locke should remain in this case and there is more than sufficient evidence to support Plaintiff's conspiracy claim. ECF Nos. 183-184.



evidence was relevant to the parties claim or defense such that the trier of fact could find that it supported that claim or defense. *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

      An obligation to preserve evidence arises when litigation has commenced or when a party reasonably anticipates litigation. *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014). *See Ottoson v. SMBC Leasing & Finance, Inc.*, 268 F. Supp. 3d 570, 581 (S.D.N.Y. 2017); *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). Here, Ms. DuVernay had an obligation to preserve evidence since **June 2016** when Ms. Fairstein's attorney notified Ms. DuVernay of potential future litigation and her obligation to "take all steps necessary to retain and preserve all records and communications, whether in hard-copy or electronic form, that have already come into your possession relating to this project, and that come into your possession at any point going forward." ECF No. 182-74 (PX-52); DuVernay Decl. (ECF No. 149) ¶ 22; In turn, in July 2016, Ms. DuVernay's attorney reserved her rights and remedies against Ms. Fairstein (and Elizabeth Lederer). ECF No. 155-82, at LF00038633.

      Ms. DuVernay admits that she intentionally destroyed or "did not keep" her books. The "culpable state of mind" factor is "satisfied by a showing that the evidence was destroyed 'knowingly, even if without intent to [breach a duty to preserve it].'" *Residential Funding Corp.*, 306 F.3d at 108 (citing *Byrnie*, 253 F.3d at 109).

      A party's intentional destruction of evidence is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party. *Residential Funding Corp.*, 306 F.3d at 109. *See Balestriere PLLC*, 2014 WL 929813, at * 4. Regardless, as noted above, Ms. DuVernay's copies of the books she claims to have relied upon when writing the Series are relevant to the issue of actual malice because they potentially contained markings and notations which spoke to Ms. DuVernay's state of mind with respect to her portrayal of Ms. Fairstein in the Series. *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 182-183 (2d Cir. 2000).

      For the above stated reasons, Plaintiff respectfully requests the Court's permission to file a motion for sanctions against Ms. DuVernay for spoliation, including the drawing of an adverse interest against her that the books that she destroyed contained information unfavorable to her assertions that she did not act with actual malice.



Hon. P. Kevin Castel
Page 4 of 4

      Plaintiff proposes the following briefing schedule: 1) Plaintiff's motion to be filed by January 6, 2023; 2) Defendants' opposition due on January 31, 2023; and 3) Plaintiff's reply due on February 14, 2023.

      Respectfully Submitted,

By: /s/ *Kara L. Gorycki*
   Kara L. Gorycki (KG 3519)
Andrew T. Miltenberg (AM 7006)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Phone: (212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

cc:

All Counsel of Record (via ECF)