**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

LINDA FAIRSTEIN,                             )
                                             )
               Plaintiff,              )
                                             )   Case No. 20-cv-8042 (PKC)
         v.                         )
                                             )
NETFLIX, INC., AVA DUVERNAY, and             )
ATTICA LOCKE,                                )
                                             )
             Defendants.               )
                                             )

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF LINDA FAIRSTEIN'S
MOTION FOR SANCTIONS RELATING TO THE SPOLIATION OF EVIDENCE**

Kara L. Gorycki
Andrew T. Miltenberg
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212)736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

*Attorneys for Plaintiff Linda Fairstein*

## INTRODUCTION

Plaintiff Linda Fairstein ("Plaintiff" or "Ms. Fairstein") respectfully submits this memorandum of law in support of her motion for sanctions against Defendant Ava DuVernay ("Ms. DuVernay"), due to Ms. DuVernay's destruction of books that she claims to have substantially relied upon as part of her research for the Netflix limited series *When They See Us* (the "Series"), including for purposes of her portrayal of Ms. Fairstein in the Series.

Despite having the opportunity to disclose her spoliation of evidence during fact discovery in this action—including in response to Plaintiff's document requests and interrogatories which directly sought documents and information concerning her research—Ms. DuVernay waited until Defendants filed their summary judgment motion, on September 30, 2022, to disclose in her declaration in support thereof that she "did not keep" the books that she purportedly relied upon in researching Ms. Fairstein for the Series. She provided no further details as to when, how or why the books were destroyed.

Consequently, Plaintiff seeks sanctions against Ms. DuVernay. More specifically, Plaintiff seeks i) the imposition of an adverse inference against Ms. DuVernay that the books Ms. DuVernay destroyed contained markings or notations which evidenced actual malice and ii) a finding that Ms. DuVernay's selective destruction of her books is evidence of actual malice in itself. An adverse inference for spoliation may be imposed at the summary judgment stage of an action. *Balestriere PLLC v. CMA Trading, Inc.*, 2014 WL 929813, at * 4 (S.D.N.Y. Mar. 7, 2014).

The factors for drawing an adverse inference against Ms. DuVernay are readily met because: i) she was on notice of potential litigation and directed to preserve evidence in June 2016; ii) she had a culpable state of mind because her destruction of the books was admittedly intentional; and iii) Ms. DuVernay's copies of the books she claims to have relied upon when writing the Series are relevant to the issue of actual malice because they potentially contained markings and notations

which spoke to Ms. DuVernay's state of mind with respect to her portrayal of Ms. Fairstein in the Series.

Apart from finding that an adverse inference is warranted, the Court may also find—when evaluating Defendants' summary judgment motion—that Ms. DuVernay's selective destruction of her books is, itself, evidence of actual malice. *Brown & Williamson Tobacco Corp. v. Jacobson*, 827 F.2d 1119, 1134 (7th Cir. 1987).

In their pre-motion letter, Defendants argue that Ms. Fairstein should be denied the relief she is seeking herein because she purportedly delayed in filing a pre-motion letter with the Court. As fully detailed below, Ms. Fairstein addressed Ms. DuVernay's spoliation of evidence in her response to Defendants' Rule 56 Statement, in which she expressly reserved the right to seek sanctions against Ms. DuVernay. Ms. Fairstein's pre-motion letter was submitted shortly after filing her summary judgment opposition papers, opposition to Defendants' sealing motion and the motion to strike the Welsh Declaration. Defendants can claim no prejudice because they were on notice that this motion would be forthcoming, summary judgment briefing is ongoing and the Court modified the briefing schedule for this motion to align with Defendants' schedule.

For the reasons set forth below, Plaintiff's motion for sanctions against Ms. DuVernay should be granted.

## RELEVANT FACTUAL BACKGROUND

### I.    Procedural Background

On September 30, 2022, Defendants filed a motion for summary judgment (ECF No. 146-159). The filing consisted of a 50-page memorandum of law, five (5) declarations and a Statement of Undisputed facts containing 235 Paragraphs, many of which have multiple subparts and all of which purport to state more than one "fact" per paragraph, in violation of Local Rule 56.1.

At the time that that Defendants filed their motion, the parties were in the process of taking expert depositions, which concluded on October 12, 2022. Declaration of Kara L. Gorycki, dated January 5, 2023 ("Gorycki Decl."), ¶ 3. On November 2, 2022, Defendants' counsel sent a letter to Plaintiff's counsel regarding Defendants' confidentiality designations. ECF No. 172-1. On November 16, 2022, Plaintiff's counsel responded to the November 2nd letter and, pursuant to the Protective Order, provided Defendants with a list of Confidential documents that Plaintiff intended to submit in support of her opposition to Defendants' summary judgment motion. ECF No. 172-2; ECF No. 105.

On November 17, 2022, Plaintiff filed a pre-motion letter regarding her motion to strike the Declaration of Berry Welsh. ECF No. 160. Defendants responded on November 23, 2022. ECF No. 161.

On November 23, 2022, Defendants filed a motion to file confidential information under seal. ECF Nos. 162-176.

On November 30, 2022, Plaintiff filed her opposition to Defendants' summary judgment motion (ECF Nos. 178-185), consisting of a 50-page memorandum of law, a 195-page response to Defendants' Rule 56 Statement, two declarations and 267 exhibits. Plaintiff's Response to Paragraph 64(a) of Defendants' Rule 56 Statement expressly states:

> Ms. DuVernay destroyed or, as she says, *'did not keep' her books*. DuVernay Decl. ¶ 29 n. 7. Plaintiff reserves her right to seek an adverse inference or other relief with respect to Ms. DuVernay's spoliation of evidence since she was on notice of potential litigation since June 2016. DX-64. *West v. Goodyear Tire & Rubber Co.*, 167 F. 3d 776, 779 (2d Cir. 1999).

ECF No. 184, at p. 37.

Pursuant to the Court's Memo Endorsement (ECF No. 177), on December 6, 2022, Plaintiff filed a motion to strike the Welsh Declaration. ECF Nos. 186-188. On December 7, 2022, Plaintiff

filed a response to Defendants' Motion to file Confidential Information Under Seal. ECF Nos. 189-192.

On December 14, 2022, Plaintiff submitted a pre-motion letter to the Court concerning the present motion. ECF No. 193. On December 20, 2022, Defendants filed a response. ECF No. 194. On December 21, 2022, the Court permitted Plaintiff to file this motion without prejudice to Defendants' argument that the motion is untimely. ECF No. 194.

At the time of this briefing, Defendants' summary judgment motion is pending and Defendants' reply brief is due on January 16, 2023.

## II.    <u>The DuVernay Declaration</u>

Ms. DuVernay submitted a declaration in support of Defendants' summary judgment motion (ECF No. 149), which attempts to support Ms. DuVernay's argument that she did not act with actual malice with respect to her portrayal of Ms. Fairstein in the Series. The declaration outlines the various research materials that Ms. DuVernay purportedly relied on when writing the Series. *See id*. In the declaration, Ms. DuVernay extensively cites several books which she claims that she relied on when writing the Series. *See* DuVernay Decl. (ECF No. 149), ¶¶ 29-30, 49, 51, 67-70, 74, 84-85, 90, 97-99, 106, 108-109, 113, 115, 120, 123, 128. However, in a footnote, Ms. DuVernay discloses—for the first time in this action—that she "did not keep copies of the books" that comprised this critical research. DuVernay Decl. ¶ 29 & n. 7. She provides **no details** about how, when or why she destroyed the books. *Id.*

Ms. DuVernay's objections and responses to Plaintiff's document requests concerning Ms. DuVernay's research for the Fairstein character do not state that Ms. DuVernay's books were destroyed. Gorycki Decl., Ex. 1, DuVernay Obj. & Resp. to Pltf. First Req. for Documents, Req. Nos. 30, 39, 42-43, 45, 54. Nor did Ms. DuVernay disclose this in her interrogatory responses.

Gorycki Decl., Ex. 2, DuVernay Supp. Obj. & Resp. to Pltf. Second Irogs.; Ex. 3, DuVernay Obj. & Resp. to Pltf. Second Irogs.

Apparently lacking her own source materials, Ms. DuVernay's declaration relies on copies of the books that were produced by Robin Swicord ("Ms. Swicord") and contain Ms. Swicord's unique, handwritten notes. DuVernay Decl. ¶ 29 & n 7; ECF No. 155-1, Index to Master Appendix, Exhibits 17 and 27; ECF Nos. 155-18, 155-31. Ms. Swicord is not a party to the action. She co-wrote Episode 1 of the Series with Ms. DuVernay. DuVernay Decl. ¶¶ 26-27. Ms. Swicord also submitted a declaration in support of Defendants' summary judgment motion. ECF No. 151.

### III.   Ms. DuVernay Had Notice of Potential Litigation Since June 2016

In June 2016, Ms. Fairstein's attorney notified Ms. DuVernay of potential future litigation concerning the portrayal of Ms. Fairstein in Ms. DuVernay's upcoming Central Park Five film project and Ms. DuVernay's obligation to "take all steps necessary to retain and preserve all records and communications, whether in hard-copy or electronic form, that ha[d] already come into [her] possession relating to this project, and that [came] into [her] possession at any point going forward." ECF No. 182-74 (PX-52); DuVernay Decl. ¶ 22. In July 2016, Ms. DuVernay—through counsel—reserved all rights and remedies against Ms. Fairstein. ECF No. 155-82 (DX-64), at LF00038633.

On March 3, 2020, Ms. DuVernay received a pre-suit notice which demanded that she "preserve all evidence within [her] possession, custody and control relating to Ms. Fairstein and *When They See Us*." Compl., Ex. 2, 3/2/20 (ECF No. 1-3), Ltr. from E. Cheffy and A. Miltenberg to A. DuVernay, at p. 9. The notice further advised that "any alteration, loss, spoliation, or destruction of" evidence "may subject you to sanctions in any ensuing legal proceeding." *Id.*

The action was filed on March 18, 2020.

**ARGUMENT**

## I.   <u>Ms. DuVernay Should Be Sanctioned</u>

"Spoliation is the destruction…of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Good Year Tire & Rubber Co.*, 167 F. 3d 776, 779 (2d Cir. 1999). In defamation cases, a defendant's intentional destruction of research documents may, itself, constitute evidence of actual malice. *Brown & Williamson Tobacco Corp.*, 827 F.2d at 1134.

It is within the Court's discretion to impose sanctions for spoliation of evidence and any sanction imposed should be designed to 1) deter parties from engaging in spoliation; 2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and 3) restore the prejudiced party to the same position she would have been absent the wrongful destruction of evidence by the opposing party. *West*, 167 F. 3d at 779.

A party may seek an adverse inference for spoliation at the summary judgment stage of an action. *Balestriere PLLC v. CMA Trading, Inc.*, 2014 WL 929813, at * 4 (S.D.N.Y. Mar. 7, 2014) (discussing adverse inference for spoliation at summary judgment stage); *Frank v. Lawrence v. Union Free School Dist.*, 688 F. Supp. 2d 160, 168 (E.D.N.Y. 2010) ("At the summary judgment stage, an 'inference of spoliation, in combination with some (not insubstantial) evidence' can allow a plaintiff to survive summary judgment.'") (citing *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001)).[1] The party seeking an adverse inference must establish: 1) that the party had control over the evidence and had an obligation to preserve it at the time it was destroyed; 2) that the evidence was destroyed with a "culpable state of mind;" and 3) that the destroyed evidence was relevant to the parties claim or defense such that the trier of fact could find that it

---

[1] As fully set forth in Plaintiff's summary judgment opposition briefing, there is clear and convincing evidence of actual malice in this case, on the part of all Defendants.

supported that claim or defense. *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

An obligation to preserve evidence arises when litigation has commenced or when a party reasonably anticipates litigation. *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014). *See Ottoson v. SMBC Leasing & Finance, Inc.*, 268 F. Supp. 3d 570, 581 (S.D.N.Y. 2017); *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). Here, Ms. DuVernay had an obligation to preserve evidence since *June 2016* when Ms. Fairstein's attorney notified Ms. DuVernay of potential future litigation and her obligation to "take all steps necessary to retain and preserve all records and communications, whether in hard-copy or electronic form, that have already come into your possession relating to this project, and that come into your possession at any point going forward." ECF No. 182-74 (PX-52); DuVernay Decl. (ECF No. 149) ¶ 22. In turn, in July 2016, Ms. DuVernay's attorney reserved her rights and remedies against Ms. Fairstein (and Elizabeth Lederer). ECF No. 155-82, at LF00038633. Ms. DuVernay was further reminded of her obligation to preserve evidence in Plaintiff's pre-suit notice. Compl., Ex. 2, 3/2/20 (ECF No. 1-3), Ltr. from E. Cheffy and A. Miltenberg to A. DuVernay, at p. 9.

Ms. DuVernay admits that she intentionally destroyed her books. The "culpable state of mind" factor is "satisfied by a showing that the evidence was destroyed 'knowingly, even if without intent to [breach a duty to preserve it].'" *Residential Funding Corp.*, 306 F.3d at 108 (citing *Byrnie*, 253 F.3d at 109).

A party's intentional destruction of evidence is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party. *Residential Funding Corp.*, 306 F.3d at 109. *See Balestriere PLLC*, 2014 WL 929813, at * 4. Regardless, as noted above, Ms. DuVernay's copies of the books she claims to have relied upon

when writing the Series are relevant to the issue of actual malice because they potentially contained markings and notations which spoke to Ms. DuVernay's state of mind with respect to her portrayal of Ms. Fairstein in the Series. *Celle v. Filipino Reporter Enters.,* 209 F.3d 163, 182-183 (2d Cir. 2000).

In their response to Plaintiff's pre-motion letter, (ECF No. 195), Defendants argue that Ms. DuVernay's books are not relevant because "Plaintiff did not cite a single note from Ms. Swicord's or Ms. Locke's copies of these same books" in her opposition to their summary judgment motion. *Id.* at p. 1. This misses the point. *First*, Ms. DuVernay's intentional destruction of the books she claims to have reviewed as part of her research for the Series deprived Plaintiff of the right to inspect the books and determine whether there were any relevant notations or markings in them. *Second*, Plaintiff is not required to prove that Ms. Swicord acted with actual malice because she is not a named defendant in this action. *Third*, Ms. DuVernay has not claimed that she relied on Ms. Swicord's books during the time in which she was working on the Series. *Fourth*, whether Ms. Locke made notations in her copy of any book is irrelevant to what may have been contained in Ms. DuVernay's books (assuming Ms. DuVernay actually had, and read, them in the first place).

*Humphreys v. New York City Health and Hospitals Corp.*, 2022 WL 614677, at *5 (S.D.N.Y. Mar. 2, 2022), which Defendants cite in their response to Plaintiff's pre-motion letter, (ECF No. 195), is readily distinguishable from the present case. In *Humphreys*, the defendant produced copies of the documents in question but did not have the originals. The plaintiff also produced copies of the documents that were in dispute. There was no evidence that the defendant intentionally destroyed the documents. The court found that the copies of the documents in question did not support her claims that the originals would have constituted evidence favorable to the plaintiff. *Id*.

Here, Ms. DuVernay allegedly had her own set of books that she purportedly relied upon when researching and writing the Series, which were in her exclusive custody and control. She *admits* that she destroyed them. Copies produced by other individuals (including Ms. Swicord) do not reflect what may have been written, marked or tabbed in Ms. DuVernay's books. As set forth in Plaintiff's opposition to Defendants' summary judgment motion, the books contain a wealth of information which contradicts Defendants' portrayal of Ms. Fairstein in the Series. ECF No. 183, Pltf. Opp. Br., at 15-16. How Ms. DuVernay marked, tabbed or made notations throughout a given book, including on the pages containing contradictory information, is relevant to her state of mind when conducting research for the Series.

Assuming that the books are the only evidence in Ms. DuVernay's possession that she destroyed, it raises questions about her motivation in doing so. The selective destruction of evidence relevant to the issue of actual malice can itself constitute actual malice. *Brown & Williamson Tobacco Corp.*, 827 F.2d at 1134.

## II. **There Was No Undue Delay in Seeking Permission to File This Motion**

Defendants contend that Plaintiff should be denied the right to seek sanctions against Ms. DuVernay for destroying her books because "Plaintiff had 60 days to respond to Defendants' Motion for Summary Judgment." ECF No. 195, at 1. Defendants ignore that—***in Plaintiff's response to their summary judgment motion***—Plaintiff addressed Ms. DuVernay's spoliation of evidence and expressly reserved the right to make this motion. ECF No. 184, at p. 37. As set forth above, Plaintiff acted promptly in filing her pre-motion letter concerning this motion, filing the request within only one week of the motion to strike and her response to Defendants' sealing motion, after being engaged with a succession of filing deadlines, including responding to Defendants' voluminous motion and Rule 56 Statement. *See* Relevant Factual Background, at

Point I.

Defendants can claim no prejudice as a result of any purported delay. They were aware of Plaintiff's objection to Ms. DuVernay's spoliation of evidence as of November 30, 2022. ECF No. 184, at p. 37. Summary judgment briefing is ongoing. The Court, further, set a briefing schedule around Defendants' briefing of their summary judgment reply brief. Moreover, is its Ms. DuVernay who prejudiced Plaintiff by failing to disclose that she destroyed her books in her written discovery responses, the earliest of which were served on December 6, 2021. Gorycki Decl., Exs. 1-3.

Should the Court find that Plaintiff's request for sanctions against Ms. DuVernay should not be considered at the summary judgment stage due to any finding of delay in making said request, Plaintiff respectfully submits that this would not preclude Plaintiff from making a similar motion before trial.[2] *See* ECF No. 195, Defs. Pre-Motion Ltr., at 1 ("Plaintiff's request should be denied or at minimum not considered in connection with summary judgment.").

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court (i) impose an adverse inference against Ms. DuVernay that the books Ms. DuVernay destroyed contained markings or notations which constituted evidence of actual malice; and (ii) find that Ms. DuVernay's selective destruction of her research materials constitutes evidence of actual malice, along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
        January 5, 2023

Respectfully Submitted,

By: /s/ *Kara L. Gorycki*

---

[2] Indeed, since Plaintiff's present motion is addressed to Defendants' summary judgment motion, Plaintiff should be permitted to renew her request for an adverse inference when the case proceeds to trial.

Kara L. Gorycki (KG 3519)
Andrew T. Miltenberg (AM 7006)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Phone: (212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

*Attorneys for Plaintiff Linda Fairstein*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, a true and correct copy of the foregoing was served by CM/ECF on all counsel of record.

/s/ *Kara L. Gorycki*