

**Natalie J. Spears**

natalie.spears@dentons.com
D +1 312-876-2556

Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606-6361
United States

dentons.com

January 16, 2023

**BY ECF**

Honorable P. Kevin Castel
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11 D
New York, NY 10007

Re: *Fairstein v. Netflix, Inc. et al*, No. 20-cv-8042 (PKC)

Dear Judge Castel:

We represent Defendants Netflix, Inc., Ava DuVernay and Attica Locke. Defendants submit this letter requesting leave to file a Motion to Strike Plaintiff's improper response to Defendants' Rule 56.1 Statement of Undisputed Facts (ECF No. 184), or in the alternative, leave to file a reply to the additional facts contained in Plaintiff's response. A copy of Defendants' proposed Reply is attached hereto as Exhibit 1. There is currently no scheduled conference with the Court.

Plaintiff's response to Defendants Rule 56.1 Statement ("Response") fails to comply with the Rule in critical respects that render it an improper pleading. The Rule states that:

> (b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

L.R. 56.1(b).

*First,* Plaintiff's failure to include "additional paragraphs containing a separate, short and concise statement of additional facts" is particularly egregious here. In violation of the rule, Plaintiff instead embeds additional purported facts within multiple pages of single-spaced, unnumbered paragraphs (up to 40 paragraphs in response to one SUF) that go far beyond simply responding to Defendants' statements. (*See e.g.* Response to SUF ¶¶ 79, 120, 127, 203.)

Plaintiff's "responses" also add extensive verbiage that is both non-responsive to Defendants' actual plain statements, and is argument rather than fact. The Court need not accept and should disregard the numerous responses of Plaintiff that add "argumentative and often lengthy narrative in almost every case the object of which is to 'spin' the impact of the admissions plaintiff has been





compelled to make." *Goldstick v. The Hartford, Inc*., 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (granting motion to strike plaintiff's response). This tack by Plaintiff pervades her Response.

Plaintiff's additional "facts" and narratives are not only irrelevant and immaterial to the issues on Defendants' Motion but they are confusing and misstate the record, often by omission. The result is an unwieldy, cumbersome pleading that fails to comply with L.R. 56.1 and appears purposefully designed to both obscure plain admissions and to deprive Defendants of the opportunity to respond in an orderly way to Plaintiff's statements. Had Plaintiff followed Rule 56.1(b), Defendants would have an opportunity to respond to the additional paragraphs in a counterstatement. *Emanuel v. Gap, Inc*., 2022 WL 3084317, at *5 (S.D.N.Y. Aug. 3, 2022) ("The movant, however, is obligated to respond to the counterstatement (within the same document) and, if it fails to do so, the Court could deem all the facts contained therein as admitted.").

Courts, including this court, typically allow the moving party to submit a reply to respond to new facts offered by a non-moving party. *See*, *e.g.*, *Cunningham v. Cornell Univ*., 2019 WL 4735876, at *1 n.3 (S.D.N.Y. Sept. 27, 2019) (considering Defendants' Reply "to the extent it responds to new facts in Plaintiffs' Counterstatement.") (Castel, J.); *Roth v. Cheesecake Factory Restaurants, Inc.*, 2021 WL 1103505, at *2 (S.D.N.Y. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 912416 (S.D.N.Y. Mar. 10, 2021) (accepting Defendant's Rule 56.1 Reply).

Accordingly, if the Court declines Defendants' request for leave, or ultimately declines to strike Plaintiff's improper pleading in its entirety, Defendants seek leave in the alternative to reply to the following Responses, which add new facts (as shown in the attached): 12, 13, 14, 18, 31, 38, 40, 41, 43, 54, 56, 57, 58, 59, 60, 64, 68, 74, 75, 77, 79, 80, 84, 85, 91, 94, 95, 98, 99, 104, 105, 106, 109, 113, 114, 119, 120, 127, 131, 132, 133, 134, 138, 142, 144, 145, 148, 149, 150, 155, 157, 160, 165, 166, 172, 173, 181, 187, 190, 195, 197, 198, 199, 200, 203, 204, 205, 206, 207, 211, 214, 219, 220, 221, 222, 223, 224, 228, 231. (*See* Defendants' proposed Reply, attached hereto as Ex. 1.)

Defendants' Reply to these paragraphs is limited to the new facts in Plaintiff's "Response" and is intended to aid the Court in deciphering those facts that are pertinent to summary judgment, and distinguishing those that are not. "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co*., 258 F.3d 62, 74 (2d Cir. 2001). Defendants have structured their Reply in attempt to be the most useful for the Court given Plaintiff's unstructured Response.

*Second*, many of Plaintiff's responses violate Rule 56.1's mandate in other ways that warrant striking her Responses as follows:





(1) Responses that deny or admit "with qualification" Defendants' SUF, while adding non-responsive matters to deflect what should be simple admissions and for which Plaintiff has no actual evidence contradicting Defendants' SUF. Plaintiff's responses to the following SUFs fall into this category and should be stricken: 5, 18, 23, 27, 28, 29, 31, 38, 40, 41, 43, 50, 53, 54, 55, 57 64, 68, 69, 71, 73, 74, 79, 80, 84e, 91, 94, 105, 106, 120, 130, 131, 142, 145, 149, 150, 166, 181, 190, 198, 199, 200, 203, 205, 206, 207, 214, 221, 222, 228;

(2) Responses that purport to deny Defendants' SUF but cite material that actually confirms the truth of Defendants' SUF. Plaintiff's responses to the following SUFs fall into this category and should be stricken: 19, 22, 33, 107, 114, 161, 175;

(3) Responses that deny Plaintiff's own admissions without providing any basis to do so. Plaintiff's responses to the following SUFs fall into this category and should be stricken: 11, 12, 13, 14, 15, 16, 58, 99, 102, 118;

(4) Responses that deny Defendants' SUF related to their sources but for which Plaintiff does not actually contest that the source says what it says. Plaintiff's responses to the following SUFs fall into this category and should be stricken: 86, 121, 124, 134, 135, 153, 162, 165, 167, 172, 173, 195;

(5) Responses that contain legal argument regarding the admissibility of Defendants' Statements as to the writers' state of mind or intent and for which Plaintiff cites no affirmative evidence that speaks to the writers' state of mind. Plaintiff's legal argument not only is improper in the Response,[1] it is also legally incorrect. Plaintiff's repeated argument (*e.g.*, SUF Resp. ¶¶ 56, 57, 60 and *passim*) that a defendant's beliefs and state of mind present "credibility issues" that preclude summary judgment is flatly contrary to the Supreme Court's holding in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) and Second Circuit authority. *See Contemp. Mission, Inc. v. N.Y. Times Co.*, 842 F.2d 612, 621-22 (2d Cir. 1988) (affirming summary judgment and citing *Anderson* 477 U.S. at 256 ) ("It is not enough for the plaintiff merely to assert that the jury might, and legally could, disbelieve the defendant's denial of legal malice.").

Accordingly, Plaintiff's inappropriate responses to the following Statements should be stricken: 56, 60, 75, 76, 77, 78, 81, 85, 90, 92, 93, 127, 128, 129, 132, 133, 138, 143, 144, 146, 148, 155, 156, 157, 158, 159, 160, 163, 164, 174, 182, 184, 187, 192, 193, 194, 196, 197, 203, 204, 211, 223, 224, 229, 230, 231;

(6) Responses that fail to admit or deny Defendants' SUF. Plaintiff's responses to the following SUFs fall into this category and should be deemed admitted: 98, 109, 110, 185.

---

[1] *See Cunningham,* 2019 WL 4735876, at *1 n. 3 (disregarding legal argument in Rule 56.1 Statements).





Defendants thus request leave to move to strike the above noted Responses.

In the attached proposed Reply, Defendants have denoted for the Court the portions of Plaintiff's pleading that (1) include additional facts improperly imbedded within Plaintiff's "Response" to which Defendants have responded; and (2) should be stricken as improper as identified above.[2] Defendants request that if the Court does not strike Plaintiff's improper pleading, that it accept Defendants' Reply filed herewith.

Respectfully Submitted,

By: */s/ Natalie J. Spears*

Natalie J. Spears (*pro hac vice*)
Gregory R. Naron (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000

Sandra D. Hauser
Justin N. Kattan
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6802

*Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke*

[2] Defendants also attach the Supplemental Declaration of Natalie J. Spears transmitting two additional deposition pages that should be included in the record for completeness, including a page to Ms. Swicord's deposition that Plaintiff cites in her Response but does not attach.