

| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| | Andrew T. Miltenberg | Gabrielle M. Vinci | Diana R. Warshow |
| | | Adrienne D. Levy | Kara L. Gorycki |
| | Stuart Bernstein | Regina M. Federico | Susan E. Stark |
| | Tara J. Davis | Kristen Mohr | Janine L. Peress |
| | | Amy Zamir | *Senior Litigation Counsel* |
| | | | |
| | | | Rebecca C. Nunberg |
| | | | *Counsel* |
| | | | |
| | | | Marybeth Sydor |
| | | | *Title IX Consultant* |

ATTORNEYS AT LAW

**nmllplaw.com**

January 20, 2023

**BY ECF**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

      Re:    *Fairstein v. Netflix, Inc*., **1:20-CV-8042 (PKC)**
                 **Response to Defendants' Pre-Motion Letter Regarding**
                 **Plaintiff's Rule 56.1 Response**

Dear Judge Castel:

      The undersigned represents Plaintiff Linda Fairstein ("Plaintiff" or "Ms. Fairstein"), in the above-referenced action. Plaintiff hereby responds to Defendants' request to file a motion to strike Plaintiff's Response to Defendants' Rule 56.1 Statement of Undisputed Facts (ECF No. 184)[1] ("Rule 56.1 Response"), to deem Plaintiff's responses as admissions for purposes of their summary judgment motion or, alternatively, for leave to file a reply to Plaintiff's Rule 56.1 Response. ECF No. 207-1. Defendants' proposed motion is palpably improper in all respects and their request should be denied.

**I.    Motions to Strike Rule 56.1 Statements Are Routinely Denied In This Circuit**

      Defendants have clearly ignored the plethora of cases in this Circuit which routinely deny motions to strike Rule 56.1 Statements. *Pearlstein v. Blackberry Ltd.*, 2022 WL 19792, at \*\*7-8 (S.D.N.Y. Jan. 3, 2022) (denying defendants' motion to strike plaintiff's response to Rule 56.1 statement and deem facts admitted as "silly and pointless motion") (collecting cases). Federal Rule

---

[1] Throughout their letter, Defendants repeatedly refer to Plaintiff's Rule 56.1 Response as a "pleading." It is not. *See* FRCP 7. Merely referring to something as a pleading does not give rise to grounds for a motion to strike.



56 does not provide the motion to strike as a tool in the summary judgment process. *Id.* at *7. For this reason, "courts in this Circuit frequently deny motions to strike paragraphs in Rule 56.1 statements, and simply disregard any improper assertions." *Id.* at * 8 (citation omitted); *AMCO Ins. Co. v. Cobank, ACB*, 2021 WL 4340540, at *4 (Sept. 22, 2021) (denying motion to strike Rule 56.1 response (on seventeen different grounds) and exercising authority to disregard noncompliant responses); *Mayaguez S.A. v. Citigroup, Inc.*, 2021 WL 1799653, at * 6 (S.D.N.Y. Apr. 30, 2021) (denying motion to strike and noting that court may simply ignore any improper legal argument or unsupported assertions); *Christians of California, Inc. v. Clive Christian*, 2014 WL 3407108, at *2 (S.D.N.Y. July 7, 2014) (denying motion to strike response to Rule 56.1 Statement where it did not come close to "contravening the requirements or purposes of Rule 56.1"); *Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 254 (S.D.N.Y. 2009) (denying motion to strike Rule 56.1 response based on party's failure to support certain contentions with citations to record or specifically admit or deny certain assertions).

     Defendants assert—without any legal basis—that Plaintiff's R56.1 Response should be stricken nearly in its entirety because they contend that certain responses: i) confirm the "truth" of Defendants' statements; ii) deny what they contend are Plaintiff's admissions; and iii) do not "contest" that a particular source says what it says. Defendants cite no cases which lend support to their assertion that these petty objections constitute grounds for striking Plaintiff's responses. *See* Defs. Pre-Motion Ltr. (ECF No. 204), at 3. Defendants also assert that certain of Plaintiff's responses contain legal arguments[2] and are not responsive. *Id.* Neither of these grounds provides a basis for granting a motion to strike. *See AMCO Ins. Co.*, 2021 WL 4340540, at *4; *Mayaguez*, 2021 WL 1799653, at * 6; *Primmer*, 667 F. Supp. 2d at 254. In fact, each of the purported issues raised by Defendants may be dealt with by the Court as part of its review of the parties' submissions and the Court may elect to disregard whatever it may deem improper. *See, e.g.*, *Pearlstein*, 2022 WL 19792, at *7-8; *AMCO*, 2021 WL 4340540, at *4. It would further be a monumental waste of the Court's time and resources to conduct a paragraph by paragraph analysis of Plaintiff's R56.1 Response as part of Defendants' improper motion, as opposed to reviewing the parties' submissions in the normal course. *AMCO*, 2021 WL 4340540, at *4 (finding it prudent to examine R56.1 response in the context of summary judgment motions rather than to rule separately on every element of motion to strike).

     While Defendants contend that Plaintiff's responses should be stricken as "argumentative" and an "attempt to 'spin' the impact of [Plaintiff's] admissions," one need only review Plaintiff's Rule 56.1 Response to see that this is not the case. *See* Defs. Pre-Motion Ltr. (ECF No. 204), at 1-2. In actuality, and as detailed below, Plaintiff was tasked with responding to Defendants' wholly defective Rule 56.1 Statement which, itself, was written in the argumentative form of a legal brief rather than a statement of facts and which necessitated that Plaintiff address patent defects in Defendants' purported factual statements in cases where admissions, or partial admissions, were

---

[2] Ironically, Defendants' proposed reply, (ECF No. 207-1, at pp. 1-4), begins with legal arguments.



warranted. Defendants clearly attempted to elicit "admissions" from Plaintiff with respect to broad, undefined terms (which they could later pinpoint as evidence favorable to them), and in response to numerous statements combined in a single paragraph, inadmissible evidence, and source citations which contained multiple statements of fact unrelated to the facts expressly stated in certain paragraphs. *See* Rule 56.1 Response (ECF No. 184), ¶¶ 1, 3, 4, 6-9, 13, 20, 21, 24-26, 30, 32, 38-39, 47, 59, 62, 64(a)(v), 64(b), 64(f), 64(h), 65-66, 89, 96-97, 100, 101, 125, 142, 168, 171, 176, 177, 180, 183, 188.[3] Many of Plaintiff's admissions do not even concern material facts as Defendants included several irrelevant facts in their submission. *Id.*

Overall, Defendants' complaints about Plaintiff's Rule 56.1 Response are nothing more than an attempt to spin a new narrative in the face of a multitude of facts which are undeniably in dispute. Defendants' proposed motion is "silly and pointless, one obviously (and desperately) made because, unless the Rule 56.1 Statement is stricken, the record is replete with disputed facts." *See Pearlstein*, 2022 WL 19792, at *7. Defendants request should be denied, particularly since the Court has the authority to disregard any factual statements, or responses, it deems improper or non-compliant with Rule 56 and Local Rule 56.1.

## II.   Defendants' Statement Of Undisputed Facts Violates Local Rule 56.1(a)

Local Rule 56.1(a) required **Defendants** to submit a **short and concise** statement of the **material facts** as to which Defendants contend there is **no genuine issue** to be tried. As set forth in Plaintiff's Rule 56.1 Response (ECF No. 184, at p. 1), Defendants' submission, (ECF No. 157), violates this Rule because it is anything but short and concise and certainly does not contain "actual plain statements." *See* Defs. Pre-Motion Ltr., ECF No. 204, at 1. On the contrary, Defendants' Rule 56.1 Statement sets forth 231 Paragraphs, with **an additional** 38 subparts (Paragraphs 64, 83, 84, 86, 103), for a total of **269** separately numbered items which required a response. In addition, nearly every paragraph contains more than one statement of purported "fact." *See* Defs. R56.1 Stmt. (ECF No. 157), at ¶¶ 2, 6, 9 ,11-14, 16, 18, 20, 23, 25-26, 28, 32-33, 35, 43, 45-49, 52, 54-56, 64(b), 64(d), 64(f), 64(g), 64(h), 64(i), 65, 66-68, 70, 73, 75, 78, 80-82, 84(a), 84(d), 86(e), 86(j), 86(m), 92, 94-95, 104-105, 113-115, 120, 123-125, 127-129, 131, 132, 135, 143-144, 147, 149, 158, 161, 172, 189, 191, 193-194, 202-203, 206, 209-211, 214, 218-220, 222-229, 231. Several paragraphs cite to unverified pleadings and judicial opinions as purported evidence. *See* Defs. R56 Stmt. (ECF No. 157), at ¶¶ 1-9, 11-12, 15-16, 19-21, 24-26, 30, 32, 38, 74, 125.

---

[3] In *Goldstick v. The Hartford, Inc.*, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002), the admissions in the Rule 56.1 response statement appeared to be a cut and paste of arguments raised in the plaintiff's memorandum of law and constituted a "manifest evasion" of the page limits on the summary judgment brief. Here, the admissions contained in Plaintiff's R56.1 Response do not even come close to this description. While Defendants attempt to expand *Goldstick* to the entirety of Plaintiff's Rule 56.1 Response, the opinion does not discuss the plaintiff's denials. *See id.* (discussing "impact of admissions"); Defs. Pre-Motion Ltr., at 2.



Defendants further ignored Rule 56.1(a)'s requirement that their Rule 56.1 Statement contain *material facts* by including: (i) wholly irrelevant statements (¶¶ 22, 23, 36-37, 42-43, 117-119, 162, 173-180, 183-186, 188); (ii) legal conclusions (¶¶ 228-231); and (iii) wholly subjective statements about Defendants' beliefs and intent in creating the Series—which is a matter that not only requires an assessment of credibility by a finder of fact but is a matter that is clearly in dispute (¶¶ 48-49, 54-57, 60, 75-78, 80-81, 90, 92-95, 98, 106, 110, 120, 127-129, 132-133, 138, 143-146, 148-149, 155-158, 160, 163-164, 174, 182-185, 187, 190, 192-194, 196, 218-219, 223-224, 229, 231).[4] Given the sheer volume of information that Plaintiff had to address in responding to each numbered paragraph and subpart of Defendants' improper submission, it should have come as no surprise that Plaintiff's response was lengthy.[5] Overall, however, the majority of Plaintiff's responses are only a few paragraphs in length.

While Defendants point to the purpose of Local Rule 56.1 as "streamlining the consideration of summary judgment motions," their Rule 56.1 Statement failed to do the same for the reasons set forth above. *See* Defs. Pre-Motion Ltr., at 2.[6] *See AMCO Ins. Co.*, 2021 WL 4340540, at *4 (denying motion to strike and noting that the movant's R56.1 Statement "may itself be violative" of Local Rule 56.1(a)).

### III. Local Rule 56.1 Does Not Require A Short, Concise *Response*

Local Rule 56.1(b) *does not* require a short and concise *response* to each numbered paragraph in a Rule 56.1 statement. *See* Local Rule 56.1(b). Thus, any complaint from Defendants that Plaintiff's responses contain "extensive verbiage" or are "lengthy" is unfounded. The lack of this express requirement in Local Rule 56.1(b) is logical since parties responding to Rule 56.1

---

[4] To the extent that Defendants posited their beliefs or intent as "undisputed" facts with the expectation that Plaintiff would simply admit the assertions in Defendants' self-serving declarations, Plaintiff was not required to do so. Plaintiff rightfully responded to such assertions with objective evidence that shows that there are genuine issues of fact with respect to Defendants' subjective intent. Actual malice can be established "'[t]hrough the defendant's own actions or statements, the dubious nature of his sources, [and] the inherent improbability of the story [among] other circumstantial evidence.'" *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 182-183 (2d Cir. 2000) (citation omitted). Plaintiff has cited extensive evidence which contradicts Defendants' stated beliefs and intent, and has not merely asserted that a jury might disbelieve their assertions. *See* Defs. Pre-Motion Ltr., at 3. In addition, Defendants have no way around the fact that their statements about their "absolute beliefs" and intentions when creating the Series cannot be credited as true at the summary judgment stage. *Palin v. N.Y. Times*, 482 F. Supp. 3d 208, 218-219 (S.D.N.Y. 2020).

[5] Defendants further complain that Plaintiff's responses were "single-spaced." Defs. Pre-Motion Ltr., at 1. The purpose of using this format—and indenting each response—was to make Plaintiff's specific responses to each numbered paragraph and subpart more visible and distinguishable from Defendants' entry. Plaintiff is happy to provide Defendants, or the Court, with a double-spaced copy.

[6] Notably, in *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001), the plaintiff ***did not respond*** to the defendant-movant's Rule 56 Statement. Even so, the court declined to deem the assertions made in the Rule 56 statement as admitted.



statements often need to extensively cite to the record to demonstrate that there are genuine issues of fact. In addition, Rule 56(c) of the Federal Rules of Civil Procedure—which Defendants ignore—permits comprehensive responses to Rule 56 Statements. Pursuant to Rule 56(c)(1) of the Federal Rules of Civil Procedure, a party who is asserting that a fact is genuinely disputed ***must*** support the assertion by a) citing to particular parts of materials in the record; **or** b) showing that the ***materials cited*** do not establish the absence or presence of a genuine dispute; **or** c) that an adverse party cannot produce admissible evidence to support the fact. *Id.* Rule 56(c)(2) provides that a party ***may object*** that the material cited to support a fact cannot be presented in a form that would be admissible in evidence. *Id.*

Here, Plaintiff's specific responses to each numbered paragraph and subpart of Defendants' Rule 56.1 statement[7]—including each of the multiple statements of purported fact asserted therein—comply with Local Rule 56.1(b), Federal Rule 56(c)(1) and (2) and are hardly "unstructured." Defs. Pre-Motion Ltr., at 2. *See Pearlstein*, 2022 WL 19792, at *7 (denying motion to strike plaintiff's responsive paragraph-by-paragraph contention of the facts in dispute). The fact that certain of Plaintiff's responses are longer than Defendants would prefer them to be does not render them improper. Nor does the Court, which has vast experience in evaluating Rule 56.1 Statements, need Defendants' assistance in "deciphering" the plain statements made in Plaintiff's Rule 56.1 Response. *See* Defs. Pre-Motion Ltr., at 2.[8]

Defendants contend that certain of Plaintiff's responses go "far beyond responding to Defendants' statements." Defs. Pre-Motion Ltr., at 2. For example, Defendants make this assertion with respect to Paragraph 79. Plaintiff's response to Paragraph 79: i) asserts Plaintiff's admissibility objections; ii) notes a lack of admissible evidence in the declarations cited in support of the purported fact; and iii) cites record evidence to refute the statement about foregrounding as stated in Paragraph 79 ***and*** the sources cited by Defendants. The primary issue here is with Defendants' citations. Paragraph 48 of the DuVernay Declaration, (ECF No. 149), contains statements beyond the fact stated in Paragraph 79 which specifically pertain to the portrayal of Ms. Fairstein in the Series, as does Paragraph 33 of the Swicord Declaration (ECF No. 151). For this reason, Plaintiff addressed the additional statements made in the declarations in her response. *See* ECF No. 184, ¶ 79. Had Plaintiff not done so, Defendants could later assert that Plaintiff admitted all facts set forth in Paragraph 48 of the DuVernay Declaration and Paragraph 33 of the Swicord Declaration—when there is evidence which disputes those facts.[9]

---

[7] Defendants are simply incorrect that Plaintiff's responses are "unnumbered." Defs. Pre-Motion Ltr., at 1.

[8] This "deciphering" amounts to Defendants inserting bracketed paragraphs in Plaintiff's longer responses so that they can submit an improper reply to each paragraph. *See* Defs. Proposed Reply, (ECF No. 207-1), at Paragraph 12, "Defendants' Reply Note."

[9] Given that Defendants drafted the declarations for purposes of their motion, they could have avoided this issue during the drafting process.



Defendants also assert that Plaintiff's Response to Paragraph 120 goes beyond responding to the statements set forth in that Paragraph.[10] Defs. Pre-Motion Ltr., at 1. One need only review Plaintiff's response, (ECF No. 184), to see that it is proper in that it i) specifically denies the multiple facts set forth in Paragraph 120; and ii) cites in a straightforward manner the numerous documents which refute the statements made in Paragraph 120 concerning the purpose of the Timeline scenes. *Id.* at ¶ 120. The response is further organized into bullet points so that the reader can see the separate, evidentiary points being raised. Ignoring the wealth of evidence cited by Plaintiff, Defendants argue that Paragraph 120 (and a multitude of other paragraphs) should be stricken because Plaintiff has no "actual evidence contradicting Defendants' SUF." Defs. Pre-Motion Ltr., at 3. Defendants are clearly attempting to usurp the Court's role in evaluating the evidence put forth in opposition to their summary judgment motion. This is patently improper and Defendants cite ***no case*** which allows the Court to strike any portion of Plaintiff's Rule 56.1 Response on this ground.

Defendants further criticize Plaintiff's response to Paragraph 127, which asserts numerous "facts" and incorporates six (6) other paragraphs. ECF No. 184, ¶ 127. Again, Plaintiff i) denies the Paragraph; ii) notes her objection to the Paragraph; iii) sets forth why Defendants' cited sources do not establish the absence of a genuine issue of fact; and iv) cites evidence which contradicts the statement in Paragraph 127 that the writers had a basis for believing that Plaintiff "had a hand in crafting a timeline that fit the theory of the case."[11] *Id.*

Defendants also criticize Plaintiff's response to Paragraph 203.[12] Paragraph 203 mischaracterizes Ms. Locke's Tweets as merely expressing the opinion that, based on Ms. Locke's research for the Series, Plaintiff did not deserve the MWA award. The evidence cited by Plaintiff addresses these mischaracterizations and the specific statements made in Ms. Locke's tweets, and refutes the assertion that Ms. Locke's research supported the statements she made on social media. The evidence cited further refutes the testimony cited in Paragraph 203, that Ms. Locke was merely expressing frustration as opposed to having other motives in posting about Ms. Fairstein.

A review of Plaintiff's Rule 56.1 Response demonstrates that "the record is replete with disputed facts" and "Plaintiff's version of the facts – and the evidence supporting that view of the facts – is perfectly apparent from reading the Rule 56.1 statement." *Pearlstein*, 2022 WL 19792, at *7. Accordingly, a motion to strike is unwarranted and Defendants' request to make such motion

---

[10] Defendants also assert that this Paragraph "adds new facts" warranting a reply. However, as discussed below at Point IV, the inclusion of "new facts" in a Rule 56.1 response does not give Defendants the right to reply. The facts set forth in Paragraph 120 are cited to demonstrate that there are genuine issues of fact with respect to Defendants' assertions as to what the timeline scenes were intended to "reflect."

[11] Desperate to reply, Defendants once again erroneously contend that the evidence cited by Plaintiff to dispute Paragraph 127 constitutes "new facts." Defs. Pre-Motion Ltr., at 1. *See* discussion *infra* at Point IV.

[12] This is yet another Paragraph that Defendants contend contains "new facts." Defs. Pre-Motion Ltr., at 1. *See* discussion *infra* at Point IV.

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400



should be denied.

IV.     **Defendants Have No Right To Submit A Reply**

Defendants assert that *seventy-nine* paragraphs of Plaintiff's Rule 56.1 Response should be *stricken* because they do not have the opportunity to submit a reply to "new facts." Defs. Pre-Motion Ltr., at 2. Defendants cite *no case* which supports their request for such an extreme ruling, nor can they meet their heavy burden in demonstrating that striking those paragraphs is warranted. *See* discussion *supra* at Point I.

Defendants' request to submit a reply to Plaintiff's Rule 56.1 Response should also be rejected.[13] Local Rule 56.1 does not provide for a reply statement. Courts in this district have also described a Reply Rule 56.1 Statement as a "procedurally improper attempt to have the last word in a manner that is not contemplated by the local rules." *Mayaguez*, 2021 WL 1799653, at *8. Contrary to Defendants' assertions, Local Rule 56.1(b) *does not require* the party opposing a motion for summary judgment to set forth additional paragraphs when "new facts" are cited in the party's Rule 56.1 response. *See* Defs. Pre-Motion Ltr., at 1-2. Rather, Local Rule 56.1(b) states that the party opposing a motion for summary judgment shall "*if necessary* set forth additional paragraphs containing a separate, short and concise statement of *additional* material facts as to which it is contended that there exists a genuine issue to be tried." Local Rule 56.1(b) (emphasis added). Here, Plaintiff made a good faith effort to respond to Defendants' prolix Rule 56.1 Statement and cited to record evidence which responded to the facts and sources set forth in each paragraph and subpart contained therein. ECF No. 184. It was not necessary to include additional paragraphs in Plaintiff's Rule 56.1 Response and there is no reason to permit Defendants' improper attempt to have the last word.

The cases cited by Defendants *support* the denial of their request to file a reply. In *Emanuel v. Gap, Inc.*, 2022 WL 3084317, at * 5 (S.D.N.Y. Aug. 3, 2022), which primarily concerned *each* party's failure to comply with the local rules and the District Judge's individual practices, the plaintiff filed a separate counterstatement of facts which did not comply with Local Rule 56.1. The defendants also "deemed it appropriate to file a … 'reply' to Plaintiff's responses to its Rule 56.1 Statement… [which] is *not authorized* by Federal Rule of Civil Procedure 56 or Local Civil Rule 56.1." *Id.* (emphasis added). In *Cunningham v. Cornell Univ.*, 2019 WL 4735876, at *1 n. 3 (S.D.N.Y. Sept. 27, 2019), this Court noted that "Local Civil Rule 56.1 *does not* provide for a

---

[13] While Defendants contend that they only wish to submit a reply to the "new facts" asserted in Plaintiff's response, their proposed reply goes far beyond this request, responding to nearly every paragraph of Plaintiff's Rule 56.1 Response on numerous grounds, many of which fall within the Court's discretion and authority when reviewing the parties' submissions. *See* discussion *supra* at Point I; ECF No. 207-1. Since Defendants believe that the new facts are "irrelevant and immaterial to the issues on Defendants' Motion" there is no reason why a reply would even be necessary. *See* Defs. Pre-Motion Ltr., at 2.



'reply' in further support of a Rule 56.1 statement of undisputed facts" and the reply was not considered. *Id.* (emphasis added). In *Cunningham*, a counterstatement was also filed and the Court only considered the defendants' responses to the counterstatement. In *Roth v. Cheesecake Factory*, 2021 WL 1103505, at *2 (S.D.N.Y. Feb. 5, 2021), the "reply" was also a response to a counterstatement of additional facts set forth in the plaintiff's Rule 56.1 response. *See* Exhibit 1, annexed hereto, *Roth v. Cheesecake Factory*, Case No. 19-cv-6570, Pltf. R56.1 Resp. (ECF No. 47-1). None of these cases permitted the form of reply that Defendants have submitted here.

A review of the seventy-nine paragraphs cited in Defendants' letter, (at page 2), reveals Defendants' reply is wholly improper, has nothing to do with "new facts" and is a desperate attempt to have the last word in the face of the copious facts that are in dispute, as brought to light in Plaintiff's Rule 56.1 Response. Indeed, Defendants spend significant time in their "reply" moving to strike responses, criticizing Plaintiff's denials as "improper," and asserting relevance and other objections along with legal arguments. *See generally* ECF No. 207-1. Defendants further misunderstand the evidence at issue in this case. For example, at Paragraph 75 Defendants state that:

> ***based on their sources***, Ms. DuVernay and the other writers had no doubt that Plaintiff played a central role in the investigation and prosecution and was responsible 'morally and legally' for the outcome in view of her position of power and persistence driving the case forward while disregarding numerous red flags. (emphasis added).

Putting aside that this Paragraph violates Local Rule 56.1(a), Defendants now want the opportunity to "reply" that Plaintiff's citation to pages from the writers' own source materials which ***refute*** the above-described assertions "do not create an issue of fact on the actual malice issues before the court." ECF No. 207-1, at ¶ 75. On the contrary, evidence contained in Defendants' own sources that contradicts the manner in which they elected to portray Ms. Fairstein in the Series, and their purported "beliefs" about her, creates issues of fact concerning actual malice. *See, e.g.*, *Palin v. N.Y. Times Co.*, 482 F. Supp. 3d 208, 221 (S.D.N.Y. 2020) (where publisher undertakes to investigate accuracy of story and learns facts casting doubt on the information contained therein it may not ignore those facts). In any event, it is for the Court—not Defendants—to decide whether the evidence cited by Plaintiff demonstrates that a particular fact is in dispute.

For these reasons, Defendants' request to file the proposed, improper reply should be denied.



**V.     Request to Supplement Rule 56.1 Response**

Plaintiff's responses to Paragraphs 98, 109, 110 and 185 cite to evidence that demonstrates that there are genuine issues of fact with respect to the facts stated in those paragraphs. *See* Defs. Pre-Motion Ltr., at 3. These responses, which are denials, do not contain the word "Denied" at the top. While Plaintiff believes that these responses comply with Local Rule 56.1(b) and (c), this omission was unintentional and Plaintiff respectfully requests the Court's permission to file a supplement to her Rule 56.1 Response which contains only Paragraphs 98, 109, 110 and 185 and adds the word "Denied" at the top of each response. FRCP 56(e)(1).

**VI.    Request For Permission to Cross-Move**

If the Court permits Defendants to file a motion to strike, Plaintiff respectfully requests the Court's permission to file a cross-motion to strike Defendants' Rule 56.1 Statement for the reasons set forth in Point II. However, as discussed *supra* at Point I, Plaintiff has no desire to waste the Court's time and resources on unnecessary motion practice.

**VII.   Briefing Schedule**

Defendants did not propose a briefing schedule as required by Your Honor's Individual Practices. In the event that Defendants' request is granted (along with Plaintiff's request to file a cross-motion), Plaintiff proposes that: i) Defendants' moving papers are filed on January 27, 2023; ii) Plaintiff's opposition papers and cross motion are filed on February 17, 2023; iii) Defendants' reply papers and opposition to any cross motion are filed on March 10, 2023; and iv) Plaintiff's reply to Defendants' opposition to her cross motion is filed on March 22.[14]

Respectfully Submitted,

By: /s/ *Kara L. Gorycki*
    Kara L. Gorycki (KG 3519)
Andrew T. Miltenberg (AM 7006)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Phone: (212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

---

[14] Briefing should be completed on a tight schedule so as not to delay the Court's consideration of Defendants' motion.



**Hon. P. Kevin Castel**
**Page 10 of 10**

cc:

All Counsel of Record (via ECF)

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400