Act's "by reason of" requirement for private actions is "material cause,"[18] expressed by some courts in the tort language of "substantial factor" or "proximate cause."[19] It is routinely held that the violation does not have to be the sole cause of the asserted injury, but formulations of what it means to be a "material" cause vary.[20] The material cause test allows courts to avoid the difficult task of parsing and precisely calibrating the relative

---

18. Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 114 n.9 (1969); *see also* Gulf States Reorg. Group v. Nucor Corp., 466 F.3d 961, 965 (11th Cir. 2006) ("Antitrust law does not require that the defendant be the exclusive cause of the plaintiff's injury but only a 'material' one."); Ezzo's Investments, Inc. v. Royal Beauty Supply, Inc., 243 F.3d 980, 990 (6th Cir. 2001) (affirming judgment as a matter of law for defendant because plaintiff introduced insufficient evidence to exclude other possible causes and thus did not show that alleged violation was a material cause of its damage).
19. *See, e.g.*, *In re* Southeastern Milk Antitrust Litig., 739 F.3d 262, 284 (6th Cir. 2014) (proximate cause); Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n, 623 F.3d 281, 285 (6th Cir. 2010) ("An antitrust plaintiff bears the burden of showing that the alleged violation was a material cause of its injury, a substantial factor in the occurrence of damage, or that the violation was the proximate cause of the damage.") (quoting Conwood Co., L.P. v. U.S. Tobacco Co., 290 F.3d 768, 788-89 (6th Cir. 2002)); Southwestern Sheet Metal Works v. Semco Mfg., 788 F.2d 1144, 1146 (5th Cir. 1986) (proximate cause). The Supreme Court has developed the same concepts under RICO, which adopted the Clayton Act's "by reason of" language. Hemi Group v. City of New York, 559 U.S. 1, 8-9 (2010) (plurality); Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992) (citing Associated Gen. Contractors v. Cal. State Council of Carpenters, 459 U.S. 519, 532-33 (1983)).
20. *See, e.g.*, *Gulf States*, 466 F.3d at 965 (violation need not be "exclusive" cause of injury); MetroNet Servs. Corp. v. US West Commc'ns, 329 F.3d 986, 1009 (9th Cir. 2003) (violation must contribute significantly to the injury, even if other factors in the aggregate amount to a more substantial cause), *superseded on other grounds sub nom.* MetroNet Servs. Corp. v. Qwest Corp., 383 F.3d 1124 (9th Cir. 2004); Greater Rockford Energy & Tech. Corp. v. Shell Oil Co., 998 F.2d 391, 401 (7th Cir. 1993) (violation need not be "sole cause of the alleged injuries"); Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1497 (8th Cir. 1992) (insufficient if the violation was "one factor among many, and not a controlling or major factor"); Shreve Equip. v. Clay Equip. Corp., 650 F.2d 101, 105 (6th Cir. 1981) ("[t]o be one of several causes is not enough" (quoting Handgards, Inc. v. Ethicon, Inc., 601 F.2d 986, 987 (9th Cir. 1979)); *see also* MODEL JURY INSTRUCTIONS, *supra* note 6, at F-3 (plaintiff may not recover if its injury "was caused primarily" by factors other than the violation).

significance of multiple causal factors, which can be invoked in virtually every case. The plaintiff need only show "*some* damage" flowing from the violation and need not "exhaust all possible alternative sources of injury."[21]

Embedded within the material contribution standard is a but-for inquiry: there can be no contribution to the injury, much less a material one, if the same injury would have occurred in the absence of the violation.[22] As a corollary, material contribution implies that some material portion of the asserted injury would have not occurred if the violation had not occurred. It is that material portion of the injury—the difference between the plaintiff's actual position and its position but for the violation—that must be quantified in the plaintiff's damages calculation.[23]

---

21. *Zenith Radio Corp.*, 395 U.S. at 114 n.9. Inquiry beyond the "minimum point" of proving some damage "goes only to the amount and not the fact of damage." *Id.*; *see also* William Inglis & Sons Baking Co. v. Cont'l Baking Co., 942 F.2d 1332, 1339-40 (9th Cir. 1991), *vacated in part*, 970 F.2d 639 (9th Cir.), *amended*, 981 F.2d 1023 (9th Cir. 1992) (the causation requirement can be satisfied by "establish[ing] that the anticompetitive activities were a material cause of some of its injury; whether [plaintiff] proved that [defendant] caused all of the claimed injury is properly an issue affecting only the amount of damages proved") (internal quotation marks and citation omitted).

    This intuitive distinction between fact of damage and the amount of damages may be more difficult to apply when the plaintiff alleges a causal chain between the violation and the injury. For example, the plaintiff may allege that the violation led to the occurrence of an event that was responsible for at least a material portion of the plaintiff's injury. Because it may not be possible to allege that the violation caused some portion of the event (which would either happen or not happen), to support fact of damage the plaintiff may have to prove that the event would not have occurred but for the violation. See Chapter 2 for a discussion of the complexities of alleged causal chains, which may in some cases lead to a denial of antitrust standing.

22. *See, e.g.*, *In re* Publ'n Paper Antitrust Litig., 690 F.3d 51, 67 (2d Cir. 2012) (reversing summary judgment for defendant because reasonable jury could conclude that executives' agreement to follow competitors' price increases was a material and but-for cause of elevated prices even though lower-level employees who did not know of the price-fixing agreement recommended price increases to defendant's executive).

23. *See, e.g.*, Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1434-35 (2013); Texaco Inc. v. Hasbrouck, 469 U.S. 543, 572 (1990) (affirming judgment awarding damages for Robinson-Patman Act violation, 15 U.S.C. § 13,

**C. The S**

In the
*Paper Co.*,
the amoun
was the qu
proof that
"fact of dar

It is true
there wa
between
[plaintif
necessar
the recov
result o
attributal

This oft
certainty in

where "
precise"
be attrib
neverth
amount
(10th C
of their
benchm
price-fi
786 F.2
did not
to defen
F. Supp
AREEDA
("Thus,
violatior
plaintiff
impact o

24. 282 U.S.
25. *Id.* at 56
100, 10
damage)

## C. The Standard of Proof

In the seminal case of *Story Parchment Co. v. Paterson Parchment Paper Co.*,[24] the Supreme Court established a relaxed standard for proving the amount of antitrust damages. Although the question before the Court was the quantification of damages, the Court used as a benchmark the proof that the violation had caused injury to the plaintiff, denominated "fact of damage":

> It is true that there was uncertainty as to the extent of the damage, but there was none as to the fact of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that [plaintiff] had sustained some damage, and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount.[25]

This often-quoted passage has been read to require some level of certainty in the proof of fact of damage, an issue not before the Court in

---

where "[p]roof of the specific amount of their damages was necessarily less precise"; and "[e]ven if some portion of some of respondents' injuries may be attributable to the conduct of independent retailers, the expert testimony nevertheless provided a sufficient basis for an acceptable estimate of the amount of damages"); *In re* Urethane Antitrust Litig., 768 F.3d 1245, 1260 (10th Cir. 2014) (affirming judgment for purchaser class and admissibility of their expert's testimony who used multiple regression analysis and a benchmark period to calculate prices that would have existed but for a price-fixing conspiracy); Farley Transp. Co. v. Santa Fe Trail Transp. Co., 786 F.2d 1342, 1348-52 (9th Cir. 1986) (denying recovery where plaintiff did not provide a basis for quantifying the portion of its injury attributable to defendant's illegal activities); Discovery Fin. Serv. v. Visa U.S.A., 582 F. Supp. 2d 501, 504-05, n.4 (S.D.N.Y. 2008); *see also* 2A PHILLIP E. AREEDA ET AL., ANTITRUST LAW ¶ 338a at pp. 117-23 (4th ed. 2014) ("Thus, a plaintiff initially obtains standing by showing that the alleged violation contributed significantly to its injury. Ultimately, of course, the plaintiff must provide the jury with a reasonable basis for separating the impact of the violation from other factors." (footnotes omitted)).

24. 282 U.S. 555 (1931).

25. *Id.* at 562; *see also* Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 107-08 (1969) (recognizing plaintiff's burden to prove fact of damage).

*Story Parchment*.[26] Some courts of appeals require that fact of damage be proven "as a matter of fact and with a fair degree of certainty"[27] or similar standards.[28] Other circuits apply less stringent standards.[29] The Supreme Court has not adopted a heightened proof requirement for the fact of damage in antitrust cases.[30]

---

26. *Story Parchment*, 282 U.S. at 560 (stating that injury and causation were sufficiently established and the only question remaining for consideration was whether the circuit court correctly held that damages were not recoverable).
27. *See, e.g.*, Ezzo's Investments, Inc. v. Royal Beauty Supply, Inc., 243 F.3d 980, 990 (6th Cir. 2001) (citing Shreve Equip. v. Clay Equip. Corp., 650 F.2d 101, 105 (6th Cir. 1981)); Bell Atl. Corp. v. AT&T Corp., 339 F.3d 294, 302 (5th Cir. 2003) (fact of damage must be proved with certainty; *see also* MODEL JURY INSTRUCTIONS, *supra* note 6, at F-3 ("Plaintiff must also offer evidence that establishes as a matter of fact and with a fair degree of certainty that defendant's alleged illegal conduct was a material cause of plaintiff's injury.").
28. *See* Greater Rockford Energy & Tech. Corp. v. Shell Oil Co., 998 F.2d 391, 401 (7th Cir. 1993) (plaintiff must establish "with a fair degree of certainty" that the violation was a material cause of the injury); Federal Prescription Serv. v. Am. Pharm. Ass'n, 663 F.2d 258, 268 (D.C. Cir. 1981) (fact of damage must be "certainly proved"); Atlas Bldg. Prods. Co. v. Diamond Block & Gravel Co., 269 F.2d 950, 958 (10th Cir. 1959) ("reasonable certainty").
29. *See* MetroNet Servs. Corp. v. US West Commc'ns, 329 F.3d 986, 1008-09 (9th Cir. 2003) ("reasonable probability"), *superseded on other grounds sub nom.* MetroNet Servs. Corp. v. Qwest Corp., 383 F.3d 1124 (9th Cir. 2004); Rossi v. Standard Roofing, 156 F.3d 452, 484 (3d Cir. 1998) (applying the "ordinary standard of proof" to fact of damage, which must be "reasonably proven"); Advanced Health-Care Servs. v. Radford Cmty. Hosp., 910 F.2d 139, 149 (4th Cir. 1990) (plaintiff must show "a reasonably probable causal link between the antitrust violation and a business loss").
30. In *Bigelow v. RKO Radio Pictures*, 327 U.S. 251 (1946), the Court held that a jury may find fact of damage "as a matter of just and reasonable inference." *Id.* at 264. The Supreme Court followed *Bigelow* in *Zenith Radio Corp.*, 395 U.S. at 123-25, noting "the practical limits of the burden of proof which may be demanded of a treble-damage plaintiff who seeks recovery for injuries from a partial or total exclusion from a market" and concluding that the trial court was entitled "to infer from . . . circumstantial evidence that the necessary causal relation between the [unlawful] conduct and the claimed damage existed." *See also* Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 697-700 (1962) (finding sufficient evidence for a jury to infer the necessary causal connection between

## D. Proof of the Fact of Damage

The material cause standard does not yield precise formulas for determining whether the plaintiff has adequately proven fact of damage. In the usual case where multiple factors plausibly contributed to the plaintiff's injury, the materiality of the violation's contribution is inevitably a judgment call, which is frequently but not always left to the trier of fact.[31] But the Supreme Court in *Comcast v. Behrend*[32] held that the district court may certify a class only if the plaintiff can disaggregate damages caused by the theory certified for class treatment from damages caused by uncertified theories. In other words, the district court, as a matter of law, must decide in the first instance if the plaintiff, usually through expert testimony, can tie damages to the particular anticompetitive harm the plaintiff alleges—damages that are "the certain result of the wrong."[33]

Unlawful conduct may be a material cause of an asserted injury without being the sole cause of the entire injury.[34] This basic distinction is evident in the difference between how courts address fact of damage, decided under the material cause standard, and the amount of damages, where the but-for standard prevails. As will be seen in Chapter 4, the courts require that the antitrust violation be the sole cause of the plaintiff's damages, by insisting on a but-for world that eliminates only the defendant's unlawful conduct separately from all other sources that may

---

respondents' antitrust violations and petitioners' injury, although the evidence was conflicting and "different inferences might reasonably be drawn from it").

31. *See, e.g.*, *In re* Nexium (Esomeprazole) Antitrust Litig., 842 F.3d 34, 60 (1st Cir. 2016) (affirming jury verdict finding antitrust violation but no antitrust injury); Taylor Publ'g Co. v. Jostens, Inc., 216 F.3d 465, 484-85 (5th Cir. 2000).
32. 133 S. Ct. 1426 (2013).
33. *Id.* at 1434 (quoting Behrend v. Comcast Corp., 655 F.3d 182, 216 (3d Cir. 2011) (Jordan, J., dissenting in part)).
34. *See Zenith Radio Corp.*, 395 U.S. at 114 n.9; Amphastar Pharm. Inc. v. Momenta Pharm., Inc., 850 F.3d 52, 2017 WL 876260, at *4 (1st Cir. 2017) ("Significantly, the antitrust violation need not be the 'sole cause' of Amphastar's injury, so long as it was a 'material cause.'") (citation omitted); *In re* Publ'n Paper Antitrust Litig., 690 F.3d 51, 66 (2d Cir. 2012) ("an antitrust defendant's unlawful conduct need not be the sole cause of the plaintiffs' alleged injuries; to prove a 'causal connection' between the defendant's unlawful conduct and the plaintiff's injury. . .") (quoting Litton Sys., Inc. v. Am. Tel. & Tel. Co., 700 F.2d 785, 823 n.49 (2d Cir. 1983)).

also have caused the plaintiff's damages.[35] Before *Comcast v. Behrend*, courts sometimes held that the material cause standard requires no such disaggregation of the plaintiff's asserted injury, but instead looks at the injury as a whole and ascertains in retrospect whether the violation materially contributed to it.[36] But *Comcast v. Behrend* would seem to combine disaggregation analysis with the material cause standard to prevent what amounts to a presumption that the conduct on which the plaintiff's theory focuses was a material cause of the harm even though other conduct for which the plaintiff may be unable to prove liability contributed to it.

The nature of the asserted violation and its likely effects are often of prime importance. As the Supreme Court noted long ago in *Bigelow v. RKO Radio Pictures*,[37]

> [I]n the absence of more precise proof, the jury [can] conclude as a matter of just and reasonable inference from the proof of defendants' wrongful acts and *their tendency to injure plaintiff's business*, and from the evidence of the decline in prices, profits and values, not shown to be attributable to other causes, that defendants' wrongful acts had caused damage to the plaintiffs.[38]

---

35. *Comcast Corp.*, 133 S. Ct. at 1433-35 (damage methodology must disaggregate damages caused by plaintiff's theory of antitrust liability from those caused by other factors); *see also* Magnetar Techs. Corp. v. Intamin, Ltd., 801 F.3d 1150, 1160 (9th Cir. 2015) (summary judgment for defendant affirmed because plaintiff's expert failed to separate antitrust injury from alternative causes); Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1054-57 (8th Cir. 2000) (verdict form must allocate damages to each type of antitrust claim or consider the damages caused by each type of violation, and expert opinion that did not incorporate all aspects of economic reality of market or separate lawful and unlawful conduct should have been excluded); Transamerica Computer Co. v. IBM, 698 F.2d 1377 (9th Cir. 1983) (even if plaintiff could establish defendant's conduct violated Sherman Act and "that the conduct caused some material part of the loss," it could not fix damages "except by guess").
36. *See, e.g.*, Addamax Corp. v. Open Software Found., 152 F.3d 48 (1st Cir. 1998).
37. 327 U.S. 251 (1946).
38. *Id.* at 264 (emphasis added). Although proof of the amount of damages was also at issue in *Bigelow*, this passage addresses proof of the fact of damage. *See* Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 123-125 (1969) (citing *Bigelow* and noting that "the injury alleged by [plaintiff] was precisely the type of loss that the claimed violations of the antitrust laws

Under this "tendency" test, a showing, perhaps supported by expert testimony, that the asserted violation is likely to cause the private harm asserted as the plaintiff's injury may suffice as proof of impact.[39]

Nowadays a plaintiff must be prepared at the outset of the case to defend a method for proving the fact of damage. Under modern pleading standards, a plaintiff's allegation that anticompetitive conduct caused at least some harm must be plausible or the complaint will be dismissed.[40] Defendants are free to prove that the entirety of the plaintiff's injury is explained by the effect of factors other than the asserted violation,[41] or at least that the violation made only an immaterial contribution.[42] The *Bigelow* Court's reference to declines "not shown to be attributable to other causes" is a recognition of the ultimate but-for criterion for proving fact of damage. Equating impact with a decline in the plaintiff's fortunes after the violation constitutes fallacious post hoc reasoning.[43]

In this respect, the fact of damage threshold can be seen as allocating burdens of production. Some courts give weight to proof that the defendant

---

would be likely to cause"); *Continental Ore*, 370 U.S. at 697 (same). *Cf.* Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 561 (1931) (although higher prices prevailing before a predatory pricing conspiracy would not "necessarily" have continued, "the natural and probable effect" of the conspiracy would be to reduce prices).

39. *See, e.g.*, Affiliated Capital Corp. v. City of Houston, 735 F.2d 1555, 1564 (5th Cir. 1984). Conclusory expert testimony will not suffice. *See* St. Louis Convention & Visitors Comm'n v. NFL, 154 F.3d 851, 863 (8th Cir. 1998).

40. *See* Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Somers v. Apple, Inc., 729 F.3d 953, 963-66 (9th Cir. 2013) (affirming dismissal of overcharge claims where facts alleged were inconsistent with theory that defendant's conduct caused overcharge).

41. *See, e.g.*, Ezzo's Investments, Inc. v. Royal Beauty Supply, Inc., 243 F.3d 980, 991 (6th Cir. 2001) (affirming judgment as a matter of law for defendant where plaintiff offered no evidence to exclude other market factors); Read v. Med. X-Ray Ctr., 110 F.3d 543 (8th Cir. 1997).

42. *See, e.g.*, National Ass'n of Review Appraisers & Mortgage Underwriters v. Appraisal Found., 64 F.3d 1130, 1135-36 (8th Cir. 1995); Greater Rockford Energy & Tech. Corp. v. Shell Oil Co., 998 F.2d 391, 402-04 (7th Cir. 1993); Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1494-98 (8th Cir. 1992).

43. *See, e.g.*, Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc., 213 F.3d 198, 208 (5th Cir. 2000); Isaksen v. Vt. Castings, 825 F.2d 1158, 1165 (7th Cir. 1987) (simply comparing profits before and during the violation period is not a valid methodology "especially when it is apparent that other causal factors are at work").

intended to inflict the injury the plaintiff has suffered.[44] While intent to injure is certainly a relevant consideration, intent alone does not establish fact of damage.[45] The plaintiff may satisfy its initial burden by making a prima facie case from which it may be inferred that at least some material part of its injury was attributable to the violation. This prima facie case does not require a full-blown quantitative comparison between the plaintiff's actual experience and its experience but for the violation.[46] Defendants may rebut the plaintiff's prima facie case by invoking the but-for principle and showing that other factors independent of the violation fully explain the alleged injury.[47]

Disproving the fact of damage thus may rest on the concept of an independent sufficient cause. Proof of an independent sufficient cause means that the plaintiff would have suffered the same injury even if the defendant's violation had not occurred. For example, the violation may have preempted another cause that, if the violation had not occurred, would in any event have produced the same result. Conduct aimed at blocking entry into a market for which a requisite governmental approval

44. *See, e.g.*, MetroNet Servs. Corp. v. US West Commc'ns, 329 F.3d 986, 1009 (9th Cir. 2003), *superseded on other grounds sub nom.* MetroNet Servs. Corp. v. Qwest Corp., 383 F.3d 1124 (9th Cir. 2004); Malcolm v. Marathon Oil Co., 642 F.2d 845, 855 (5th Cir. 1981).

45. *See, e.g.*, Taylor Publ'g Co. v. Jostens, Inc., 216 F.3d 465, 485 (5th Cir. 2000). (finding plaintiff's proof of defendant's intent to harm plaintiff was insufficient to establish fact of damage); *St. Louis Convention & Visitors Comm'n*, 154 F.3d at 863 (stating that intent of allegedly anticompetitive rule was not sufficient to establish a causal link to plaintiff's harm); *Amerinet*, 972 F.2d at 1492 n.15 (8th Cir. 1992) (stating that evidence of defendant's anticompetitive intent did not demonstrate that defendant's acts caused plaintiff-competitor's injury).

46. *See* AREEDA ET AL., *supra* note 21, ¶338a at pp. 118-19.

47. *Id.* ¶337a at p. 102.

could not have been obtained would fall into this category.[48] Courts have required the independent cause to be truly independent of the violation.[49]

The independent sufficient cause argument can be pushed too far, particularly where the alleged alternative sufficient cause is hypothetical. The Supreme Court long ago rejected the theory that fact of damage can be negated by an argument that the defendants could have inflicted the same injury by acting independently (and thus lawfully) rather than engaging in unlawful collusion.[50] Arguments that the defendant could have found, or even would have found (an obvious choice in hindsight), a lawful way to inflict the same harm have been deemed unpersuasive.[51]

---

48. *See, e.g.*, RSA Media v. AK Media Group, 260 F.3d 10 (1st Cir. 2001). *Cf. In re* Canadian Imp. Antitrust Litig., 470 F.3d 785, 791-92 (8th Cir. 2006) (holding that federal prohibition on importing drugs from Canada, not the alleged conspiracy to impede importation, caused the alleged injury of higher drug prices); City of Pittsburgh v. W. Penn Power Corp., 147 F.3d 256, 264-69 (3d Cir. 1998) (holding that causal connection necessary for standing not present where agency approval needed to achieve the competition eliminated by challenged merger).

49. *See, e.g.*, City of Long Beach v. Standard Oil Co., 872 F.2d 1401, 1407-09 (9th Cir. 1989) (finding that conspiracy to depress prices paid to plaintiff may cause injury despite government price controls prohibiting higher prices where the price ceilings would have been higher but for the conspiracy).

50. *Story Parchment*, 282 U.S. at 562 (rejecting as "unsound" the argument that low prices were not attributable to a predatory pricing conspiracy because the same prices might have prevailed if defendants had acted independently); Gelboim v. Bank of Am. Corp., 823 F.3d 759, 776 (2d Cir. 2016) (alleged horizontal competitors' agreement to fix LIBOR, an index used to set interest rates, stated claim for *per se* violation even though the victims "could have suffered the same harm under normal circumstances of free competition") (internal quotation omitted).

This issue is distinct from the inquiry used to test the presence of antitrust injury in *Brunswick Corp.*, 429 U.S. at 888. There, the Court noted that the asserted injury would be the same if different, concededly lawful events had occurred, demonstrating the disconnect between the basis for finding the defendant's conduct unlawful and the plaintiff's asserted injury. The causal link between the violation and the plaintiff's injury was not at issue. *Id.* at 484.

51. *See, e.g.*, *In re* Cardizem CD Antitrust Litig., 332 F.3d 896, 912-15 (6th Cir. 2003) (rejecting an argument that "if the defendant could have in theory caused the same injury without engaging in an antitrust violation," plaintiff may not recover, distinguishing cases where plaintiff's injury was in fact caused by lawful conduct "independent of the alleged antitrust

violation"); Virginia Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 540 (4th Cir. 1998) (rejecting defendant's argument that it "could have achieved the same result through lawful means"); Irvin Indus. v. Goodyear Aerospace Corp., 974 F.2d 241, 245-46 (2d Cir. 1992) (argument that defendant could have beaten plaintiff's bid even with a nonpredatory bid ruled "too speculative" to defeat material causation); Lee-Moore Oil Co. v. Union Oil Co., 599 F.2d 1299, 1303 (4th Cir. 1979); Pacific Coast Agric. Exp. Ass'n v. Sunkist Growers, 526 F.2d 1196, 1206 (9th Cir. 1975). *But see* Valley Prods. Co. v. Landmark, 128 F.3d 398, 403-04 (6th Cir. 1997) (denying recovery to plaintiff-supplier terminated pursuant to defendant's tying arrangement because the termination would have caused the same harm even if there had been no tying). For a criticism of *Valley Products* and similar Sixth Circuit cases before *Cardizem*, see Davis, *supra* note 6, at 737-44.



It is n
damages u
suffered is
show that t
plaintiff is
lack "antitr
Antitru
economic n
violation, i.
the injury th
antitrust inj
and requires
and the type
competition.

1. The do
doctrine
requirer
courts f
a privat
Council
2. *See* Blue
3. *See* Bru
(stating
*competit*
370 U.S.
*Ground*
L.J. 697,
that a pla
statute or
John E. L
*the Evol*
the Court
Act, a pla
type the
which ma
at 489));
*Antitrust*
66 ANTI

KAPLAN000546