# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

February 14, 2024

**VIA ECF**

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

        Re:    <u>Fairstein v. Netflix Inc. et al., No. 20-cv-8042 (PKC)</u>

Your Honor:

      I represent non-party Penguin Random House LLC ("PRH").  I write regarding PRH's anticipated motions (1) to seal confidential PRH documents, information, and deposition excerpts that have been submitted by the parties in connection with various pending motions *in limine* and (2) to seal confidential PRH documents, information and deposition excerpts that the parties may seek to enter into evidence at trial in this matter.  In particular, PRH seeks the Court's guidance as to the timing of a motion to seal trial exhibits given that PRH does not yet know what exhibits the parties intend to submit at trial and which, if any, of those exhibits may be excluded as a result of the pending motions *in limine*.  Per the Court's October 11, 2023 Order (Docket No. 227) the next conference in this matter is scheduled for March 7, 2024.

      As the Court is aware, in connection with their motions *in limine* to preclude expert testimony, both the Plaintiff and Defendants in this action have moved to file under seal certain documents and information that PRH has designated as confidential. *See* Docket Nos. 258 and 279.  Most of the confidential PRH documents and information in question are referenced in or attached to the various proposed expert reports which are the subjects of the motions to preclude.  PRH intends to file a motion in the near future requesting the continued sealing of those documents to the extent that they contain commercially sensitive financial information or other highly confidential information.

      PRH assumes that, if the expert reports are not precluded as a result of the pending motions *in limine*, the parties will seek to submit them (including the confidential PRH material that the reports reference and attach) at trial.  Conversely, if the reports are precluded, the parties may or may not seek to separately submit into evidence some or all of the confidential PRH material referenced in those reports.  PRH also believes that the parties will seek to submit additional confidential PRH material at trial, including contracts and emails containing commercially sensitive financial information and other confidential information that would put PRH at a competitive disadvantage

should it become public.  The potential entry of such confidential documents into evidence at trial, and the potential discussion of confidential information and documents in open court, may raise different issues than the submission of such documents and information in the context of motions *in limine*, and PRH therefore would need to submit a new motion seeking to seal any such documents and information introduced or discussed at trial.  However, it is not practical to prepare such a motion until PRH knows what exhibits the parties intend to submit into evidence at trial and knows whether the Court will grant the motions *in limine* to preclude any of the proposed expert reports containing confidential PRH information.  Counsel for Plaintiff has already provided PRH with a copy of their proposed trial exhibit list; counsel for Defendants have indicated that they will also provide PRH with a list of exhibits containing PRH confidential information that Defendants intend to introduce at trial, but that has not yet occurred.

     Per the Court's February 2, 2024 Order (Docket No. 337), the parties have been directed to submit motions regarding the sealing of trial exhibits by February 27, 2024.  We ask for the Court's guidance as to when non-party PRH must submit a motion to seal any trial exhibits and testimony containing confidential PRH information.  Ideally, assuming that Defendants provide PRH with the list of relevant trial exhibits, we would request that PRH's motion be due no sooner than 14 days after the Court's ruling on the pending motions *in limine* and accompanying motions to seal.

                      Respectfully submitted,

                      /s/ Matthew A. Leish

cc: counsel for all parties (via ECF)

> The standard for sealing trial evidence is high.  Counsel should explore with counsel for the parties the use of redacted documents.  If the non-party seeks to seal trial exhibits, it shall make an evidentiary showing of why and a legal showing that sealing is warranted under existing law.  It should explain how this could be accomplished at a public trial.  What restrictions would be placed on oral references?  What restrictions would be placed on jurors?  The motion is due 14 days after the filing of a proposed joint pretrial order.
> SO ORDERED.
> Dated:  2/15/2024
>
> P. Kevin Castel
> United States District Judge