IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA FAIRSTEIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NETFLIX, INC., AVA DUVERNAY, and )<br>ATTICA LOCKE, )<br>)<br>Defendants. )<br>) | Case No. 20-cv-8042 (PKC) |

**PLAINTIFF LINDA FAIRSTEIN'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4: MOTION TO
EXCLUDE REFERENCE TO ANNOTATIONS PROVISIONS OF CONTRACTS**

Kara L. Gorycki
Andrew T. Miltenberg
Stuart Bernstein
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com

Plaintiff Linda Fairstein ("Plaintiff") respectfully submits this opposition to Defendants' Motion *In Limine* No. 4: Motion to Exclude Reference to Annotations Provisions of Contracts, which seeks to preclude Plaintiff from introducing the portions of the writers' agreements at trial that required the writers to provide ███████████ annotations to Netflix for works ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* ECF No. 297, Ramachandran Decl., Ex. 1, DuVernay Loanout Agreement, at DEFS144594, § 12(a); Ex. 2, Locke Loanout Agreement, at DEFS144564, § 6(a).

Defendants' motion arises from Netflix's failed efforts to extract an agreement from Plaintiff that she will not use ***any portion*** of the writers' agreements ***for any purpose*** at trial. After Plaintiff refused to agree to this unreasonable blanket exclusion, Defendants elected to make their motion.

To be clear, Plaintiff has no intention of wasting time by attempting to argue that Defendants failed to follow a particular industry standard or practice when creating the Series. It is ***Netflix*** that raised the issue of custom or practice at the summary judgment phase of this action when, in Defendants' Rule 56.1 Statement, it was asserted that "Netflix relied on the expertise, experience and track record of Ms. DuVernay and her veteran co-producers and writers, as Netflix does as a general matter with accomplished filmmakers." ECF No. 184, ¶ 68.[1] In response, Plaintiff pointed out that Netflix did not request contractually required annotations from the filmmakers but, instead, conducted its own review. *Id*. This undermined the assertion of full and customary reliance on the writers' expertise.

---

[1] Indeed, Netflix also submitted testimony from Berry Welsh at the summary judgment phase to demonstrate an adherence to filmmaking practices in the docudrama context. Plaintiff moved to exclude that testimony then and now. *See* ECF No. 245.

2

On a second occasion, Netflix claimed to have been "threatened" by a legal letter from Plaintiff's attorney after it "picked up the project" in 2017. ECF No. 184 ¶ 109. Plaintiff cited the annotations provision of the writers' agreements to demonstrate that Netflix could not have been "threatened" if it did not have the writers follow through with providing annotations. *See* Ramachandran Decl., Ex. 1, DuVernay Loanout Agreement, at DEFS144594, § 12(a); Ex. 2, Locke Loanout Agreement, § 6(a).

While today Defendants argue that "compliance with custom and practice, or a perceived *objective* professional standard is wholly irrelevant," (Moving Br. at 1), on summary judgment they submitted the testimony of Berry Welsh, that "the factual source material that the writers had for the Series was extensive and customary for a typical production based on a true story." ECF No. 153, Welsh Decl. ¶ 12.

Defendants should be precluded from making similar arguments at trial because: i) the jury could be misled into believing that Netflix is exempt from liability if it relied on the "expertise" of its writers; ii) whether Netflix—a powerful, publicly traded company—was "threatened" by a lawyer letter is not relevant to any issue in this case; and iii) the jury could be misled into believing that the depth or extent of Defendants' research should be considered in determining liability. However, if such issues are raised at trial, Plaintiff should be permitted to elicit testimony about the annotations, or lack thereof.

Plaintiff does not disagree that a pre-publication legal review is typically protected by the attorney-client privilege and does not intend to invade that privilege. However, if Netflix opens the door to this issue at trial, a question will arise as to whether it has waived privilege.

3

For the above stated reasons, Plaintiff respectfully submits that a ruling excluding the use of the annotations provisions of the writers' agreements at trial would be premature.

Dated: New York, New York
February 16, 2024

                    Respectfully Submitted,

By:   /s/ *Kara L. Gorycki*
     Kara L. Gorycki
     Andrew T. Miltenberg
     Stuart Bernstein
     NESENOFF & MILTENBERG, LLP
     363 Seventh Avenue, Fifth Floor
     New York, New York 10001
     (212) 736-4500
     kgorycki@nmllplaw.com
     amiltenberg@nmllplaw.com
     sbernstein@nmllplaw.com

*Attorneys for Plaintiff Linda Fairstein*