# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA FAIRSTEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NETFLIX, INC., AVA DUVERNAY, and ATTICA LOCKE,<br><br>　　　　Defendants. | Case No. 20-cv-8042 (PKC) |

## JOINT PROPOSED PRETRIAL ORDER

The parties have conferred among themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure. The following statements, directions and agreements are adopted as the Pretrial Order herein.

**I.　Trial Counsel's Contact Information**

The contact information for all counsel participating in the trial is set forth below.

**A.　Plaintiff's Counsel**

| | | |
|---|---|---|
| Kara L. Gorycki<br>Nesenoff & Miltenberg, LLP<br>363 Seventh Ave., 5th Floor<br>New York, New York 10001<br>O: (212)736-4500<br>M: (917)596-6090<br>kgorycki@nmllplaw.com | Stuart Bernstein<br>Nesenoff & Miltenberg, LLP<br>363 Seventh Ave., 5th Floor<br>New York, New York 10001<br>O: (212)736-4500<br>M: (917)703-2578<br>sbernstein@nmllplaw.com | Andrew T. Miltenberg<br>Nesenoff & Miltenberg, LLP<br>363 Seventh Ave., 5th Floor<br>New York, New York 10001<br>O: (212) 736-4500<br>M: (917)868-6816<br>amiltenberg@nmllplaw.com |

### B. Defendants' Counsel

| | |
|---|---|
| Bart H. Williams<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>O: (310) 284-4520<br>C: (310) 721-7746<br>bwilliams@proskauer.com | Natalie J. Spears<br>DENTONS US LLP<br>233 S. Wacker Dr., Suite 5900<br>Chicago, IL 60606<br>O: (312) 876-2556<br>C: (312) 371-8520<br>natalie.spears@dentons.com |
| Seetha Ramachandran<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>O: (212) 969-3455<br>C: (917) 975-1139<br>sramachandran@proskauer.com | Justin N. Kattan<br>DENTONS US LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>O: (212) 768-6700<br>C: (917) 699-7659<br>justin.kattan@dentons.com |

## II.   Jury Trial

Linda Fairstein, Netflix, Inc., Ava DuVernay and Attica Locke all request that this action be tried by a jury. Pursuant to the Court's Order dated September 26, 2023, (ECF No. 218), which requires each side to propose a time limit on the presentation of its evidence and argument at trial, the parties state as follows:

### A. *Plaintiff's Statement*

Plaintiff estimates a proposed time limit for the presentation of argument and evidence for her case in chief of 50-55 hours. As the Court is aware this is a multi-defendant case, involving multiple, defamatory statements and a conspiracy claim. Plaintiff has the burden of proof, including on the issue of falsity, necessitating the designation of several witnesses who can speak to the events that occurred in the Central Park Jogger case in 1989. Plaintiff has identified eighteen (18) trial witnesses. One witness, a Netflix employee, will not be made available for Plaintiff's case in chief.

On February 12, 2024, the parties' counsel met and conferred about a number of issues, including the parties' estimates for trial time. For the first time, Defendants' counsel suggested splitting the parties' trial time equally. Plaintiff's counsel said they would consider it but noted that Plaintiff has the burden of proof and that her case would, for that reason, take longer. Also mentioned by Plaintiff's counsel was the fact that recent libel cases in this District, involving fewer statements and

parties, have taken several weeks. For example, a review of the case docket in *Mitre Sports International v. Home Box Office*, Case No. 1:08-cv-09117, a defamation case involving an HBO broadcast, shows that the trial was held over 18 days.

On February 13, 2024, Plaintiff's counsel notified Defendants' counsel that Plaintiff would not be splitting trial time and provided the estimate stated above. Defendants have refused to move from their position that the trial time should be split evenly, or provide an hours estimate for their case in chief. Plaintiff reserves the right to further address this issue at the upcoming PreTrial Conference on March 7, 2024.

B. *Defendants' Statement*

Defendants believe that the total amount of trial time should be split evenly between Plaintiff and Defendants. Counsel for Defendants have extensively met and conferred with Plaintiff's counsel on this issue. In those discussions, counsel for Defendants made clear that they request an equal distribution of time, regardless of the total time the Court allows. Defendants respectfully make that same request to the Court. Acknowledging that Plaintiff may have the burden of proof, the quantity of evidence that Defendants must put on in order to rebut Plaintiff's claims of falsity and actual malice is significant and actually exceeds the quantum of Plaintiff's evidence. To account for both Plaintiff's burden and the sheer quantity of evidence that Defendants anticipate needing to introduce, an equal distribution of time between the parties would be fair under these circumstances.

Defendants disagree with Plaintiff's estimate of 50-55 hours. Defendants believe that an efficient trial could be conducted in 36 hours per side for a total of 72 hours. While the parties have collectively identified 33 witnesses, only 5 or 6 of those witnesses are likely to have testimony beyond 2 hours per side. The majority of the witnesses are identified for limited issues, such as damages, and are expected to have very short testimony. Assuming approximately 22 hours of testimony per week (5.5 hours of testimony, 4 days per week), Defendants' estimate results in 13 trial days. Under Plaintiff's proposal, an equal distribution would result in 100-110 hours of trial time, or by Defendants' estimates, a 5-week trial. Defendants do not believe a trial of this length is warranted. Nonetheless, and as explained above, Defendants respectfully request an equal distribution of the total time the Court finds to be appropriate.

### III. Remaining Claims and Defenses

#### A. Remaining Claims

Plaintiff states that the remaining claims to be tried are:

- Defamation (libel) *per se* with respect to five scenes in *When They See Us* which falsely depict Plaintiff Linda Fairstein: 1) creating, and manipulating, a timeline of attacks in Central Park to pin the rape of Patricia Meili on Yusef Salaam, Raymond Santana, Kevin Richardson, Antron McCray and Korey Wise; 2) instructing members of the NYPD minors to harshly interrogate minors in custody; 3) ordering a roundup of young Black males in the projects in Harlem; 4) concealing DNA evidence found on a semen-marked sock from defense counsel, and manipulating the timing of its testing, to advantage the prosecution; and 5) at a lunch meeting with Nancy Ryan in which Ryan tells Fairstein that she "coerced those boys into saying what they did," that Ryan "pored over [Fairstein's] confession tapes" and she "know[s] what was done." *See Fairstein v. Netflix*, No. 20-cv-8042, 2023 WL 6125631, at **14, 16, 19, 21-22, 25 (S.D.N.Y. Sept. 19, 2023). Plaintiff's libel claims are proceeding against Netflix and Ava DuVernay with respect to all five scenes. Plaintiff's libel claims are proceeding against Attica Locke with respect to the fourth scene, depicting Fairstein concealing the sock DNA evidence.

- Conspiracy to defame Plaintiff, against all three defendants. *Fairstein v. Netflix*, 2023 WL 6125631, at *29.

4

B. **Remaining Defenses**

Defendants state that the remaining defenses to be tried to the jury[1] are:

a) Plaintiff has not met her burden of proving that any of the five scenes at issue contains a statement of fact that conveys a defamatory meaning.

b) Plaintiff has not met her burden of proving that any of the five scenes at issue is materially false (not substantially true).

c) Plaintiff has not met her burden of proving that any of the Defendants acted with actual malice in writing and publishing the five scenes at issue.

d) Plaintiff has not met her burden of proving her claimed reputational and economic damages are valid and were caused by the five scenes at issue.

e) Plaintiff has not met her burden of proving that she is entitled to punitive damages.

IV. **Stipulations of Fact**

Counsel certify that they met face to face on two occasions to discuss proposed stipulations of fact. The parties exchanged several draft stipulations but could not come to an agreement with respect to any stipulations of fact and, for that reason, none are included herein

V. **Plaintiff's Witness List**

Plaintiff may call the following witnesses at trial:

1. Ava DuVernay
2. Attica Locke
3. Robin Swicord
4. Alison Engel
5. Denise Martin
6. Joanna Wolff

---

[1] Defendants reserve their right to have the Court decide the issue of whether the doctrine of incremental harm or libel proof plaintiff doctrine bar Plaintiff's claims for liability as a matter of law at the end of trial.

7. Linda Fairstein
8. Elizabeth Lederer
9. Arthur Tim Clements
10. Eric Reynolds
11. Sal Blando
12. Robert Nugent
13. Christine Ball
14. Laura Rossi
15. Ariel Zwang
16. Nelson DeMille
17. Doug Bania
18. Robert J. Fisher
19. Any witnesses identified by Defendants.
20. Any witnesses called by Defendants.
21. Any impeachment and rebuttal witnesses as necessary.
22. Any custodian of records as necessary to authenticate documents.[2]

**VI.   Plaintiff's Deposition Designations**

    **A.   Robin Swicord**

Pursuant to FRCP 32(a)(4)(C), Plaintiff intends to designate testimony from the deposition of Robin Swicord, taken on May 12, 2022, to be presented by video, at trial. Plaintiff originally designated testimony from Ms. Swicord's deposition on December 15, 2023. Plaintiff designated additional testimony from Ms. Swicord's deposition on February 11, 2024. In order to allow Defendants sufficient time to object to the amended designations and to counter-designate testimony in light of the amended designations, and to allow Plaintiff sufficient time to respond to Defendants' objections and counter-designations, the parties have agreed to submit the designations for Ms. Swicord no later than March 1, 2024.

    **B.   Netflix 30(b)(6) Testimony**

Pursuant to FRCP 32(a)(3), Plaintiff designates testimony from the Rule 30(b)(6) deposition of Joanna Wolff, dated May 25, 2022, to be presented by video at trial. *See* attached Exhibit A.

Plaintiff reserves the right to designate additional testimony in the event non-party witnesses listed on the parties' witness lists are unavailable to testify live at trial. Plaintiff's inclusion of any testimony and/or exhibit in the Swicord and Netflix 30(b)(6) deposition designations set forth in should not be construed as an admission that such testimony and/or exhibit is admissible if offered by Defendants, and Plaintiff expressly reserves the right to

---

[2] Plaintiff reserves the right to offer custodian affidavits in lieu of live witness testimony to authenticate documents produced or collected by nonparties.

object to Defendants' attempts to introduce any testimony and/or exhibit included in the Swicord and Netflix 30(b)(6) deposition designations.

VII. **Defendants' Witness List**

Defendants may call the following witnesses at trial:

1. Linda Fairstein
2. Ava DuVernay
3. Attica Locke
4. Alison Engel
5. Joanna Wolff
6. Robin Swicord
7. Berry Welsh
8. Jane Rosenthal
9. Yusef Salaam
10. Sharonne Salaam
11. Angela Cuffee Black
12. David Nocenti
13. Mickey Joseph
14. Elizabeth Lederer
15. Esther Newberg
16. Christine Ball
17. Ariel Zwang
18. Elizabeth Bradley
19. Anthony Friscia
20. Karen Pearl
21. Margery Flax
22. Donna Andrews
23. Denise Martin
24. Tony Freinberg
25. David Kaplan
26. Any witnesses identified by Plaintiff.
27. Any witnesses called by Plaintiff.
28. Any impeachment and rebuttal witnesses as necessary.
29. Any custodian of records as necessary to authenticate documents.[3]

---

[3] Defendants reserve the right to offer custodian affidavits in lieu of live witness testimony to authenticate documents produced by non-parties.

### VIII. Defendants' Deposition Designations

Pursuant to the September 27, 2023 Scheduling Order, Defendants Netflix, Inc., Ava DuVernay, and Attica Locke submit Deposition Designations for the following witness: Laura Rossi. See attached Exhibit B. Defendants reserve the right to revise, supplement, or withdraw these Deposition Designations based on the Court's rulings, Plaintiff's designations of deposition testimony, Plaintiff's witness and exhibit lists, evidence introduced at trial, or as otherwise deemed necessary. Defendants further reserve the right to play any affirmative designations as counter-designations and incorporate and play at trial the designations offered by Plaintiff. Defendants reserve the right to designate additional testimony in the event non-party witnesses listed on the parties' witness lists are unavailable to testify live at trial.

By submitting these Deposition Designations, Defendants do not waive any objections to the use of testimony and/or exhibits contained in the Deposition Designations or their subject matter. Defendants' inclusion of any testimony and/or exhibit within these Deposition Designations should not be construed as an admission that such testimony and/or exhibit is admissible if offered by Plaintiff, and Defendants expressly reserve the right to object to Plaintiff's attempts to introduce any testimony and/or exhibit included in these Deposition Designations.

### IX. Plaintiff's Trial Exhibits

See attached Exhibit C.

Plaintiff's inclusion of any exhibit on Plaintiff's Exhibit List should not be construed as an admission that such exhibit is admissible if offered by Defendants and Plaintiff expressly reserves the right to object to Defendants' attempts to introduce any exhibit included on Plaintiff's Exhibit List at trial. Plaintiff reserves the right to use graphic aids and trial demonstratives in addition to the exhibits described in Exhibit C.

Defendants reserve the right to add additional objections to Plaintiff's exhibit list to the extent Plaintiff is unable to lay a proper foundation for an exhibit. Defendants reserve the right to further object depending on how the document is offered.

### X. Defendants' Trial Exhibits

See attached Exhibit D.

Defendants' inclusion of any exhibit within Defendants' Exhibit List should not be construed as an admission that such exhibit is admissible if offered by Plaintiff, and Defendants expressly reserve the right to object to Plaintiff's attempts to introduce any exhibit included in this List. Defendants reserve the right to use graphic aids and trial demonstratives in addition to the exhibits described in Exhibit D.

Plaintiff reserves the right to add additional objections to Defendants' exhibit list to the extent Defendants are unable to lay a proper foundation for an exhibit. Plaintiff reserves the right to further object depending on how the exhibit is offered.

XI. **Damages and Other Relief Sought**

*Plaintiff's Statement*:

A. **Damages**

Plaintiff is seeking to recover the following damages at trial:

a. **Reputational harm**: Due to the false and defamatory portrayal of Plaintiff in *When They See Us*, including the marketing and promotion thereof, publicity related thereto and Defendants' statements related thereto, Plaintiff has suffered, and continues to suffer, significant injury to her reputation as i) an author, ii) an attorney; and iii) consultant, because the media, viewers and members of the public have adopted the false narrative espoused in the film series as true and incessantly attacked Plaintiff's ethics and character, resulting in all aspects of her career coming to an abrupt halt. This coincided with the premiere of *When They See Us* on May 31, 2019. Plaintiff believes that an award of damages in the range of $6,000,000 to $8,000,000 would be fair and equitable for the negative consequences she has suffered because of Defendants' malicious intent and reckless disregard for the truth in electing to portray Plaintiff in a false and defamatory manner in the Series. Plaintiff's expert Robert J. Fisher also estimated that, if Plaintiff prevails at trial, a two-year, proactive reputation repair program will cost her approximately $650,000 to $700,000.

b. **Economic Damages**: Plaintiff's expert, Doug Bania, calculated economic damages based on lost profits for Fairstein Enterprises LLC, which housed Plaintiff's publishing career. Mr. Bania concluded that, with respect to her publishing career, Plaintiff suffered economic damages in the amount of $1,371,218.00.

c. **Emotional Distress**: Plaintiff suffered humiliation and mental anguish resulting from the Series and the public backlash against Plaintiff arising from the Series, including death threats and threats of harm, being "cancelled," loss of her livelihood and constant attacks on her reputation.

d. Punitive damages.

B. **Injunctive Relief**

Because the harm from the repetitive airing of *When They See Us* is continuing in nature, Plaintiff also seeks an injunction directing Defendants to: (a) issue a public statement correcting

the false and defamatory statements concerning Plaintiff that are contained in *When They See Us* which states that the series is a "fictionalized dramatization, comprised of scenes and dialogue that never happened and were never spoken, a product of the writers' fertile imagination and desire to create a fictional villain, in Ms. Fairstein, for the public to hate, that never existed in reality"; (b) remove Episodes One, Two and Four of *When They See Us* from Netflix's streaming platform, and from any other platform, service or other medium through which the film series is, or will be, viewed; (c) edit Episodes One, Two and Four of *When They See Us* so that the false and defamatory scenes depicting Plaintiff are removed; (d) place a prominent disclaimer at the beginning of each episode which states that the series is a dramatization, is not a true story, and that the characters identified by their actual names in the film series are not truthfully depicted; (e) categorize *When They See Us* only as a TV Drama on any streaming service or other medium; (f) remove all posts from their social media accounts which refer to *When They See Us* as a true, real or fact-based story; (g) remove all posts from their social media accounts, and refrain from making posts on social media, or making public statements in the future which refer to Plaintiff as responsible for the prosecution of the Central Park Jogger case; and (h) remove from their social media accounts the posts detailed at Paragraphs 153, 155, 162-63, 171-78, 180-81, 183, 187-91, 193-95, 197 and 200-218 of the Complaint.

### C. Costs and Attorneys' Fees

Plaintiff also seeks to recover costs and attorney's fees.

***Defendants' Response:***

Defendants object to Plaintiff's requested damages including the numerous improper bases upon which she attempts to seek damages and relief. *See* Defendants' Motion *in Limine* #2: Motion to Bifurcate and Exclude References to Punitive Damages (ECF Nos. 285-287), Defendants'

Motion *in Limine* #3: Omnibus Motion Regarding Plaintiff's Purported Experts (ECF Nos. 288-292), and Defendants' Proposed Jury Instructions at Instructions 27-28 (ECF No. 332).

Dated: February 16, 2024

Respectfully Submitted,

By: /s/ *Kara L. Gorycki*

Kara L. Gorycki
Andrew T. Miltenberg
Stuart Bernstein
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com

*Attorneys for Plaintiff Linda Fairstein*

By: /s/ *Bart H. Williams*

Bart H. Williams (*pro hac vice*)
Alyson C. Tocicki (*pro hac vice*)
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Phone: (310) 284-4520
bwilliams@proskauer.com
atocicki@proskauer.com

Seetha Ramachandran
Proskauer Rose LLP
Eleven Times Square
New York, New York 11036
Phone: (212) 969-3455
SRamachandran@proskauer.com

Natalie J. Spears (*pro hac vice*)
Gregory R. Naron (*pro hac vice*)
Jacqueline A. Giannini (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Phone: (312) 876-8000
Natalie.spears@dentons.com
Gregory.naron@dentons.com
Jacqui.giannini@dentons.com

Justin N. Kattan
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700
Justin.kattan@dentons.com

*Attorneys for Defendants Netflix, Inc., Ava DuVernay and Attica Locke*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, a true and correct copy of the foregoing was served by CM/ECF on all counsel of record.

                                       /s/ *Kara L. Gorycki*
                                              Kara L. Gorycki