# EXHIBIT 1

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 4 | 6 | 4 | 7 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 6 | 20 | 7 | 7 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 11 | 10 | 11 | 15 | **Improper Designation (FRE 611)**. This is not a counter designation.<br>**FRE 402**. This testimony is irrelevant as it concerns the materials that the witness reviewed prior to her deposition. | The counter-designated testimony provides context to use of the word "crime" in 11:18-12:3, which Plaintiff has affirmatively designated. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 11 | 18 | 12 | 3 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 12 | 23 | 13 | 4 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 15 | 4 | 15 | 11 | | | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Defense Counter | 15 | 12 | 15 | 17 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 15 | 21 | 15 | 22 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff's Counter | 15 | 18 | 15 | 25 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff's Counter | 16 | 2 | 16 | 7 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 16 | 8 | 16 | 10 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 16 | 14 | 17 | 18 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 18 | 4 | 19 | 5 | | | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|-----------|-----------|---------|----------|-----------|------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 19 | 9 | 19 | 13 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 19 | 19 | 20 | 8 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 20 | 9 | 20 | 11 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 20 | 14 | 20 | 14 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 22 | 3 | 22 | 11 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 27 | 24 | 28 | 12 | | | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 28 | 17 | 28 | 23 | **28:17-20.  Lacks Personal Knowledge (FRE 602).**  The witness does not have the requisite knowledge of Ms. Fairstein's communications with Netflix.<br><br>**28:21-23. Argumentative (FRE 611), Lacks Relevance (FRE 402).** Questions about potential legal liability are argumentative, lack relevance, and are prejudicial. Also improperly calls for a legal conclusion (FRE 701). | **28:17-20**. Swicord need not have personal knowledge of Fairstein's communications with Netflix to answer this question.<br><br>**28:21-23**. The witness need not be an attorney to answer the question, which is directed at her personal feelings or concerns at the time she started working on the Series. The witness co-wrote Episode 1 of the Series with Ava DuVernay and concerns that she had about working on a film series which involved real-life individuals are relevant to the issue of whether the writers acted in reckless disregard of the truth. Swicord's concerns are relevant because she was employed by Netflix. The testimony that follows this question demonstrates that it is not argumentative. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 29 | 4 | 29 | 4 | See prior objections. | See prior response. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 29 | 5 | 29 | 6 | **Defendants' Motion in Limine 5.** This testimony relates to the contractual obligations discussed in Defendants' MIL 5 and should be excluded for the reasons outlined in the motion. | See Plaintiff's response to Defendants' Motion in Limine No. 5. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 29 | 12 | 29 | 24 | **29:12-20. Defendants' Motion in Limine 5.** This testimony relates to the contractual obligations discussed in Defendants' MIL 5 and should be excluded for the reasons outlined in the motion.<br><br>**29:15-20. Lack of Foundation (FRE 602) and Hearsay (FRE 802).** Did not lay foundation that witness communicated with others about her work on the Series or the terms of her agreement with Netflix. The testimony regarding what the witness told a friend (outside of court) regarding potential indemnification is inadmissible hearsay. | **29:5-20.** Indemnification is a relevant issue for the reasons discussed in Plaintiff's opposition to Defendants' Motion *In Limine* No. 5.<br><br>**29:15-20.** The objection that this testimony lacks foundation is waived because no objection was posed at the deposition. FRCP 32(d)(3)(B). Regardless, any objection to these lines of testimony was cured in lines 29:21-24, 30:5-25, 31:2-5, 31:9-20. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | **29:21-24.  Calls for Speculation (FRE 611) & a Legal Conclusion (FRE 701).** The question improperly calls for a legal conclusion as to what constitutes "nuisance lawsuits".  The witness's response is also speculative. | The testimony regarding what Swicord told her friend is not hearsay. FRE 801(d)(1)(A). It is also excepted from the hearsay rule. FRE803(5), FRE 804(a), 804(b)(1). <br><br> **29:21-24.** The question asks for the witness to answer in the context of what she told her friend and her personal understanding of what "nuisance lawsuits" meant. The "speculative" nature of the witness's response is not a valid objection. The question does not call for speculation. In any event, that objection is waived because no objection was made at the deposition. FRCP 32(d)(3)(B). | |
| Swicord, Robin | Plaintiff Affirmatives | 30 | 5 | 31 | 5 | **Exhibit 39 and related testimony. Hearsay (FRE 802).**  The email that is Exhibit 39 contains out-of-court statements (i.e., "They indemnified us against the nuisance lawsuit . . ." and "But for studios, that would not have been enough") offered for their truth (that Netflix indemnified the witness | The document and related testimony are not hearsay. FRE 801(d)(1). The document was offered in response to the witness's testimony that she had no concerns about getting sued for | ☐ Sustained <br><br> ☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | and that the research conducted for the Series would not have been enough for studios). | defamation when she was hired by Netflix. The document was not offered to prove that the research conducted would not have been enough for studios but rather to show that i) there were concerns about a lawsuit; and ii) the witness's response to someone questioning the accuracy of the Series. The testimony also falls within the exception to the hearsay rule. 804(b)(1). | |
| Swicord, Robin | Plaintiff Affirmatives | 31 | 9 | 31 | 23 | See above objections as to Exhibit 39.<br><br>**Defendants' Motion in Limine 5.** This testimony relates to the contractual obligations discussed in Defendants' MIL 5 and should be excluded for the reasons outlined in the motion.<br><br>**31:21-23.  Calls for Speculation (FRE 611) & a Legal Conclusion (FRE 701).** Details regarding the indemnification provision call for a legal conclusion and are outside the witness's knowledge as a lay witness. | *See* Plaintiff's opposition to Defendants' Motion *In Limine* No. 5.<br><br>See above response as to Exhibit 39.<br><br>**31:21-23** The question does not call for speculation nor does it call for a legal conclusion – it concerns the witness's experience as a writer. | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 31 | 25 | 33 | 3 | See above objections as to Exhibit 39.<br><br>**Defendants' Motion in Limine 5.** This testimony relates to the contractual obligations discussed in Defendants' MIL 5 and should be excluded for the reasons outlined in the motion.<br><br>**32:12-14. Calls for Speculation (FRE 611).** The question requires the witness to speculate as to Ms. DuVernay's view of the Series.<br><br>**32:12-33:3. Hearsay (FRE 802).** Out-of-court communications between the witness and Ms. DuVernay constitute hearsay. | *See* Plaintiff's opposition to Defendants' Motion *In Limine* No. 5.<br><br>See above response as to Exhibit 39.<br><br>**32:12-14**: The objection is waived because no objection was made at the deposition. FRCP 32(d)(3)(B). It does not call for speculation, it concerns a matter within the witness's personal knowledge.<br><br>**32:12-33:3**: This testimony is excepted from the hearsay rule. FRE 804(d)(1). | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Plaintiff Affirmatives | 33 | 9 | 38 | 17 | See above objections as to Exhibit 39.<br><br>**34:6-7. Argumentative, Vague & Ambiguous (FRE 611).** Framing the question as though there is one "true story" of the Five is argumentative. "True story" is also vague and ambiguous.<br><br>**34:14-16. Misstates Prior Testimony (FRE 611).** "Risky mission to tell the truth" misquotes the email the witness was asked to read at 33:12- | See above response as to Exhibit 39<br><br>**34:6-7**: The objection is waived because no objection was made at the deposition. FRCP 32(d)(3)(B). The question does not frame anything – it plainly asks about the series in the context of how the witness | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 14.<br><br>**33:25, 34:17-24. Improper Designations.** Improper designation of objections.<br><br>**34:14-35:4.  Asked and Answered (FRE 403).**  Counsel is re-examining the witness on a topic previously addressed at 33:17-21.<br><br>**35:23-36:13.  Calls for Speculation (FRE 611).**  Line of testimony comparing what would be required by studios vs. Netflix is speculative. | answered the previous question.<br><br>**34:14-16**: Counsel is not quoting the document in this question. The witness is being questioned about the meaning of her statement.<br><br>**34:19-24** : This is testimony. Not an objection.<br><br>**Plaintiff de-designates 34:14-35:4**<br><br>**35:23-36:13:** The objection is waived because no objection was made at the deposition. FRCP 32(d)(3)(B). The witness answered based on personal knowledge and experience. | |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 38 | 22 | 39 | 18 | **38:22-39:9. Lacks Relevance (FRE 402) and Personal Knowledge (FRE 602).** The witness's familiarity (or lack thereof) with certain Netflix employees is not relevant to any fact of consequence in this case.<br><br>**39:10-18. Hearsay (FRE 802).** The witness's out-of-court communications with Ms. DuVernay constitute inadmissible hearsay. | **38:22-39:9**- The witness's testimony that she was employed by Netflix is relevant to the issue of whether Netflix acted with actual malice. *See* Plaintiff's Opposition to Defendants' Motion *In Limine* No. 7.<br><br>**39:10-18:** This testimony is excepted from the hearsay rule. FRE 804(b)(1) | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 40 | 23 | 41 | 21 | **40:23-41:21. Hearsay (FRE 802).** The witness's out-of-court communications with Ms. DuVernay constitute inadmissible hearsay. | This testimony is excepted from the hearsay rule. FRE 804(b)(1). | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 41 | 24 | 42 | 24 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 43 | 6 | 44 | 8 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 44 | 9 | 44 | 16 | | | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 44 | 22 | 44 | 22 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 45 | 4 | 45 | 11 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 45 | 13 | 46 | 17 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 47 | 20 | 48 | 4 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 48 | 5 | 50 | 8 | **48:5-12: FRE402** the "media frenzy" and who handled it is not relevant to the statements in the five scenes at issue or any other issue in this case.<br><br>**48:13-25: FRE402** the information contained on the pages of this book is not relevant to the statements in the five scenes at issue or any other issue in this case. *See* Plaintiff's Omnibus Motion in Limine; Plaintiff's Response to Defendants' Motion in Limine No. 1<br><br>**49:2-12: FRE402** the information contained on the pages of this book is | **48:5-12:** The fact that there was a "media frenzy" driving the prosecution of the Five is relevant to the witness's understanding of Ms. Fairstein and her motives.<br><br>**48:13-25, 49:2-12, 49:13-50:8:** The witness explains at 50:2-8 precisely why certain of these pages and notations are relevant, testifying that "wherever | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | not relevant to the statements in the five scenes at issue or any other issue in this case. *See* Plaintiff's Omnibus Motion in Limine; Plaintiff's Response to Defendants' Motion in Limine No. 1<br><br>**49:13-50:8 FRE402** the information contained on the pages of this book is not relevant to the statements in the five scenes at issue or any other issue in this case. See Plaintiff's Omnibus Motion in Limine; Plaintiff's Response to Defendants' Motion in Limine No. 1 | [she] could see something that was in [Ms. Fairstein's] own words, it gave [her] a sense of the way she talked."  The fact that the witness took careful, handwritten notes on her source material also supports her credibility. | |
| Swicord, Robin | Plaintiff Affirmatives | 53 | 25 | 54 | 10 | **53:25-54:4. Lacks Personal Knowledge (FRE 602), Calls for Speculation (FRE 611).** Counsel is inquiring about interactions between Ms. DuVernay and Ms. Burns that the witness was not personally involved in.<br><br>**54:5-10.  Lacks Relevance (FRE 402).** The fact that the witness cannot recall interviews with Ms. Fairstein or Ms. Lederer is not relevant to any fact at issue in this case. |  The question concerns the witness's personal knowledge as a writer on the Series and what she knows about the Sarah Burns materials that were provided to DuVernay for the writers. The objection pursuant to FRE 611 is waived because no objection was made at the deposition. FRCP 32(d)(3)(B).<br><br>**54:5-10**: The witness's recollection, or lack thereof, about the Burns materials is relevant to her credibility. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Defense Counter | 54 | 11 | 54 | 13 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 54 | 14 | 54 | 17 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 54 | 24 | 54 | 25 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 55 | 8 | 56 | 18 | **56:7-10, 56:16-18. Calls for Speculation (FRE 611).** Counsel's questions ask the witness to speculate as to Mr. Sullivan's views of Ms. Lederer's role in the case and input on his book.<br><br>**55:15-21.  Vague and Ambiguous (FRE 611).** The question is vague as to what is meant by "key prosecutor". | **55:15-21, 56:7-10**: Defendants' objections are waived because no objection was made at the deposition. FRCP 32(d)(3)(B).<br><br>**56:7-10, 56:16-18**: The questions concern Swicord's understanding of statements made by Sullivan in his book. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 56 | 20 | 59 | 22 | See prior objections.<br><br>**As to Exhibit 49 and related testimony.  Hearsay (FRE 802).** Exhibit 49 contains out-of-court statements that are being offered for their truth, namely that Ms. Fairstein did not arrive at the precinct until after 8pm and that the NYPD moved | See prior response. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | the investigation from the Central Park stationhouse. | | |
| Swicord, Robin | Defense Counter | 59 | 23 | 60 | 16 | FRE402 the information contained on the pages of this book is not relevant to the statements in the five scenes at issue or any other issue in this case. *See* Plaintiff's Omnibus Motion in Limine; Plaintiff's Response to Defendants' Motion in Limine No. 1. | These pages and the notations on them are relevant to the witness's understanding of Ms. Fairstein's demeanor and state of mind back in 1989. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff's Counter | 60 | 17 | 60 | 23 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 60 | 24 | 60 | 25 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 61 | 6 | 62 | 6 | As to Exhibit 49 and related testimony.  Hearsay (FRE 802). Exhibit 49 contains out-of-court statements that are being offered for their truth, namely that Ms. Lederer knew the details she needed to extract (or plant) in interrogation, and that Ms. Lederer (as opposed to Ms. Fairstein) was in fact the person to do so.<br><br>Relevance (FRE 402, 403).  The witness's notations about Ms. Lederer are not relevant to any issue in this | Testimony related to Exhibit 49, and the exhibit itself, are not being offered to prove the truth of what Lederer knew but what the witness knew, understood or believed based on her reading of the Sullivan book. Even so, it is not hearsay. FRE 802(D), 803(1), 803(3), 804(b)(1), 804(3). | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | case, and the witness testified this was an early note from when she was still familiarizing herself with the case and had not yet formed an opinion about Ms. Lederer's role (61:25-62:6). Admission of this early note to herself from when Ms. Swicord was still familiarizing herself with the case would be unduly prejudicial and risks confusing and misleading the jury. | What the witness, who co-wrote and co-executive produced the Series with Ms. Duvernay, wrote and understood about Lederer while conducting research for the Series is highly probative and not at all prejudicial to defendants. The issue is straightforward and there is no risk of confusion or misleading the jury. Defendants are asking the Court to make a credibility assessment rather than determine relevance. | |
| Swicord, Robin | Plaintiff Affirmatives | 77 | 5 | 77 | 5 | **As to Exhibit 6 and related testimony.  Hearsay (FRE 802).** Certain portions of the exhibit contain out-of-court statements and are being offered for their truth (see, e.g., 81:5-15). | The exhibit, which is a compilation of the writers' research materials, is being offered to demonstrate what the witness relied on when writing the Series and what the witness believed or understood from those materials. This is also not hearsay FRE 801(d)(2)(D)(E), 803(1), 803(3), 804(b)(1), 804(3). | ☐ **Sustained** <br><br> ☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 78 | 11 | 80 | 19 | **See prior hearsay objection.** | The designated testimony is a discussion about the witness's research materials and her notation on an interview transcript.  This is not hearsay. FRE 801(d)(2)(D)(E), 803(1), 803(3), 804(b)(1) | ☐ **Sustained** <br><br> ☐ **Overruled** |
| Swicord, Robin | Plaintiff Affirmatives | 81 | 5 | 81 | 15 | **Hearsay (FRE 802).**  The designated testimony is being offered for its truth (that Raymond Santana did not know Ms. Fairstein in 1989).  This out-of-court statement is inadmissible hearsay. <br><br> **Calls for Speculation (FRE 611).**  The testimony requires the witness to speculate as to what Mr. Santana meant during his interview. <br><br> **Vague & Ambiguous (FRE 611):**  The exhibit and the examiner's question are vague as to time.  It is not clear what is meant by "the beginning".  The declarant's statement that he "didn't know her" is likewise vague - it is not clear if he meant he never was in the same room as her, never spoke to her, never was interviewed by her, or perhaps just did not know her by name. <br><br> **81:5-12.  Relevance, Prejudice (FRE 402, 403):** The designated testimony | The exhibit, which is a compilation of the writers' research materials, is being offered to demonstrate what the witness relied on when writing the Series and what the witness believed or understood from those materials. This testimony concerns the witness's understanding of a statement made in an interview transcript. FRE 801(d)(2)(D)(E), 804(b)(1). <br><br> There is no speculation required on the witness's part. The question is about what the transcript—the witness's own research source-- says. | ☐ **Sustained** <br><br> ☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | is not relevant to any issue in the case and is a waste of the jury's time. | Defendants cannot show substantial prejudice by the admission of this testimony into evidence which is highly probative of a key issue in the case—the reliability and credibility of the writers' sources. *See Fairstein v. Netflix*, 2023 WL 6125631, at *21 (S.D.N.Y. Sept. 19, 2023). | |
| Swicord, Robin | Defense Counter | 82 | 5 | 82 | 17 | **FRE 802**: This statement is hearsay because it is being offered for its truth (that Plaintiff is lying). It is also hearsay within hearsay because Mr. Santana purports to summarize Plaintiff's deposition testimony in the civil lawsuit and statements she made in an unspecified interview.<br><br>**FRE 402, 403** Mr. Santana's interpretation of statements Plaintiff allegedly made about the Five's civil lawsuit against New York City or the Burns documentary are not relevant to any issue to be tried in this case. The jury will also be confused or misled into thinking that the statements relate to what occurred in 1989. | **FRE 802:** The statement it is being offered as evidence of Mr. Santana's and Ms. Swicord's state of mind, not for truth.  It is being offered to show the effect on the listener.<br><br>**FRE 402, 403:** The research materials the writers relied on in creating the Series tend to show that Ms. Fairstein's portrayal was not false, but rather was substantially true.  The research materials likewise provide helpful context as to the writers' state of mind, which is relevant to the issue of actual malice.  The high | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | | probative value of this evidence is not substantially outweighed by any purported prejudice. | |
| Swicord, Robin | Defense Counter | 83 | 25 | 84 | 11 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 92 | 4 | 92 | 5 | **As to Exhibit 6 and related testimony. Hearsay, Double Hearsay (FRE 802).** The exhibit is being offered for its truth, including that the boys "went into the park to do some mischief" and details of the supposed acts in the park (threw rocks at a taxicab, chased a man and woman on a tandem bicycle, etc.). These out-of-court statements are inadmissible hearsay to which no exception applies. Moreover, certain portions of the designated testimony contain a second layer of hearsay where Robert Colangelo is being directly quoted. | Exhibit 6 is not being offered as evidence of the truth of what occurred in 1989 and, accordingly is not subject to the hearsay rule. It is being offered as evidence of the source materials that the witness relied upon when writing the Series and what the witness understood or believed based on those source materials. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 92 | 8 | 94 | 12 | **94:3-7. Hearsay (FRE 802).** As noted above, this exhibit is being offered for its truth, that "Chief of Detectives Robert Colangelo was providing details to the public about the Central Park jogger case". The fact that this exhibit is being offered for truth is evident in Plaintiff's own response to | It is clear from the question being posed to the witness that she is being asked about her understanding of the article as a research source – she is asked | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | this designation – that "[t]his particular source shows that the NYPD and Colangelo were reporting on the timing of the attacks."<br><br>**93:8-94:7. Relevance (FRE 402).** An article discussing information Robert Colangelo provided on the Central Park jogger case is not relevant to the portrayal of Ms. Fairstein in the Series.<br><br>**94:8-12. Relevance, Prejudice (FRE 402/403).** The fact that Linda Fairstein's name does not appear in a single article in a binder that is over 500 pages is not probative of any fact that matters in this litigation.  The designated testimony is meant to mislead the jury into believing she had no involvement in the case at all, which is not true.  Allowing Plaintiff to draw this inference based on a single document would unfairly prejudice Defendants. | "according to the article."<br><br>The article is relevant to the timeline scene and the witness's and Ms. DuVernay's assertion that they believed Plaintiff was responsible for creating a timeline of attacks at the precincts in 1989. This particular source shows that the NYPD and Colangelo were reporting on the timing of the attacks. This is directly relevant to the credibility of the witness in stating that she believed Plaintiff was responsible for the timeline when her sources stated otherwise. *See Fairstein v. Netflix*, 2023 WL 6125631, at *2 (S.D.N.Y. Sept. 19, 2023) ("In some instances, the research attributes these actions to other individuals by name.")<br><br>The fact that Plaintiff's name does not appear in an article from April 21, | |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 1989 which discusses the timing of the attacks is probative of what the writers' knew, believed and understood about her involvement in the case, and creating a timeline, in the days after the multiple attacks in Central Park, including the attack on Ms. Meili.<br><br>Defendants' assertion that the presentation of this evidence to the jury improperly draws an inference that Plaintiff was not involved in the Central Park Jogger case at all is nonsensical, particularly since it is not being offered for the truth of its contents but what the writers knew about who created the timeline of attacks in April 1989. Plaintiff is not required to present every page of the Defendants' research to the jury. | |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 95 | 17 | 96 | 18 | **Hearsay (FRE 802) and Relevance, Waste of Time (FRE 402/403).** This document and testimony are being offered for the truth of the out-of-court statements contained therein, namely, that Aaron H. Rosenthal was leading the NYPD investigation.  In any event, Counsel's reading of the passage into the record without a substantive question is not evidence.<br><br>**Relevance (FRE 402).**  An article regarding Robert Colangelo is not relevant to the portrayal of Ms. Fairstein in the Series. | An article from 1989, relied upon by the writers as a research source when creating the Series, which states that an NYPD Chief was leading the Central Park Jogger investigation is highly probative of what the witness knew, believed and understood about the investigation of the attacks in Central park, particularly since Defendants have incorrectly asserted throughout this litigation that they believed that Plaintiff led the investigation of the Central Park Jogger case. The article is not being offered to prove the truth of what occurred in 1989 and, accordingly, is not hearsay. Any notes written by the witness are not hearsay. FRE 801(d)(2)(D)(E), 803(1), 803(3). The testimony also falls within an exception to hearsay. FRE 804(b)(1) | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | There is a question posed to the witness – whether she sees the language in the article that is being read into the record so that she can answer questions about a particular passage. | |
| Swicord, Robin | Plaintiff Affirmatives | 96 | 22 | 98 | 3 | See prior objections.<br><br>**96:22-97:8. Relevance, Waste of Time (FRE 402/403).** Counsel's reading of the passage into the record without a substantive question is not evidence.<br><br>**97:9-16. Hearsay (FRE 802).** This testimony is being offered for the truth of the out of court statements contained therein, namely Aaron Rosenthal's role in the investigation.<br><br>**97:17-98:2. Relevance, Prejudice (FRE 402/403).** The fact that Linda Fairstein is not referenced as a spokesperson for the D.A.'s Office in a single article in a binder that is over 500 pages is not probative of any fact that matters in this litigation. The designated testimony is meant to mislead the jury into believing she had no involvement in the case at all, which is not true. Allowing Plaintiff to draw this inference based on a single | An article from 1989, relied upon by the writers as a research source when creating the Series, which states that an NYPD Chief was leading the Central Park Jogger investigation is highly probative of what the witness knew, believed and understood about the investigation of the attacks in Central park, particularly since Defendants have incorrectly asserted throughout this litigation that they believed that Plaintiff led the investigation of the Central Park Jogger case. The article is not being offered to prove the truth of what occurred in 1989 and, accordingly, is not hearsay. Any notes written by the witness | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|------------------------|---------|
| | | | | | | article would unfairly prejudice Defendants. | are not hearsay. FRE 801(d)(2)(D)(E), 803(1), 803(3). The testimony also falls within an exception to hearsay. FRE 804(b)(1)<br><br>There is a question posed to the witness – whether she sees the language in the article that is being read into the record so that she can answer questions about a particular passage.<br><br>Whether or not reporting from 1989 referenced Plaintiff, including as a spokesperson for the D.A.'s office, is highly probative of the writers' understanding of Plaintiff's role in the Central Park Jogger case, based on their own source materials.<br><br>Defendants' assertion that the presentation of this evidence to the jury improperly draws an inference that Plaintiff was not involved in the Central Park Jogger case | |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|------------------------|---------|
| | | | | | | | at all is nonsensical, particularly since it is not being offered for the truth of its contents but what the writers knew about Plaintiff's involvement in the Central Park Jogger case. Plaintiff is not required to present every page of the Defendants' research to the jury. | |
| Swicord, Robin | Plaintiff Affirmatives | 98 | 7 | 98 | 7 | **See prior objections.** | See objections above. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 98 | 12 | 98 | 19 | **As to Exhibit 6 and related testimony. Hearsay (FRE 802).** The article being discussed is being offered for the truth of the matters asserted therein, including that: Ms. Fairstein oversaw 500 to 700 cases per year; Elizabeth Lederer was the prosecutor in the Central Park Jogger case; and  Ms. Lederer went to the stationhouse moments after the jogger's body was discovered.  These out-of-court statements constitute inadmissible hearsay and should be excluded. | This article, from Defendants' source materials, is not hearsay. It is being offered to show what the witness knew, believed and understood about Plaintiff's responsibilities as the head of the Sex Crimes Unit, Ms. Lederer's role, including at the start of the D.A.'s investigation, and Ms. Fairstein's role in the Central Park Jogger case. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 98 | 23 | 99 | 12 | **See prior objection.**<br><br>**99:2-12.  Relevance, Waste of Time (FRE 402/403).**  Counsel's reading of the passage into the record without a substantive question is not evidence. | See objection above.<br><br>The witness is being asked whether she can identify a specific passage in the article about which she is being questioned. | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Plaintiff Affirmatives | 99 | 16 | 101 | 23 | **See prior objection.**<br><br>**99:22 – 100:11. Relevance, Waste of Time (FRE 402/403).**  Counsel's reading of the passage into the record without a substantive question is not evidence.<br><br>**100:5-11, 100:16-19, 101:15-23. Relevance (FRE 402).**  Elizabeth Lederer is not a party to this lawsuit, and as such, her role in the investigation lacks relevance, and articles pertaining to her role in the investigation are not probative of the role plaintiff played.<br><br>**100:20-101:14.  Relevance, Waste of Time (FRE 402/403).**  This is not testimony. | This article, from Defendants' source materials, is not hearsay. It is being offered to show what the witness knew, believed and understood about Plaintiff's responsibilities as the head of the Sex Crimes Unit, Ms. Lederer's role, including at the start of the D.A.'s investigation, and Ms. Fairstein's role in the Central Park Jogger case.<br><br>The witness is being asked whether she can identify a specific passage in the article about which she is being questioned.<br><br>This is testimony which shows the witness's familiarity with the article. | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 102 | 3 | 103 | 13 | **See prior hearsay objection as to Exhibit 6 and related testimony.**<br><br>**101:18-23. Relevance, Waste of Time (FRE 402/403).** Counsel's reading of the passage into the record without a substantive question is not evidence.<br><br>**Relevance, Confusion of the Issues (FRE 402/403).** Elizabeth Lederer is not a party to this lawsuit, and as such, her role in the investigation lacks relevance, and articles pertaining to her role in the investigation are not probative of the role plaintiff played.<br>In addition, admitting this article would only serve to confuse the jury. As Ms. Swicord testified, this article "seems confused" and she would have "disregarded" it in her research. | See prior responses to Defendants' hearsay objections- the writers' research materials are being offered in that capacity and not as evidence of what happened in 1989.<br><br>This is a question that directs the witness to a particular passage in the article so that the witness can answer subsequent questions.<br><br>Ms. Lederer's role in the Central Park Jogger case, and what the writers' source materials said about that issue is highly probative of the writers' knowledge, beliefs and understanding of Ms. Fairstein's role. *See Fairstein v. Netflix*, 2023 WL 6125631, at *2 (S.D.N.Y. Sept. 19, 2023) (noting that research materials attribute actions of police and prosecutors to individuals other than Ms. Fairstein by name). | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Whether the witness would have "disregarded" the article is relevant to her understanding, knowledge and belief about the information contained in her source materials. It is also relevant to the witness's credibility. | |
| Swicord, Robin | Plaintiff Affirmatives | 103 | 20 | 103 | 25 | **As to Exhibit 6 and related testimony. Hearsay, Double Hearsay (FRE 802).** The article being discussed is being offered for the truth of the matters asserted therein, namely that "the lead prosecutor said publicly that the rape of the jogger took place at 10:05, following the muggings near the reservoir." In fact, that statement includes a second layer of hearsay, as the article is reporting on what was "said" back in 1989. | The article being discussed is not being offered for the truth of what occurred in 1989 but as evidence of what the witness, who co-wrote the Series with Ms. DuVernay, knew, believed and understood about the Central Park Jogger case, the timeline and the attribution of that timeline to police and Ms. Lederer. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 104 | 2 | 104 | 4 | **See prior objections.** | See response above. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 104 | 13 | 104 | 14 | **See prior objections.** | See response above. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 104 | 16 | 104 | 24 | **See prior objections.** | See response above. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 106 | 6 | 107 | 12 | **106:6-14.  See prior objections.**<br><br>**107:2-12.  Relevance, Waste of Time (FRE 402/403/611).**  The witness's need to review materials to refresh her recollection about specific details is not relevant to any issue in this case and is a waste of the jury's time. | See response above.<br><br>The witness's failure to recall the details of her writing of the timeline scene is relevant to her credibility. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 107 | 17 | 109 | 25 | **As to Exhibit 6 and related testimony. Waste of Time, Hearsay (FRE 403/611/802).**  The article being discussed is being offered for the truth of the matters asserted therein, namely that the Ryan Affirmation did not identify any prosecutors by name and that Nancy Ryan did not criticize the work of any prosecutors in the Ryan Affirmation.  Counsel's reading of hearsay into the record is improper and a waste of time. | The article—from the writers' source materials---is being offered to prove what the witness knew, believed or understood about the Plaintiff's involvement in the Central Park Jogger case and more specifically the scene in which Nancy Ryan is depicted accusing Plaintiff of coercing confessions. The source being discussed speaks directly to this issue. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 110 | 2 | 110 | 15 | **As to Exhibit 6 and related testimony. Waste of Time, Hearsay (FRE 403/611/802).**  The article being discussed is being offered for the truth of the matters asserted therein, | The article being discussed is not hearsay because it is not being offered to prove what happened in 1989. It is | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | namely that NYPD provided the public with the chronology of attacks in Central Park in 1989.  Counsel's reading of hearsay into the record is improper and a waste of time. | being offered to prove what the witness, who co-wrote the timeline scene with Ms. DuVernay, knew, believed or understood with respect to the creation of a timeline in 1989 in the days following the attacks in Central Park. | |
| Swicord, Robin | Plaintiff Affirmatives | 111 | 4 | 111 | 21 | **See prior objection.** | See response above. | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Defense Counter | 112 | 9 | 112 | 12 | | | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Defense Counter | 112 | 24 | 112 | 25 | | | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Defense Counter | 113 | 3 | 113 | 5 | | | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Defense Counter | 114 | 11 | 114 | 17 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 114 | 18 | 114 | 23 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 115 | 17 | 116 | 12 | **FRE 402/403**<br>Thoughts on the structure of the Series, which were later abandoned, are not relevant to any issue to be tried in this action. The witness's reference to "standard process" is more prejudicial than probative because it will mislead the jury into thinking that the writers of the Series were following standard practices. | The designated testimony provides helpful context to the writers' room process, which is in turn relevant to the writers' state of mind and actual malice. A writers' room is a standard practice; nothing about this testimony is misleading. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 116 | 13 | 117 | 23 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 119 | 12 | 119 | 19 | | | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Defense Counter | 121 | 4 | 122 | 14 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff's Counter | 122 | 15 | 124 | 15 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 127 | 6 | 128 | 16 | **Confuses the Issues/Misleads the Jury (FRE 403) and Lacks Foundation (FRE 602).** Plaintiff's questions assume without foundation that there is a vertical ranking structure or hierarchy between Ms. Fairstein as head of the sex crimes unit of the Manhattan DA's office and the detectives at the precinct, and risks misleading the jury into believing that this is the case and that Ms. Swicord had an obligation to research this issue. | The objection pursuant to FRE 602 has been waived because it was not asserted at the deposition. FRCP 32(d)(3)(B).<br><br>The witness is asked what she believed at the time she was writing the Series about Ms. Fairstein's authority over police and prosecutors at the precinct house. The witness put this in issue by stating that Ms. Fairstein was in the "highest position of authority." There is no reference, or even an implication, that the witness had to do anything. This testimony is highly probative of the witness's beliefs about | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | | who was in charge of the Central Park Jogger "investigation." *Fairstein v. Netflix*, 2023 WL 6125631, at *18 (S.D.N.Y. Sept. 19, 2023). | |
| Swicord, Robin | Plaintiff Affirmatives | 130 | 6 | 130 | 7 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 130 | 16 | 131 | 3 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 132 | 13 | 133 | 5 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 133 | 6 | 133 | 16<br>(Stop at "female victims") | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 133 | 22 | 135 | 8 | **134:6-17. Lacks Personal Knowledge, Hearsay (FRE 602/FRE 802).** The designated testimony seeks to use the exhibit for the truth of the matter asserted therein, namely that Hartigan was a homicide detective or cop and would not have known Ms. Fairstein well. The witness testifies that she does not know where these | The exhibit and testimony are offered as evidence of what the writers discussed in the writers room. Here, the notes being asked about concern the writers' understanding of whether a "Key Character" in the Series, | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| | | | | | | notes came from and does not recall any discussions about this. | John Hartigan would have known Plaintiff well. The questioning concerns the witness's personal knowledge- what her understanding was at the time. Her answers go to her credibility. | |
| Swicord, Robin | Plaintiff Affirmatives | 135 | 16 | 135 | 16 | | | ☐ Sustained ☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 135 | 19 | 136 | 5 | **135:24-136:5.  Relevance, Waste of Time (FRE 402/403).** The witness's inability to recall asking Ms. Baker for a timeline is not relevant to any issue in the case, and the document speaks for itself. | The document speaks for itself is not a proper objection.  The witness's lack of recollection as to her own email goes to credibility. | ☐ Sustained ☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 136 | 15 | 137 | 9 | | | ☐ Sustained ☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 149 | 2 | 149 | 6 | **Compound, Vague (FRE 611).** Witness is asked both about the entire scene and a particular aspect of that scene in the same question.  It is unclear what "scene" the question is referring to, particularly since the witness testifies earlier that only elements of the story line she drafted eventually | The question is not compound, it provides context for the witness to answer. The witness clearly understands the question. See Plaintiff's counter designations, below. | ☐ Sustained ☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | became a scene in part one of the script (148:5-8), and this question proceeds to ask whether "some iteration of that scene" made its way into the final cut of the series, evidently using the term "scene" differently from the witness's earlier use.  The use of the term "some iteration of that scene" is also vague and ambiguous. | | |
| Swicord, Robin | Plaintiff's Counter | 143 | 21 | 143 | 22 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff's Counter | 144 | 25 | 145 | 9 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff's Counter | 147 | 3 | 149 | 6 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 149 | 8 | 150 | 6 | **As to 149:8-9. See prior objection.** | The witness clearly understands the question. | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Defense Counter | 150 | 7 | 150 | 12 | This is not testimony because the witness is not answering a question that was posed. | Plaintiff's affirmative designation was incomplete and this counter-designation contains the remainder of the witness's response | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|------------------------|---------|
| | | | | | | | to the question at 149:10-13.  *See* FRE 106/611. | |
| Swicord, Robin | Plaintiff Affirmatives | 150 | 13 | 150 | 15 | | | ☐ Sustained <br><br> ☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 150 | 17 | 150 | 20 | | | ☐ Sustained <br><br> ☐ Overruled |
| Swicord, Robin | Defense Counter | 150 | 21 | 151 | 5 | FRE 402/FRE 403 – Whether the police conducted a sweep of Harlem is not relevant to whether Plaintiff ordered a discriminatory canvass of Harlem. This testimony will confuse the jury. | Whether the police conducted a sweep of Harlem is relevant to both substantial truth and actual malice.  The designated testimony relates to what the witness believed and the sources underlying that belief. | ☐ Sustained <br><br> ☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 151 | 6 | 151 | 10 | | | ☐ Sustained <br><br> ☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 151 | 17 | 151 | 17 | | | ☐ Sustained <br><br> ☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 151 | 22 | 153 | 2 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 158 | 8 | 158 | 12 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 158 | 18 | 159 | 13 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 159 | 15 | 159 | 23 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 159 | 25 | 164 | 22 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 164 | 25 | 165 | 19 | **165:6-19.  Relevance (402).**  What an "assistant District Attorney working for the Manhattan D.A.'s office in 1989 would typically do at a police precinct" is not relevant to the portrayal of Ms. Fairstein in the Series.  Ms. Swicord previously responded (164:18-22) that the timeline was something she thought Ms. Fairstein would have been doing, | This line of questioning is probative of the basis for the witness's knowledge, understanding and belief as to Plaintiff's authority. | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|-------------------------|---------|
| | | | | | | not some unidentified assistant District Attorney. | | |
| Swicord, Robin | Plaintiff Affirmatives | 165 | 21 | 166 | 12 | **Lacks Personal Knowledge, Hearsay (FRE 602/802).** The witness lacks personal knowledge as to the scope of law enforcement experience of the relatives of other individuals in the room (see 166:5-7), and any knowledge she has is necessarily based on hearsay. | The witness is being asked what she knew and what the writers relied on when researching the Series, not what someone said. | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Plaintiff Affirmatives | 167 | 7 | 168 | 10 | | | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Plaintiff Affirmatives | 168 | 15 | 171 | 14 | **168:22-169:4. Lacks Personal Knowledge (FRE 602).** Witness would not have personal knowledge of what Ms. Locke was doing at the time she sent the email.<br><br>**170:5-10. Mischaracterizes Prior Testimony (FRE 611).** Witness previously testified that there were two timeline scenes, but questions refer to "the scene." | The witness has personal knowledge as to why she sent the email to Ms. Locke.<br><br>The witness understands, and answers, the question as "one of the scenes" she was thinking of. The witness previously testified that the two timeline scenes are interrelated, portraying Plaintiff. Swicord Tr. 160:8-14. | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---|---|---|---|---|---|---|---|---|
| Swicord, Robin | Plaintiff Affirmatives | 171 | 19 | 174 | 4 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 174 | 10 | 176 | 2 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 176 | 4 | 176 | 24 | **As to 176:7-20. Hearsay (FRE 802).** the questions seek to use the out-of-court statements in the exhibit for the truth of the matter asserted therein, namely that the witness interpreted Mr. Wise and the D.A.'s processes. | This is not hearsay. The witness is testifying about her own notes and her research for the Series. Exhibit 11 is not being offered for the truth of the statements contained in the Wise transcript.<br><br>This exhibit is not hearsay. FRE 801(d)(2)(D), (E). The exhibit also falls within a number of exceptions to the hearsay rule. FRE 803(1), 803(3), 804(b). | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 177 | 4 | 177 | 4 | | | ☐ Sustained<br><br>☐ Overruled |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|-----------|-----------|----------|----------|------------|------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 177 | 7 | 182 | 14 | **177:16-180:9. Hearsay (FRE 802).** The designated testimony seeks to use the out-of-court statements in the exhibits for the truth of the matter asserted therein, namely that the witness "retro engineer"-ed what happened from the videotaped statements, and for the time of Mr. McCray's interrogation.<br><br>**179:17-19, 180:22-181:7. Lacks Personal Knowledge (FRE 602).** The witness does not have personal knowledge of Mr. McCray's and Ms. Fairstein's whereabouts in 1989, and can only testify to the results of her research. | **177:16-180:9**: This is not hearsay. The witness is testifying about an email that she wrote about her research  for the Series. Exhibit 12 is not being offered for the truth of any statements made by the Five.<br><br>This exhibit is not hearsay. FRE 801(d)(2)(D), (E). The exhibit also falls within a number of exceptions to the hearsay rule. FRE 803(1), 803(3), 804(b).<br><br>**179:17-19, 180:22-181:7**: The line of questioning here concerns what the witness understood from her research—based on her own written statements in Exhibit 20. | ☐ **Sustained**<br><br>☐ **Overruled** |
| Swicord, Robin | Plaintiff Affirmatives | 182 | 17 | 183 | 3 | **182:25-183:3. Lacks Personal Knowledge (FRE 602).** The witness is being asked to testify to Fairstein's and third parties' actions and knowledge, as to which she lacks personal knowledge. | The line of questioning here concerns what the witness understood from her research—based on her own written statements | ☐ **Sustained**<br><br>☐ **Overruled** |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|-----------|-----------|---------|---------|-----------|------------------------|---------|
| Swicord, Robin | Plaintiff Affirmatives | 183 | 5 | 183 | 18 | **See prior objection.** | The line of questioning here concerns what the witness understood from her research—based on her own written statements | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 183 | 25 | 184 | 3 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 184 | 7 | 185 | 7 | | | ☐ Sustained<br><br>☐ Overruled |
| Swicord, Robin | Plaintiff Affirmatives | 185 | 14 | 186 | 10 | **185:14-186:10. Hearsay (FRE 802).** The designated testimony seeks to use the out-of-court statements in the underlying exhibit for the truth of the matter asserted, namely that showing the Fairstein character with tears made her too sympathetic to Ava and as evidence of how Ms. DuVernay wanted to portray Ms. Fairstein.<br><br>**186:2-10. Assumes Facts Not in Evidence (FRE 611).** Assumes that Ms. DuVernay edited the draft in | The testimony concerns notes that the witness received from DuVernay on her draft script and what her understanding was of those notes.<br><br>The question is asking whether the notes concerned edits-the witness clarifies that they are notes as opposed to edits. | |

Deposition of Robin Swicord, taken on June 12, 2022

| Witness | Designation | Start Page | Start Line | End Page | End Line | Objections | Responses to Objections | Rulings |
|---------|-------------|------------|------------|----------|----------|------------|--------------------------|---------|
|         |             |            |            |          |          | question, which in fact she did not (and the witness corrected her on this). | The objection pursuant to FRE 611 is waived because it was not made at the deposition. FRCP 32(d)(3)(B). |         |
| Swicord, Robin | Plaintiff Affirmatives | 192 | 24 | 193 | 7 | **Lacks Personal Knowledge (FRE 602).** The witness does not have personal knowledge of Ms. Fairstein's legal proceedings. | The questions concern the witness's personal knowledge about Ms. Fairstein. | ☐ Sustained<br><br>☐ Overruled |