UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LINDA FAIRSTEIN,

                Plaintiff,

                                                  20-cv-8042 (PKC)

        -against-                                  ORDER ON SEALING

NETFLIX INC., AVA DUVERNAY and
ATTICA LOCKE,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Seven motions for sealing and redaction are pending in this case. (ECF 238, 258, 271, 279, 375, 380, 385.) Familiarity with the parties and issues in this case is assumed.

        The parties have voluntarily withdrawn the motions docketed as ECF 238, 380 and 385, and those motions will be terminated. (See ECF 408.)

        The remaining motions are directed to exhibits filed in connection with the parties' various in limine motions. The proposed sealings and redactions are narrowly tailored to protect the privacy interests of non-parties, or else seek to apply the Court's Order on Sealing of September 21, 2023 (the "September Order") to documents filed in connection with the parties' motions in limine. The motions will be granted.

LEGAL STANDARD.

        A three-step analysis governs whether a filing may be submitted under seal or with redaction. First, a court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, it

identifies and weighs factors "that legitimately counsel" against public access. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if, among other reasons, the privacy interests of the party resisting disclosure outweigh the presumption of access. Id.

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013).

"[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). "Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." Id. The sealing motions here are all addressed to submissions filed in connection with the parties' in limine motions, and therefore are not afforded the higher presumption of access given to dispositive motions or trial materials.

Courts must consider the "nature and degree of the injury" if information is publicly disclosed. Mirlis, 952 F.3d at 61. Redaction may be appropriate to protect confidential information. United States v. Amodeo, 71 F.3d 1044, 1047-48 (2d Cir. 1995) ("Amodeo II"). The privacy interests of third parties "should weigh heavily in a court's balancing equation."

S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).  Such privacy interests "are a venerable common law exception to the presumption of access." Amodeo II, 71 F.3d at 1051.  When a movant can persuasively explain why disclosure would cause it "financial harm," its "interest in protecting confidential business information" can outweigh the presumption of access.  Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind., 347 Fed. App'x 615, 617 (2d Cir. 2009) (summary order).

DISCUSSION.

1. The Motion of Non-Party Penguin Random House LLC ("Penguin") (ECF 375).

Non-party Penguin Random House LLC ("Penguin") moves to maintain under seal a letter agreement with Fairstein dated June 7, 2019 (the "Letter Agreement").  As described by Penguin, the Letter Agreement contains "confidential and highly commercially sensitive" terms about as-yet-unpaid advances for future books by Fairstein that Penguin opted to no longer publish.  (Dobson Dec. ¶¶ 3-4 (ECF 377).)  Penguin states that there is no standard practice in the publishing industry for the handling of unpaid advances, and that public disclosure of these terms would give Penguin's competitors "valuable insights" into Penguin's practices, as well as provide other authors with negotiating advantages in the event that Penguin terminates an author relationship in the future.  (Dobson Dec. ¶¶ 4-5.)

The Letter Agreement is two pages in length, and it identifies sums to be paid to Fairstein as advances for future books that Penguin would no longer publish.  (ECF 379-1 (under seal).)  These figures also appeared in the expert report of Doug Bania submitted by plaintiff, the rebuttal expert report of David Kaplan submitted by defendants, the parties' memoranda on three motions in limine and an email from Penguin to Fairstein's agent.  At the Final Pretrial Conference of April 3, 2024, the Court ruled that Bania and Kaplan would be precluded from

testifying, for reasons unrelated to the contents of the Letter Agreement. (See 4/3/24 Tr. at 102-05, 110-12 (ECF 410).)

The Court concludes that the Letter Agreement and the parties' filings referencing its terms are judicial documents, but that they are not afforded the highest presumption of public access associated with dispositive motions and trial materials. See Mirlis, 952 F.3d at 59; Brown, 929 F.3d at 50. The declaration of Allison Dobson, who is the president of Penguin Publishing Group, has explained the risk of harm arising from public access, including competitive harm within the publishing industry and potential effects on future author negotiations. Weighing these harms to a non-party against the presumption of access afforded to these materials, the Court concludes that the continued sealing and redaction of these documents is appropriate, and Penguin's motion will be granted.

2. Fairstein's Motion to Redact or Seal Penguin's Confidential Information and Materials Covered by the Court's September 2023 Order (ECF 258).

The September Order decided the parties' motions to seal numerous exhibits filed in connection with the parties' summary judgment motions. (See ECF 217.) Fairstein moves to maintain sealing and redaction as to more recent filings that incorporate information subject to sealing under the September Order, as well as to maintain sealing and redaction of exhibits referencing information contained in the Letter Agreement between Fairstein and Penguin. (ECF 258.) In essence, Fairstein moves to apply both the September Order and Penguin's motion for sealing to documents filed in connection with her motions in limine.

For the reasons set forth in the September Order and in this Order's discussion of Penguin's motion, this motion will be granted.

3. Fairstein's Motion to Redact Identifying Information
Pertaining to a Non-Party (ECF 271.)

Fairstein moves to maintain redactions as to a non-party's contact information. (ECF 271.) In addition, she seeks to redact portions of emails that this non-party wrote to Fairstein, in which the non-party made certain suggestions about Fairstein's public image. (ECF 273-1, -2, -3 (under seal).) Fairstein does not move to redact her own responses.

The public interest in disclosure of the non-party's contact information is low and her privacy interest is high. Similarly, there is a low public interest in this non-party's suggestions to Fairstein, and the non-party has a privacy interest in her personal communications to Fairstein. Because the non-party's privacy interests outweighs the presumption of public access, Fairstein's motion will be granted.

4. Defendants' Motion to Redact (ECF 279).

Like Fairstein, defendants move to maintain sealing and redaction to materials reflecting the terms of the Letter Agreement between Fairstein and Penguin. For the reasons previously discussed, this motion will be granted.

Defendants separately move to redact names and contact information contained in two email chains produced by non-party Vassar College. (ECF 281-9, -10 (under seal).) The emails involve alumni complaints about Fairstein's position on the school's board of trustees. (Id.) Defendants do not seek to redact the contents of the emails. Because the privacy interests of these non-party individuals outweighs the presumption of public access, the motion to maintain the redactions to these documents will be granted.

Lastly, for the reasons explained in the September Order addressing the same document (see ECF 217 at 8), DuVernay's agreement with Storybuilders, LLC may be filed under seal.

CONCLUSION.

The motions docketed at ECF 238, 380 and 385 are voluntarily withdrawn, and the Clerk is respectfully directed to terminate these motions.

The parties' remaining motions to seal are GRANTED. The Clerk is respectfully directed to terminate the motions. (ECF 258, 271, 279, 375.)

SO ORDERED.

P. Kevin Castel  
United States District Judge

Dated: New York, New York  
       May 21, 2024