# ATTACHMENT A

**DEFENDANTS' REVISED PROPOSED INSTRUCTION NO. 3:**

**Preliminary Instructions—Case Background and Overview**

The case before you involves the four part mini-series When They See Us, released on Netflix on May 31, 2019. I'll refer to When They See Us as the "Series." The Series dramatizes the experiences of five teenagers who were labeled in the press as "The Central Park Five" in 1989 in a case involving the rape of a female jogger in Central Park. Depending on how old you are, you may or may not remember that case. The five then-teenagers, now men, are named Korey Wise, Antron McCray, Kevin Richardson, Raymond Santana and Yusef Salaam. For efficiency only, and with all respect, I will refer to them as the "Five" or the "Five teenagers". The Series is a dramatization of the Five's experiences set over a period several years, beginning just prior to the events of April 19, 1989 and continuing through their efforts to resume their lives following their release from prison, and then after their convictions were vacated when a serial rapist named Matias Reyes came forward to claim sole responsibility for the rape of the jogger in 2002. Now I will tell you a little about the parties to this case.

The Plaintiff is Linda Fairstein. Ms. Fairstein was an Assistant District Attorney in New York for 30 years and was the head of the Manhattan District Attorney's Sex Crimes Unit at the time of the Five's arrests and prosecutions. The Sex Crimes Unit prosecuted and secured the convictions of the Five in connection with the rape of the Jogger. Ms. Fairstein retired from the District Attorney's Office in 2002 and became a crime fiction novelist. Linda Fairstein is played in the Series by actress Felicity Huffman.

Ms. Fairstein has sued three Defendants in this case. (1) Netflix, which is the streaming service that released When They See Us; (2) Ava DuVernay, the director and one of the writers

and producers of the Series; and (3) Attica Locke, one of the writers and co-producers of the Series.

Ms. Fairstein filed this lawsuit against the Defendants claiming that she was defamed based on certain aspects of her portrayal in the Series. Defendants deny that Ms. Fairstein's portrayal amounts to defamation.

During the course of this trial, you will view each of the four episodes in the Series. There are several scenes in the Series featuring Ms. Fairstein. Ms. Fairstein claims five of these Scenes defamed her and are at issue in this case:

Scene 1: creating a timeline of the attacks in the park;

Scene 2: instructing police regarding a canvass of Harlem;

Scene 3: instructing police to interrogate the teenagers in custody;

Scene 4: discussing DNA evidence found on a sock, with ADA Lederer and DA Morgenthau; and

Scene 5: discussing the reinvestigation and vacatur of the Five's convictions with ADA Nancy Ryan at lunch.

I will refer to these as the "Challenged Scenes."

There are Scenes other than the Challenged Scenes in the Series that also feature Ms. Fairstein. Those scenes are not the basis for Ms. Fairstein's claims in this case.

Before we begin to hear the evidence, I would like to give you a brief overview of some of the legal issues that will arise in this case. After you have heard all of the evidence and the parties have made their closing arguments, I will give you detailed instructions of law that will displace these preliminary comments and will govern your deliberations. But for now, it may be

useful to give you a quick overview of some, but not all, of the issues in this case, to help focus your evaluation of the evidence.

In order to prevail on her claim of defamation, Ms. Fairstein will need to prove as to each Challenged Scene, among other things, that the statements at issue in the Challenged Scene:

1) Were defamatory, which means that they tended to expose her to ridicule, disgrace, contempt, or public hatred; and

2) Were statements of fact that were materially false, which is to say, not substantially true; and

3) If she proves these first two elements, Ms. Fairstein, in order to prevail on her claim, must also prove with clear and convincing evidence that at the time the Series was published the Defendants either knew that the statements were false and defamatory, or that the Defendants had serious doubts as to the truth of the statements.

Finally, Ms. Fairstein will have to prove damages that resulted only from the statements in the Challenged Scenes as to which she has proven all the elements of her defamation claim. Please be sure to remember that this preliminary instruction is simply a brief overview of some of the issues that will arise in this case. At the start of your deliberations, I will give you more detailed, final instructions that will replace this overview and will govern your deliberations.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the Plaintiff will present her case through witness testimony and documentary or other evidence. Next, the Defendants will have an opportunity to present their case. Plaintiff may then present rebuttal evidence. After all the evidence is

introduced, the lawyers will then make closing arguments, and I will instruct you on the law that applies to this case.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.


Authority: N.Y. Pattern Jury Instr.—Civil 3:23, 3:24; 5 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions— 5th Cir. Pattern Instructions, Civil ¶ 1.2 (Preliminary Instructions to Jury); *Fairstein v. Netflix, Inc.*, 553 F. Supp. 3d 48 (S.D.N.Y. 2021); *Fairstein v. Netflix, Inc.,* 20-cv-8042, 2023 WL 6125631 (S.D.N.Y. Sept. 19, 2023); *Palin v. N.Y. Times Co.,* 1:17-cv-04853 (S.D.N.Y.), Court's Prelim. Instr. to the Jury, Feb. 3, 2022 Tr. at 74:8–77:6.