

| | | |
|---|---|---|
| Ira S. Nesenoff<br>Andrew T. Miltenberg<br>Stuart Bernstein<br>_____<br>Tara J. Davis<br>Gabrielle M. Vinci<br>Christine Brown<br>Kara L. Gorycki | Barbara H. Trapasso<br>Adrienne D. Levy<br>Regina M. Federico<br>Ben Goldstein<br>Kristen Mohr<br>Helen Setton<br>Jordan Tuchman | Susan E. Stark<br>Julie A. Sacks<br>Kimberly Courtney<br>Nicole Hoehle<br>*Senior Litigation Counsel*<br><br>Marybeth Sydor<br>*Title IX Consultant* |

ATTORNEYS AT LAW
**nmllplaw.com**

June 2, 2024

**BY EMAIL**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

      Re:    *Fairstein v. Netflix, Inc.* **Case No. 20-cv-08042(PKC)**
              **Response to Defendants' Request for Pre-Trial Ruling on**
              **Proposed Preliminary Instructions**

Dear Judge Castel:

      As you are aware, the undersigned represents Plaintiff Linda Fairstein ("Plaintiff") in the above-referenced action. Trial is scheduled to commence on June 10, 2024. We hereby respond to Defendants' submission of revised preliminary instructions for the jury. ECF No. 423.

      Defendants previously filed Proposed Jury Instruction Numbers 3 and 4 (ECF No. 332, at 8-12),[1] to which Plaintiff objected (ECF No. 372, at 6-9). Plaintiff incorporates her previously stated objections herein.[2]

      At the April 3, 2024 Pre Trial Conference, the Court stated a preference for delivering the charge to the jury "in more manageable pieces." 4/3/24 Hrg. Tr. at 124:1-3. However, the Court noted that preliminary instructions would not "get to the elements of the cause of action" but rather be confined to "what is and is not evidence and circumstantial evidence and burden of proof and things like that." *Id.* at 4-8. Defendants ignore this approach and request that the Court give a lengthy, preliminary instruction that will only serve to confuse the jury by adopting Defendants' view of the case, referring to terms such as "substantial truth" and "clear and convincing evidence" without defining their meaning, and misstating the facts and the law. ECF No. 423-1. The purported "revised" instruction merely combines Defendants' previous Preliminary Instruction

---

[1] The pagination cited herein refers to the ECF pagination at the top of the page of each document.
[2] Plaintiff previously objected to giving a preliminary instruction prior to opening statements but hereby withdraws that objection. *See* ECF No. 372, at 7.



Numbers 3 and 4, and is rife with the same legal and factual errors as the previously submitted instructions. *See* ECF No. 372, at 6-9.

Defendants' revised, preliminary instruction includes two erroneous instructions on the law that Plaintiff respectfully submits may best be resolved prior to trial.

*First*, Defendants' revised, preliminary instruction states that Plaintiff is required to prove that Defendants knew that the five scenes at issue were defamatory. ECF No. 423-1, at 4. As fully set forth in Plaintiff's brief in response to Defendants' Proposed Jury Instructions, this is not a required element of Plaintiff's libel claims and the jury should not be so instructed. ECF No. 372, at 8, 16-18.

*Second*, Defendants' revised, preliminary instruction mistakenly asserts that "Ms. Fairstein will have to prove damages that resulted *only* from the statements in the Challenged Scenes as to which she has proven all the elements of her defamation claim." ECF No. 423-1, at 4 (emphasis added). Plaintiff has asserted claims for libel *per se*, for which damages are presumed if the jury finds that at least one of the five scenes is defamatory. As set forth in the commentary to New York's Pattern Jury Instructions, in "[c]ases where damages are presumed, unless defendant establishes a complete defense…a person who has been defamed is entitled a*s a matter of law* to some award of damages." *Id.* at p. 3 (emphasis added). This includes "cases involving public officials and public figures where the defamation takes the form of libel on its face…because constitutional malice is a part of plaintiff's prima facie case which thus permits the state to award presumed or punitive damages without proof of actual harm." *Id.* Thus, if Plaintiff proves that a defendant acted with actual malice with respect to one particular scene, she will be entitled to damages. She need not prove that the scene—which is *per se* libelous—is the *sole* cause of her injury. *See* ECF No. 372, at 8-9, 20-21. N.Y. PJI 3:29 (allowing jury to award damage ranging from "one dollar, if you decide there was no injury, to a substantial sum if you decide the injury was substantial" for harm "caused by the defendant's statement.")

Plaintiff is not opposed to the Court giving the jury a basic, impartial overview of the case, the scenes that are at issue or even a correct definition of the basic elements of a defamation claim if the Court deems this to be appropriate. We have annexed a proposed preliminary instruction to this correspondence for the Court's consideration. *See* Exhibit 1.

Respectfully Submitted,

/s/ *Kara L. Gorycki*
Kara L. Gorycki

cc: All Counsel

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400