# KLINGEMAN CERIMELE
## ATTORNEYS

100 Southgate Parkway
Suite 150
Morristown, NJ 07960

klingemanlaw.com

June 2, 2024

**BY ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

    **Re:** *Fairstein v. Netflix, Inc., et al.*
           **Case No. 20-cv-08042 (PKC)**

> The Final Pre-Trial Order is amended to delete Stuart Bernstein as Trial Counsel and insert Henry Klingeman in his place.  In submitting any further request for electronic devices, please explain why laptops are required for these three associate attorneys.  Should this be the rule for each of the 7 trial attorneys?  Each is entitled to a laptop for 3 attorneys, a total of 28 laptops not including paralegals and evidence technicians?
> SO ORDERED.
> Dated: 6/3/2024
>
> P. Kevin Castel
> United States District Judge

Dear Judge Castel:

    I write to supplement my May 31, 2024 submission (ECF No. 421) regarding Plaintiff Linda Fairstein's Motion to Amend the Final Pre-Trial Order to list me as trial counsel for Ms. Fairstein.

    Understandably, this Court has directed that trial counsel be identified in the Final Pre-Trial Order, presumably so the Court is aware of the identity of trial counsel and so trial counsel commits to preparing and presenting the case. Should the Court permit me to serve as trial counsel, I would simply be replacing another named attorney (Stuart Bernstein) when I am ready, willing, and able to do so. Given my background and experience, the Court may have confidence that I will fulfill my obligations to the Court and Ms. Fairstein.

    The Court states in its May 31 Order that "the Final Pre-Trial Order may only be modified to 'prevent a manifest injustice.'" (ECF No. 420). I respectfully submit that this application meets that standard for the reasons set forth below and based on my Certification as an officer of the court. (ECF No. 421).

    *Helena Associates, LLC v. EFCO Corp.,* No. 06CIV0861 (PKL), 2009 WL 2355811, at *2-3 (S.D.N.Y. July 29, 2009), sets forth a useful summary of the relevant principles:

    Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, the parties' pretrial order can be modified "only to prevent manifest injustice." Fed.R.Civ.P. 16(e). This Circuit's case law indicates that a District Court has significant discretion in determining how to apply this directive. *See, e.g., HBE Leasing Corp. v. Frank,* 22 F.3d 41, 45 (2d Cir. 1994) ("A trial court is given broad discretion in managing a trial, and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order." (internal citations omitted)); *Clark v. Pennsylvania R.R. Co.,* 328 F.2d 591, 594 (2d Cir. 1964) ("[I]t is a fundamental principle of pre-

trial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable."); *Santrayll v. Burrell,* No. 91 Civ.3166, 1998 U.S. Dist. LEXIS 586, at *7-8 (S.D.N.Y. Jan. 22, 1998) ("'Motions to reopen or to modify a pre-trial order are addressed to the sound discretion of the trial judge'" (quoting *Bradford Trust Co. v. Merrill Lynch Fierce, Fenner, and Smith, Inc.,* 805 F.2d 49, 52 (2d Cir.1986))). The Second Circuit "review[s] a trial court's decision to amend or modify a pretrial order for abuse of discretion." *Potthast v. Metro–North R.R. Co.,* 400 F.3d 143, 153 (2d Cir.2005) (citing *RAPCO, Inc. v. Comm'r,* 85 F.3d 950, 953 (2d Cir.1996); *Dunlap–McCuller v. Riese Org.,* 980 F.2d 153, 158 (2d Cir.1992)).

In determining whether a proposed amendment or modification to a pre-trial order is appropriate, the District Court must balance "the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." *Laguna v. Am. Exp. Isbrandtsen Lines, Inc.,* 439 F.2d 97, 101 (2d Cir.1971) (internal citations omitted). "Rule 16 was not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pre-trial papers and the course of litigation; instead, it was intended to insure the efficient resolution of cases and, most importantly, minimize prejudicial surprise." *Lamborn v. Dittmer,* 873 F.2d 522, 527 (2d Cir.1989)); *Cruz v. United States Lines Co.,* 386 F.2d 803, 804 (2d Cir.1967) ("A pre-trial order is not a straitjacket.").

Several factors are relevant to the District Court's determination of whether the pre-trial order should be amended, including:

(1) the prejudice or surprise in fact to the opposing party;

(2) the ability of the party to cure the prejudice;

(3) the extent of disruption of the orderly and efficient trial of the case; and

(4) the bad faith or willfulness of the non-compliant party.

*Helena Assocs., LLC.,* No. 06CIV0861 (PKL), 2009 WL 2355811, at *3 (citing *Potthast,* 400 F.3d at 153; *RAPCO,* 85 F.3d at 953). Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result. *Id.*

Accordingly, a trial court will typically amend the pre-trial order when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *S.E.C. v. U.S. Env't, Inc.,* No. 94 CIV.6608 (PKL)(AJ, 2002 WL 31357809, at *2 (S.D.N.Y. Oct. 17, 2002) (citing Fed.R.Civ.P. 16 advisory committee's note).

In evaluating whether prejudice to the opposing side will flow from allowing amendment, the Court must consider "whether the amendment is sought in the midst of trial or on the eve of trial." *Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc.,* No. 89 Civ. 6284, 1992 U.S. Dist.

LEXIS 2390, at *3 (S.D.N.Y. Mar. 4, 1992) (internal citations omitted). Because the primary purpose of Rule 16 is to minimize prejudicial surprise during trial (*see Lamborn,* 873 F.2d at 527), however, even an amendment sought at the last minute due to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party. *See, e.g., Finnish Fur.,* 1992 U.S. Dist. LEXIS 2390, at *4 (allowing amendment to party's factual allegations in the pre-trial order at "the eleventh hour" where party's lack of diligence is balanced against the absence of any significant prejudice to the opposing party).

This authority should be considered in conjunction with Ms. Fairstein's right to counsel, as "[i]t is well settled that a party in a civil action has the "right to freely choose his [or her] own counsel."" *Hempstead Video, Inc. v. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir.2005) (quoting *Government of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978)); *see also Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791 (2d Cir.1983); *Board of Education v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979).

Applied to this case, the above-referenced factors each militate in favor of permitting me to act as trial counsel:

(1) There is no prejudice or surprise in fact to the opposing parties, which have known of and have accommodated my involvement since the April 3, 2024 pre-trial conference.

(2) In the absence of prejudice, there is no prejudice to cure.

(3) There will be no disruption of the orderly and efficient trial of the case, as explained in more detail below.

(4) There was no bad faith or willfulness by Ms. Fairstein's counsel in the preparation of the Pre-Trial Order, with regard to the identification of counsel and otherwise. The Pre-Trial Order was submitted to the Court prior to my appearance in the case and, given the many other complicated issues and substantial obligations faced by counsel as trial draws near, it occurred to no one to ask the Court to add my name and remove Mr. Bernstein's.

As previously stated, prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result. *Potthast,* 400 F.3d at 153 (citing *RAPCO,* 85 F.3d at 953). As explained below, there will be substantial prejudice to Ms. Fairstein if I am not permitted to participate as trial counsel.

Attempts to change a pre-trial order usually occur during trial, not before, when changes to the final pre-trial order can disrupt the trial. Here, that is not the case. Specifically, changes typically relate to the admission of contested evidence not previously addressed, or the controversial testimony of witnesses not previously addressed, or disputed legal theories not previously addressed—which changes prompt material alterations to the trial presentation or digressive disputes over legal issues that inconvenience the jury, any of which interfere with the orderly trial planned by the Court via the final pre-trial order. These types of changes—and resulting consequences—are not at issue here.

There will be no disruption to Ms. Fairstein's preparation if I serve as trial counsel. There will be significant disruption to her preparation if I cannot, however, which contributes to manifest injustice, as I have been diligently preparing since the Final Pre-Trial Conference on April 3, 2024 and now—suddenly and one week before trial—my colleagues would have to assume responsibility for my tasks, in addition to their own.

Recognizing me as trial counsel is but a nominal change to the Final Pre-Trial Order. There will be no impact on the Court's intent or ability to conduct an orderly trial, as contemplated by the Final Pre-Trial Order, if I serve as trial counsel. There will be significant impact if I am not, however, as my co-counsel will have to perform my trial tasks, which are significant (opening statement; closing argument; questioning several key witnesses, including the individual defendants), as well as their own, which change in responsibility contributes to manifest injustice.

Fundamentally, Ms. Fairstein's choice of trial counsel is an element of the process due to her. There are no material countervailing considerations. In the time that I have been involved, I have formed a close and trusted attorney-client relationship with Ms. Fairstein and am advising her with respect to all aspects of the case and representation.

As soon as I was asked by Ms. Fairstein to serve as trial counsel, I submitted my Notice of Appearance (ECF. No. 403) and I appeared on the record at the Final Pre-Trial Conference on April 3, 2024 (ECF Minute Entry 04/03/2024). Accordingly, both the Court and counsel for the Defendants have been aware of my participation. (Indeed, I was one of two attorneys for Ms. Fairstein who met informally with Your Honor in the robing room after the Final Pre-Trial Conference.) Additionally, I have participated in "meet & confer" conferences with all counsel and otherwise worked with all counsel to get this case ready for trial on June 10, 2024, without objection or concern.

For all of these legal and practical reasons, I respectfully request that I be permitted to participate as trial counsel for Plaintiff Linda Fairstein and that the Court "so order" it in supplementation of the Final Pre-Trial Order.

Thank you for Your Honor's thoughtful consideration.

Respectfully submitted,

/s/ Henry E. Klingeman

Henry E. Klingeman, Esq.
**KLINGEMAN CERIMELE, ATTORNEYS**
100 Southgate Parkway, Suite 150
Morristown, New Jersey 07960

c: All counsel (via ECF)